UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Matthew A. Ragan, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Advanta Corp., Dennis Alter, Max Botel, Dana Becker Dunn, Ronald Lubner, William A. Rosoff, Phillip M. Browne, Paul Jeffers and Does 1-10,<br><br>Defendants. | Civil Action No.: 2:09cv04974-CMR |
| Paula Hiatt, as a representative of the Advanta Corp. Employee Stock Ownership Plan and the Advanta Corp. Employee Savings Plan, and on behalf of a class of similarly situated participants in the Plans,<br><br>Plaintiff,<br><br>v.<br><br>Advanta Corp., Dennis Alter, Max Botel, Dana Becker Dunn, Ronald Lubner, William A. Rosoff, Phillip M. Browne, Paul Jeffers and John Does 1-10<br><br>Defendants. | Civil Action No.: 2:09cv05467-CMR |

[additional caption follows]

**REVISED PRETRIAL ORDER NO. 1 CONSOLIDATING CASES,
APPOINTING INTERIM CLASS COUNSEL
AND ESTABLISHING PRETRIAL PROCEDURES**

| | |
|---|---|
| Pamela G. Yates and Joann Claflin, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>William A. Rosoff, Michael A. Stolper, Dennis Alter, Max Botel, Dana Becker Dunn, Ronald Lubner, Advanta Corp. Employee Savings Plan Administrative Committee, Paul Jeffers, Philip M. Browne, and John Does 1-20,<br><br>Defendants. | Civil Action No.: 2:09cv5746-CMR |

**WHEREAS**, the above-captioned actions (the "ERISA Actions") allege breaches of fiduciary duties by Advanta Corporation and its participating subsidiaries and affiliates ("Advanta" or the "Company") and related ERISA fiduciaries (collectively, "Defendants"), on behalf of participants in, and beneficiaries of, the Advanta Corp. Employee Stock Ownership Plan (the "ESOP Plan") and the Advanta Corp. Employee Savings Plan (the "ESP Plan") (collectively the "Plans"), established as a benefit for the Company's employees; and

**WHEREAS**, appointment of Interim Class Counsel and a case management plan for class actions is appropriate and consistent with the Federal Rules of Civil Procedure and the recommendations of the *Manual for Complex Litigation* (4th ed. 2004) and FED. R. CIV. P. 23(g);

**NOW, THEREFORE, THE COURT ORDERS** as follows:

### I.   CONSOLIDATION OF SUBSEQUENT OR TRANSFERRED ACTIONS

When a case that arises out of the same operative facts as the ERISA Actions is hereinafter filed in or transferred to this Court, it is hereby consolidated pursuant to FED. R. CIV.

2

P. 42(a). The ERISA Actions shall be hereinafter referred to as *In re: Advanta Corp. ERISA Litigation*, Case No. 09-CV-04974.

When a case that arises out of the same operative facts as this action is hereinafter filed in or transferred to this Court, the Clerk of this Court shall:

    (a)    File a copy of this Order in the separate file for such action;

    (b)    Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

    (c)    Make the appropriate entry in this action.

The Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this litigation.

## II.    APPLICATION OF THIS ORDER TO SUBSEQUENT CASES

This Order shall apply to each class action assigned to the undersigned alleging claims similar to those set forth in these actions and brought on behalf of participants in or beneficiaries of the Plans. This Order shall apply to each such case which is subsequently filed in or transferred to this Court and which is assigned to the undersigned, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within ten (10) days after the date on which the Clerk mails a copy of this Order to the counsel of that party. The provisions of this Order shall apply to such action pending the Court's ruling on the application.

## III.    APPOINTMENT OF INTERIM CLASS COUNSEL

The Court designates Barroway Topaz Kessler Meltzer & Check, LLP to act as Interim Class Counsel for the Plaintiffs in this action and all subsequently filed, related actions consolidated herewith, with the responsibilities hereafter described.

3

Interim Class Counsel shall have the authority over the following matters on behalf of plaintiff and the putative class in this action:

(a) directing, coordinating, and supervising the prosecution of plaintiff's claims in the action, including the drafting and filing of an Amended Class Action Complaint (the "Amended Complaint"), the briefing of any motion(s) to dismiss by any defendant(s), as well as any class certification motion and any matters pertaining thereto;

(b) initiating and conducting discovery, including, without limitation, coordinating discovery with defendants' counsel, preparing written interrogatories, requests for admissions, and requests for production of documents;

(c) directing and coordinating the examination of witnesses in depositions;

(d) retaining experts;

(e) communicating with the Court;

(f) communicating with defense counsel; and

(g) conducting settlement negotiations.

No motion shall be initiated or filed on behalf of any plaintiff in this action except through Interim Class Counsel.

Service of pleadings and other papers by defendants shall be made only upon Barroway Topaz Kessler Meltzer & Check, LLP, who is authorized and directed to accept service on behalf of plaintiffs in this action and any later actions that may be consolidated herewith.

Barroway Topaz Kessler Meltzer & Check, LLP is appointed Interim Class Counsel for the putative plaintiff class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure in the above-captioned case.

## IV. SCOPE OF ORDER

The terms of this Order shall not have the effect of making any person, firm or entity a party to any action in which he, she, or it has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure. The terms of this Order and the consolidation ordered herein shall not constitute a waiver by any party of any claims or defenses to any action.

## V. PRELIMINARY SCHEDULE OF PROCEEDINGS

On March 19, 2010, the parties executed a Stipulation and Order Regarding Case Management in the consolidated ERISA Action ("Stipulation") which was faxed to the Court. The Stipulation, including the Preliminary Schedule of Proceedings set forth therein, is hereby incorporated and adopted in this Order. In particular, the following preliminary schedule applies:

ERISA Plaintiffs will file a Consolidated ERISA Complaint forty five (45) days after the entry of this Order, assuming receipt of the production of core ERISA documents and information pursuant to ERISA § 104(b)(4) described in paragraph A.2 of the Stipulation by thirty (30) days after entry of this Order. The Consolidated ERISA Complaint shall be the operative complaint and shall supersede all complaints filed in any of the ERISA Actions consolidated herein. Pending filing and service of the Consolidated ERISA Complaint, Defendants shall have no obligation to move, answer, or otherwise respond to the initial complaints in the ERISA Actions or any complaint in ERISA cases subsequently consolidated. However, if a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, each Defendant shall have sixty (60) days from the date the Court grants such permission within which to answer, plead or otherwise move with respect to that complaint.

Defendants shall have sixty (60) days from the filing and service of the Consolidated ERISA Complaint to move, answer or otherwise respond. ERISA Plaintiffs shall have forty-five (45) days to oppose any dispositive motion brought by Defendants directed at the Consolidated ERISA Complaint. The Defendants shall have another thirty (30) days to file and serve any reply. Additionally, ERISA Plaintiffs need not file a motion for class certification within the time period prescribed in Local R. Civ. P. 23.1(c). Following Defendants' answer to the Consolidated ERISA Complaint or the Court's denial of Defendants' motion to dismiss the Consolidated ERISA Complaint, whichever occurs first, counsel for the ERISA Plaintiffs and Defendants shall meet and confer and provide the Court with a fulsome proposed pre-trial schedule, including the date by which ERISA Plaintiffs will move for class certification.

SO ORDERED, this ~~4th~~ day of ~~March~~ June, 2010

Honorable Cynthia M. Rufe
United States District Judge