Fax Server                3/19/2010 4:40:27 PM   PAGE   4/016   Fax Server

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEAMFITTERS LOCAL 449 PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>ADVANTA CORP., DENNIS ALTER, WILLIAM A. ROSOFF, PHILIP M. BROWNE and DAVID B. WEINSTOCK,<br><br>        Defendants. | CIVIL ACTION NO.: 2:09-cv-04730-CMR *file*<br><br>**FILED**<br>JUN 04 2010<br>MICHAEL E. KUNZ, Clerk<br>By_____Dep. Clerk |
| MATTHEW A. RAGAN, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>ADVANTA CORP., DENNIS ALTER, MAX BOTEL, DANA BECKER DUNN, RONALD LUBNER, WILLIAM A. ROSOFF, PHILLIP M. BROWNE, PAUL JEFFERS and DOES 1-10,<br><br>        Defendants. | CIVIL ACTION NO.: 2:09-cv-04974-CMR X |

[*additional captions follow*]

**STIPULATION AND ORDER**
**REGARDING CASE MANAGEMENT**

| | |
|---|---|
| PAULA HIATT, as a representative of the Advanta Corp. Employee Stock Ownership Plan and Advanta Corp. Employee Savings Plan, and on behalf of a class of similarly situated participants in the Plans,<br><br>Plaintiff,<br><br>v.<br><br>ADVANTA CORP., et al,<br><br>Defendants. | CIVIL ACTION NO.: 2:09-cv-05467-CMR |
| PAMELA G. YATES and JOANN CLAFLIN, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM A. ROSOFF, MICHAEL A. STOLPER, DENNIS ALTER, MAX BOTEL, DANA BECKER DUNN, RONALD LUBNER, ADVANTA CORP. EMPLOYEE SAVINGS PLAN ADMINISTRATIVE COMMITTEE, PAUL JEFFERS, PHILIP M. BROWNE, and JOHN DOES 1-20,<br><br>Defendants. | CIVIL ACTION NO.: 2:09-cv-05746-CMR |

Plaintiffs in the above-captioned matters (collectively, "Plaintiffs"), together with the individual Defendants in the above-captioned matters (collectively, the "Individual Defendants"), hereby submit this stipulation regarding coordination of certain discovery in the above-captioned actions. Plaintiffs and the Individual Defendants are collectively referred to as "the Parties." In support of this Stipulation, the Parties state and agree as follows:

WHEREAS, currently pending in this District are three actions alleging breaches of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA"): *Ragan v. Advanta Corp. et al.*, No. 2:09-cv-04974-CMR; *Hiatt v. Advanta Corp. et al.*, No. 2:09-cv-05467-CMR; and *Yates v. Rosoff, et al.*, No. 2:09-cv-05746-CMR. All three actions (collectively, the "ERISA Actions") involve common questions of law and fact, and name certain common Defendants, including fiduciaries of the Advanta Corp. Employee Stock Ownership Plan and the Advanta Corp. Employee Savings Plan (collectively, the "Plans");

WHEREAS, also pending in this District is an action for violations of federal securities laws against defendants Dennis Alter, William A. Rosoff, Philip M. Browne and David B. Weinstock captioned *Steamfitters Local 449 Pension Fund v. Advanta Corp. et al.*, No. 09-cv-4730-CMR (the "Securities Action");

WHEREAS, an automatic stay of proceedings against Advanta Corp. ("Advanta") is in effect pursuant to 11 U.S.C. § 362(a) (*Ragan* Dkt No. 5);

WHEREAS, Advanta is a defendant in only the *Ragan* ERISA Action pending the Court's decision on the Rule to Show Cause issued on December 15, 2009 (*Ragan* Dkt. No. 18) for which a response was filed by ERISA Plaintiffs on December 29, 2009 (*Ragan* Dkt. No. 22);

