UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE ADVANTA CORP. ERISA LITIG. | ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO.: 2:09-cv-04974-CMR |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT
OF THEIR OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**

In further support of their Opposition to Defendants' Motion To Dismiss Plaintiffs' Consolidated Class Action Complaint (Dkt No. 57) ("Plaintiffs' Opposition" or "Pls. Opp"), Plaintiffs respectfully submit for the Court's consideration three recent decisions and three *amicus curiae* briefs filed by the Department of Labor (the "DOL"), the entity charged with primary authority to interpret and enforce Title I of ERISA,[1] which address numerous issues raised in this action.

For ease of reference, below is a chart noting the findings in *Neil v. Zell*, No. 08-CV-6833, 2011 WL 722747 (N.D. Ill. Feb. 28, 2011) ("*Neil*"),[2] *Howell v. Motorola, Inc.*, Nos. 07-CV-3837, 09-CV-2796, 2011 WL 183966 (7th Cir. Jan. 21, 2011) ("*Motorola*"),[3] and *Veera v. Ambac Plan Admin. Order Comm.*, No. 10-CV-4191, 2011 WL 43534 (S.D.N.Y. Jan. 6, 2011) ("*Ambac*"),[4] as well as the arguments raised by the DOL in the Brief of the Secretary of Labor, Hilda L. Solis, as *Amicus Curiae* In Support of Plaintiffs-Appellants And Requesting Reversal, *Pfeil v. State Street Bank & Trust Co.*, No. 10-CV-2302 (6th Cir. Feb. 15, 2011) ("*State Street*

---

[1] *See* ERISA § 505, 29 U.S.C. § 1135 ("the Secretary [of the Department of Labor] may prescribe such regulations as [s]he finds necessary or appropriate to carry out the provisions of this title.").
[2] The *Neil* decision is attached hereto as Exhibit A.
[3] The *Motorola* decision is attached hereto as Exhibit B.
[4] The *Ambac* decision is attached hereto as Exhibit C.

*Amicus*"),[5] the Brief of the Secretary of Labor as *Amicus Curiae* Supporting Plaintiffs-Appellants, *Allen v. Wachovia Corp.*, No. 10-CV-2029 (4th Cir. Nov. 24, 2010) ("*Wachovia Amicus*"),[6] and the Brief of the Secretary of Labor as *Amicus Curiae* In Support of the Plaintiffs-Appellants, *Sewright v. ING Groep, N.V.*, No. 10-CV-11948 (11th Cir. Nov. 12, 2010) ("*ING Amicus*"),[7] and the corresponding pinpoint citations where the issues are addressed in the Plaintiffs' Opposition or Defendants' motion to dismiss briefing.

| Issue | *Neil* holding and pinpoint | *Motorola* holding and pinpoint | *Ambac* holding and pinpoint | *State Street Amicus* argument and pinpoint | *Wachovia Amicus* argument and pinpoint | *ING Amicus* argument and pinpoint | Plaintiffs' commensurate argument and pinpoint | Defendants' contrary argument and pinpoint |
|---|---|---|---|---|---|---|---|---|
| There is an overriding duty of prudence incumbent upon ERISA fiduciaries | | | *3 | p9 | | p5, pp16-17 n.5, and p20 | Pls. Opp at 2-3 ("Under section 404(a)(1) of ERISA, *every* fiduciary of a retirement plan must exercise his or her overarching duty of care regardless of whether the plan requires investment in a company's equity.") | |
| ERISA plan fiduciaries may not blindly follow plan documents if they contravene ERISA | *6 | | *3, and *5 | p9, and pp16-17 | pp8-11 | pp5-6, pp7-11, and pp14-16 | Pls. Opp. at 19-20 ("It is black-letter law that a fiduciary may not blindly follow plan terms if doing so would bring about an imprudent result or otherwise violate ERISA.") | Defs. Mem.[8] at 3, 7, and 29-35; Defs. Rep.[9] at 5-6 |

---

[5]  The *State Street Amicus* is attached hereto as Exhibit D.
[6]  The *Wachovia Amicus* is attached hereto as Exhibit E.
[7]  The *ING Amicus* is attached hereto as Exhibit F.
[8]  Defendants' Memorandum of Law in Support of Their Motion To Dismiss Plaintiffs' Consolidated Class Action Complaint (Dkt. No. 52-2).