WHEREAS, on November 24, 2009, Plaintiffs Matthew A. Ragan and Paula Hiatt (the "Ragan/Hiatt Plaintiffs") filed their Motion for Entry of [Proposed] Pretrial Order No. 1 Consolidating Cases, Appointing Interim Class Counsel and Establishing Pretrial Procedures for the ERISA Actions (the "Ragan/Hiatt Motion");

WHEREAS, on December 9, 2009, Plaintiffs Pamela G. Yates and Joann Claflin (the "Yates/Claflin Plaintiffs") filed their Opposition to the Ragan/Hiatt Motion (the "Yates/Claflin

Motion"), but subsequently withdrew the Yates/Claflin Motion on February 11, 2010, and now fully support the Ragan/Hiatt Motion;

WHEREAS, on December 14, 2009, the Western Pennsylvania Electrical Employees Pension Fund filed a motion for appointment as lead plaintiff and for approval of its selection of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") in the Securities Action, which motion is unopposed;

WHEREAS, on January 7, 2010, the Individual Defendants in the ERISA Actions and Securities Action filed a motion in response to both the Ragan/Hiatt Motion and the Yates/Claflin Motion, styled as a Motion to Consolidate the above-captioned actions ("Individual Defendants' Consolidation Motion") (Dkt. No. 23). In their motion, which was filed in all four of the above-captioned cases, Defendants seek to consolidate the ERISA Actions with the Securities Action;

WHEREAS, Plaintiffs in the ERISA Actions have not yet filed a response to the Individual Defendants' Consolidation Motion, but maintain that the ERISA Actions should be consolidated separately from the Securities Action;

WHEREAS, Plaintiffs in the Securities Action maintain that consolidation of the ERISA and Securities Actions together is inappropriate;

WHEREAS, the Parties acknowledge that the PSLRA's statutory stay of discovery imposed in the Securities Action is not applicable to the ERISA Actions. However, the ERISA Plaintiffs and the Individual Defendants acknowledge that courts have discretion to stay or defer discovery in ERISA litigation, and the parties believe some level of coordination of discovery in the Consolidated ERISA Action and Securities Action (requiring deferment of certain discovery

in the Consolidated ERISA Action) is appropriate to the extent feasible to avoid unnecessary duplication or burden;

WHEREAS, upon execution of this Stipulation, the Individual Defendants will withdraw the pending Individual Defendants' Consolidation Motion in all actions, and Plaintiffs in the ERISA Actions will submit to the Court a revised [Proposed] Pretrial Order No. 1, which consolidates the ERISA Actions only and incorporates and adopts this Stipulation which sets forth a case management schedule and plan for coordination of discovery between the ERISA Actions and Securities Action;

WHEREAS, the Individual Defendants are not opposed to the entry of the revised [Proposed] Pretrial Order No. 1;

WHEREAS, Advanta takes no position on this Stipulation;

NOW THEREFORE, the Parties respectfully submit the following proposed case management plan:

A. **Preliminary Schedule of Proceedings for the Consolidated ERISA Action Only**

1. To the extent not already produced by Advanta, upon execution of this Stipulation by the Parties, the Individual Defendants shall produce to the ERISA Plaintiffs documents in the Individual Defendants' possession that constitute core ERISA documents and information pursuant to ERISA § 104(b)(4), 29 U.S.C. § 1104(b), including: governing Plan documents from January 1, 2006 to the present, including the master Plan Document for the Plans, Summary Plan Descriptions for the Plans, Summaries of Material Modification created since the Plans' most recent operative versions became effective, the Plans' Internal Revenue Service/Department of Labor ("DOL") Form 5500s and Securities and Exchange Commission ("SEC") Form 11(k)s during the same time period, the Plans' annual reports, and any other bargaining agreement, trust agreement, contract or other instrument under which the Plans and/or any related defined

contribution plan are established or operated, as well as documents sufficient to identify named fiduciaries of the Plans, including the committee(s) charged with operating or administering the Plans, and documents describing or establishing the powers and duties of such committee(s), and any investment policy(s) governing investment of Plan assets. The Individual Defendants make no representations that any such documents are in their possession.