| Issue | *Neil* holding and pinpoint | *Motorola* holding and pinpoint | *Ambac* holding and pinpoint | *State Street* Amicus argument and pinpoint | *Wachovia* Amicus argument and pinpoint | *ING* Amicus argument and pinpoint | Plaintiffs' commensurate argument and pinpoint | Defendants' contrary argument and pinpoint |
|---|---|---|---|---|---|---|---|---|
| Legislative history confirms ERISA was enacted to address protection of plan assets and plan participants | *4 | | *4-*5 | | pp14-15, and p20 n.3 | p20 n.8 | Pls. Opp. at 28-29 (citing A&P H.R. Rep. 90-1867 and noting that the purpose behind ERISA's enactment was pension plan participant protection) ; Pls. Opp. at 30 (referencing "ERISA's overriding purpose to protect plan participants") | |
| Application of a "presumption of prudence" is inappropriate at the pleadings stage | | | *5 | p12 n.2 | p9, and pp23-25 | p6, and pp22-23 | Pls. Opp. at 25-27 (noting "[g]iven that *Moench* creates an evidentiary presumption of prudence rather that a pleading standard, many courts refuse to apply it on a motion to dismiss" and citing cases). | Defs. Mem. at 2; Defs. Rep. at 9 |
| A plaintiff is not required to plead a company's "impending collapse" in order to rebut any "presumption of prudence" | | | | p13-15, and p14 (noting "*Moench* does not limit its holding to companies facing an 'impeding collapse'") | p18, and pp21-22 | p22 | Pls. Opp. at 30-35, and 32 ("the Third Circuit expressly rejected the view that a Company's impending collapse is required to rebut the presumption. *See Edgar v. Avaya*, 503 F.3d 340, 349 n.13 (3d Cir. 2007.") | Defs. Mem. at 38-44 |

---

[9] Defendants' Reply in Further Support of Their Motion To Dismiss Plaintiffs' Consolidated Class Action Complaint (Dkt. No. 60).

3

| Issue | *Neil* holding and pinpoint | *Motorola* holding and pinpoint | *Ambac* holding and pinpoint | *State Street* Amicus argument and pinpoint | *Wachovia* Amicus argument and pinpoint | *ING* Amicus argument and pinpoint | Plaintiffs' commensurate argument and pinpoint | Defendants' contrary argument and pinpoint |
|---|---|---|---|---|---|---|---|---|
| ERISA § 404(c) is an affirmative defense for which defendants have the duty to plead and bear the burden of proof | | | | p23 | | | Pls. Opp. at 35, 38-39 ("Even if Section 404(c) was a viable defense against Plaintiffs' claims, it is a fact-intensive affirmative defense that is not suitable for resolution at the pleading stage.") | Defs. Mem. at 45-46; Defs. Rep. at 15-16 |
| The "safe harbor" provision of ERISA § 404(c) does not apply to a fiduciary's selection of or decision to continue offering a particular investment vehicle | | *15 (citing *DeFelice v. U.S. Airways, Inc.*, 497 F.3d 410, 418 n.3 (4th Cir. 2007)) | | pp9-10, and p24 (citing *DiFelice*, 497 F.3d at 418 n.3) | | | Pls. Opp. at 36-38 ("the 404(c) safe harbor 'does not apply to a fiduciary's decisions to select and maintain certain investment options within a participant-driven 401(k) plan.'" (quoting *DiFelice*, 497 F.3d at 418, n. 3)) | |
| The decision to offer or continue offering a particular investment is a fiduciary action to which fiduciary duties attach | | *15 | *2-*4 | pp9-10, pp21-22, and p24 (quoting *Motorola*, at *15) | | | Pls. Opp. at 36-38 ("the act of choosing or continuing to designate investment alternatives offered by a [§] 404(c) plan is a fiduciary function subject to ERISA's general fiduciary standards.") | Defs. Rep. at 11 |

| Issue | *Neil* holding and pinpoint | *Motorola* holding and pinpoint | *Ambac* holding and pinpoint | *State Street Amicus* argument and pinpoint | *Wachovia Amicus* argument and pinpoint | *ING Amicus* argument and pinpoint | Plaintiffs' commensurate argument and pinpoint | Defendants' contrary argument and pinpoint |
|---|---|---|---|---|---|---|---|---|
| Plan participants are entitled to the prudent selection and management or oversight of the investment options available to them | | *15 | | pp21-22 (citing *Motorola*, at *15), and p27 n.5 | p14 | | Pls. Opp. at 36-38 ("[ERISA] Section 404(c) is not a defense to a fiduciary's selection or retention of imprudent investment options.") | Defs. Rep. at 15-16 |
| Fiduciaries must continually evaluate the performance of the investment vehicles offered under a plan | *6 | | | p25, and p27 n.2 | p13, and p15 | p10 | Pls. Op.. at 56 ("In light of the dire circumstance set forth in the Complaint, it is reasonable to infer that the Director Defendants breached their fiduciary obligations by failing to properly review Plan investment issues in connection with the Company Stock Fund.") | |
| ERISA imposes an ongoing fiduciary duty to monitor appointees and their performance | | *10, and *20-*21 | *6 | | | | Pls. Opp. at 53-56 ("An appointing fiduciary is required to evaluate an appointee's performance at regular intervals to insure that the plan is being properly managed in compliance with the plan terms and in accordance with ERISA.") | Defs. Mem. at 9, and 57-60; Defs. Rep. at 20 |