2.     ERISA Plaintiffs will file a Consolidated ERISA Complaint forty five (45) days after the entry of the revised [Proposed] Pretrial Order No. 1, assuming receipt of the production of core ERISA documents and information pursuant to ERISA § 104(b)(4) described above in paragraph 1 by thirty (30) days after entry of the revised [Proposed] Pretrial Order No. 1. The Consolidated ERISA Complaint shall be the operative complaint and shall supersede all complaints filed in any of the ERISA Actions consolidated herein. Pending filing and service of the Consolidated ERISA Complaint, the Individual Defendants shall have no obligation to move, answer, or otherwise respond to the initial complaints in the ERISA Actions or any complaint in ERISA cases subsequently consolidated. However, if a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, each Individual Defendant shall have sixty (60) days from the date the Court grants such permission within which to answer, plead or otherwise move with respect to that complaint.

3.     The Individual Defendants shall have sixty (60) days from the filing and service of the Consolidated ERISA Complaint to move, answer or otherwise respond. ERISA Plaintiffs shall have forty-five (45) days to oppose any dispositive motion brought by Defendants directed at the Consolidated ERISA Complaint. The Individual Defendants shall have another thirty (30) days to file and serve any reply. Additionally, ERISA Plaintiffs need not file a motion for class certification within the time period prescribed in Local R. Civ. P. 23.1(c). Following the

Individual Defendants' answer to the Consolidated ERISA Complaint or the Court's partial or complete denial of the Individual Defendants' motion to dismiss the Consolidated ERISA Complaint, whichever occurs first, counsel for the ERISA Plaintiffs and Individual Defendants shall meet and confer and provide the Court with a fulsome proposed pre-trial schedule, including the date by which ERISA Plaintiffs will move for class certification and the deadline for the completion of class certification discovery.

4.  Notwithstanding the provisions of this Section A, ERISA Plaintiffs and the Individual Defendants shall conduct discovery during the pendency of any motion to dismiss the Consolidated ERISA Complaint as provided below.

**B.   Discovery on ERISA-Specific Issues**

1.  Beginning immediately after entry of the revised [Proposed] Pretrial Order No. 1, and pending a decision on the Individual Defendants' anticipated motion to dismiss the Consolidated ERISA Complaint ("Individual Defendants' Motion to Dismiss the Consolidated ERISA Action"), the parties shall engage in ERISA-specific discovery and class certification discovery, as defined below in paragraph B.2. The discovery described below in paragraph B.2 shall be directed to the Individual Defendants, to the extent relevant, and to relevant non-parties.

2.  ERISA-specific discovery and class certification discovery shall be limited to document requests and directed to parties and non-parties regarding the Plans (including their establishment, administration, maintenance and operation); the governing documents of the Plans; communications to participants regarding the Plans; identification of the fiduciaries of the Plans (including the committee(s) charged with operating or administering the Plans); the activities of the Plans' fiduciaries with respect to the Plans; the selection and monitoring of the Plans' investment options, including offering Advanta stock as an investment option; the Plans' reporting, including its periodic reports and filings with regulatory agencies such as the DOL and

the SEC; the trust agreement(s) for the Plans; activities related to the Plans by the entities which provided services to the Plans or its fiduciaries, including but not limited to, the Trustee and the auditor of the Plans; the number of participants of the Plans who held or owned beneficial interests in Advanta stock through the Plans; and the schedules of purchases, sales and holdings of shares of Advanta stock by the Plans and individual participants.

3. If a dispute arises about whether certain discovery is "ERISA-specific," or relates to ERISA class certification, the Parties shall confer in good faith to resolve the dispute. If the Parties are unable to resolve the dispute, they will raise it with the Court.