| Issue | *Neil* holding and pinpoint | *Motorola* holding and pinpoint | *Ambac* holding and pinpoint | *State Street Amicus* argument and pinpoint | *Wachovia Amicus* argument and pinpoint | *ING Amicus* argument and pinpoint | Plaintiffs' commensurate argument and pinpoint | Defendants' contrary argument and pinpoint |
|---|---|---|---|---|---|---|---|---|
| ERISA-based fiduciary status is a broad concept and does not require detailed pleading at the motion to dismiss stage | | | *7 | | | | Pls. Opp. at 15-16 (noting "the determination of fiduciary status is a highly fact intensive inquiry that is generally not amenable to disposition on a motion to dismiss" and citing cases) | Defs. Mem. at 5 n.1, and 27; Defs. Rep. at 2 n.1 |
| Damages in ERISA breach of fiduciary duty cases such as the instant action are the difference between the imprudent plan investment and what the plan would have earned had the funds been prudently invested | *9-*12, and *13 | | | | | | Pls. Opp. at 46-47 ("the recoverable damages arising from a fiduciary breach is not the amount of a price drop in the stock (*i.e.*, the difference in the stock price with or without artificial inflation) but, rather, the difference between the performance of the imprudent stock and that of an appropriate and prudent investment.") | Defs. Mem. at 50-51; Defs. Rep. at 17-18. |
| ERISA breach of fiduciary duty allegations are not subject to the heightened pleading requirement of FED. R. CIV. P. 9(b) | | | | | | p29 | Pls. Opp. at 49-50 ("Rule 9(b) is applicable where the plaintiffs allege fraud, but not where they simply allege breaches of ERISA fiduciary duties.") | Defs. Mem. at 41-42, 41 n.15, and 51-52 |

6

| Issue | *Neil* holding and pinpoint | *Motorola* holding and pinpoint | *Ambac* holding and pinpoint | *State Street Amicus* argument and pinpoint | *Wachovia Amicus* argument and pinpoint | *ING Amicus* argument and pinpoint | Plaintiffs' commensurate argument and pinpoint | Defendants' contrary argument and pinpoint |
|---|---|---|---|---|---|---|---|---|
| Securities and Exchange Commission ("SEC") filings incorporated into plan documents constitute representations made in a fiduciary capacity | | | | | pp25-29 | pp27-28 | Pls. Opp. at 50-51 ("SEC filings which are incorporated into and partly comprise an SPD are fiduciary representations.") | Defs. Mem. at 53; Defs. Rep. at 18, and 18 n.12 |

These supplemental authorities and *amici* thus address multiple arguments advanced by Defendants in their motion to dismiss briefing. For the reasons set forth in Plaintiffs' Opposition, and as further supported by the above recent authorities and *amici*, Plaintiffs respectfully request that this Court deny Defendants' motion to dismiss.

DATED: March 8, 2011                               Respectfully submitted,

/s/ Edward W. Ciolko
**BARROWAY TOPAZ KESSLER
   MELTZER & CHECK, LLP**
Edward W. Ciolko
Mark K. Gyandoh
Julie Siebert-Johnson
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Interim Class Counsel*

7

Robert A. Izard
William Bernarduci
IZARD NOBEL LLP
29 South. Main Street, Suite 215
West Hartford, CT 06107
Telephone: (860) 493-6292
Facsimile: (860) 493-6290

*Attorneys for Plaintiff Paula Hiatt*

Michael D. Donovan
DONOVAN SEARLES, LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
Telephone: (215) 732-6067
Facsimile: (215) 732-8060

Edwin J. Mills.
Michael J. Klein
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017
Telephone: (212) 687-7230
Facsimile: (212) 490-2022

Gregory M. Egleston
EGLESTON LAW FIRM
360 Furman Street, Suite 443
Brooklyn, NY 11201
Telephone: (646) 227-1700
Facsimile: (646) 227-1701

*Attorneys for Plaintiffs Pamela Yates & Joann Claflin*

Evan J. Smith, Esquire
BRODSKY & SMITH, LLC
Two Bala Plaza, Suite 602
Bala Cynwyd, PA 19004
Telephone: (610) 667-6200
Facsimile: (610) 667-9029

*Attorney for Plaintiff Mathew Ragan*

## CERTIFICATE OF SERVICE

I certify that, on March 8, 2011, I caused the foregoing Plaintiffs' Notice of Supplemental Authority In Support of Their Opposition to Defendants' Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint to be filed with the Clerk of the Court via the CM/ECF system, which will deliver notification of filing to all counsel of record.

>/s/ Edward W. Ciolko
>Edward W. Ciolko