4. Nothing in this Stipulation shall be construed as a modification of any other scheduling orders entered in the Securities Action.

C. **Timeline And Sequential Framework For Non-ERISA-Specific Document Discovery If A Stay Of Discovery Is In Place In The Securities Action**

1. Non-ERISA specific document discovery in the Consolidated ERISA Action shall not commence until after (a) the conclusion of ERISA-specific and ERISA class certification discovery, and (b) a decision has been rendered either completely or partially denying the anticipated Individual Defendants' Motion to Dismiss the Consolidated ERISA Action.

2. If discovery in the Securities Action is still stayed pursuant to the PSLRA after the conclusion of ERISA-specific and ERISA class certification discovery and denial of Defendants' Motion to Dismiss the ERISA Action, the Parties shall coordinate non-ERISA-specific document discovery, defined as all discovery not listed in Paragraph B.2. above, with discovery in the Securities Action as follows:

(a) **Document discovery:**

(i) The parties in the Consolidated ERISA Action may propound their first request for non-ERISA-specific documents and interrogatories ("Non-ERISA Document Discovery"), notwithstanding the PSLRA discovery stay in the Securities Action.

(ii) Responses to Non-ERISA Document Discovery shall be due the earlier of (a) sixty days after service of such discovery, or (b) on the day the stay of discovery in the Securities Action is lifted.[1] The Individual Defendants reserve the right to move the Court to extend the Non-ERISA Document Discovery stay beyond the aforementioned sixty day period if the stay of discovery in the Securities Action has not yet been lifted upon expiration of the sixty day period. ERISA Plaintiffs similarly reserve their right to oppose any such motion by the Individual Defendants. The Parties may also enter into a stipulation jointly extending the stay of Non-ERISA Document Discovery beyond the sixty day period discussed above.

(iii) If the first day the stay of discovery is lifted in the Securities Action occurs prior to the lapsing of 30 days from service of Non-ERISA Document Discovery, then responses to the Non-ERISA Document Discovery shall be due within 30 days of their service.

(iv) The above provisions shall have no effect on the commencement of document discovery in the Securities Action.

(v) If discovery has not yet begun in the Securities Action when Non-ERISA Document Discovery commences in the Consolidated ERISA Action, any discovery produced in the Consolidated ERISA Action shall be governed by a protective order to be entered into by the parties in the Consolidated ERISA Action.

---

[1] The PSLRA's "stay of discovery" is imposed only "during the pendency of any motion to dismiss" and automatically lifts when the Court denies the motion to dismiss. 15 U.S.C. §78u-4(b)(3)(B).

### D. Framework For Non-ERISA-Specific Document Discovery If A Stay Of Discovery Has Been Lifted In The Securities Action

If discovery has commenced in the Securities Action prior to non-ERISA Document Discovery beginning in the Consolidated ERISA Action, the Individual Defendants shall:

- Serve the ERISA Plaintiffs with copies of any requests for production of documents served in the Securities Action within five (5) days of such service;

- The ERISA Plaintiffs shall thereafter have twenty-five (25) days to serve a notice joining in such requests and to serve any additional document requests; and

- Defendants shall concurrently produce to ERISA Plaintiffs all documents that Defendants produce in the Securities Action.

### E. Timeline And Sequential Framework For Deposition Discovery In The Consolidated ERISA Action And Securities Action

1. Deposition discovery shall not commence in the Consolidated ERISA Action any earlier than the lifting of the discovery stay in the Securities Action or dismissal of the Securities Action. However, ERISA Plaintiffs reserve the right to move the Court to lift the stay of deposition discovery if the stay of deposition discovery will unreasonably delay prosecution of the Consolidated ERISA Action. The Individual Defendants similarly reserve their right to oppose any such motion by the ERISA Plaintiffs. The Parties may also enter into a stipulation jointly lifting the stay of deposition discovery in the Consolidated ERISA Action.

2. The Parties shall coordinate deposition discovery in the Securities Action and Consolidated ERISA Action as follows:

   (a) With respect to depositions, the Parties, to the extent feasible, shall

notice or cross-notice depositions of the same witnesses in the Consolidated ERISA Action and Securities Action for the same dates. The Parties in the Consolidated ERISA Action and the Securities Action are each entitled to their allotment of time under the Federal Rules to conduct depositions. The Plaintiffs in the Consolidated ERISA Action and the Securities Action shall use their best efforts to coordinate the depositions of the same witnesses in order to avoid unnecessary duplication.

(b)     If, for scheduling or litigation reasons the ERISA and Securities Plaintiffs cannot agree on a date for a certain deponent, the ERISA and Securities Plaintiffs may notice any party at a time they deem appropriate and mutually agreeable with the Individual Defendants. Nothing in this paragraph shall be construed to limit the applicability of the Federal Rules of Civil Procedure, the local rules of this Court or subsequent orders of this Court pertaining to depositions.

F.  **Remaining Scheduling Issues**

1.     If the Ragan/Hiatt Motion is granted, this Stipulation shall apply to the Consolidated ERISA Action and the Securities Action. If the Ragan/Hiatt Motion is denied, this Stipulation shall apply to the *Ragan*, *Hiatt* and *Yates* actions as well as the Securities Action.

2.     Nothing in this Stipulation shall be construed to extend the stay of discovery under the PSLRA should the Court deny a motion to dismiss the Securities Action. The status of discovery in the ERISA Actions shall have no bearing on the commencement of discovery in the Securities Action.

3.     This Stipulation is made in good faith and not for any dilatory purpose, and the parties will not be prejudiced by the granting of this stipulation.

IT IS SO STIPULATED.

Respectfully submitted,

*/s/ Mark K.*

Joseph H. Meltzer
Edward W. Ciolko
Mark K. Gyandoh
Julie Siebert-Johnson
BARROWAY TOPAZ KESSLER
MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (601) 667-7056

*Attorneys for Plaintiff Ragan*

Robert A. Izard
IZARD NOBEL LLP
29 South Main Street, Suite 215
West Hartford, CT 06107
Tel.: (860) 493-6292
Fax.: (860) 493-6290

*Attorneys for Plaintiff Hiatt*

*Michael Kichline / with permission (MKG)*

Michael L. Kichline
Steven B. Feirson
Sarah L. Westbrook
Jeffrey R. Boles
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Tel: (215) 994-4000
Fax: (215) 994-2222

*Attorneys for Defendants Dennis Alter, William A. Rosoff, Philip M. Browne, David B. Weinstock, Max Botel, Dana Becker Dunn, Ronald Lubner, Paul Jeffers, Michael A. Stolper and the Advanta Corp. Employee Savings Plan Administrative Committee*

Dated: March 19, 2010

*Edwin Mills / with permission (MKG)*

Edwin J. Mills.
Michael J. Klein
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017
Tel: (212) 687-7230
Fax: (212) 490-2022

*Attorneys for Plaintiffs Yates & Claflin*

12

*Douglas Britton / with permission*
Douglas R. Britton
COUGHLIN STOIA GELLER RUDMAN &
ROBBINS LLP
655 W. Broadway
Suite 1900
San Diego, CA 92101
Tel: (619) 231-1058
Fax: (619) 231-7423

*Deborah Gross / with permission*
Deborah R. Gross
LAW OFFICES BERNARD M. GROSS, PC
100 Penn Square East
John Wanamaker Building
Suite 450
Philadelphia, PA 19107
215-561-3600
Fax: 215-561-3000

*Attorneys for Plaintiff Steamfitters Local 449
Pension Fund and proposed Lead Plaintiff
Western Pennsylvania Electrical Employees
Pension Fund*

Dated: March 19, 2010

APPROVED AND SO ORDERED THIS 4th DAY OF June, 2010.

_____
J.