UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE ADVANTA CORP. ERISA LITIGATION : | Civil Action No. 2:09-04974-CMR |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN
SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS'
CONSOLIDATED CLASS ACTION COMPLAINT**

Defendants Paul Jeffers, Dennis Alter, Max Botel, Dana Becker Dunn, Ronald Lubner, William Rosoff, Philip Browne, Michael Coco, John Moore, Jodi Plavner, David Weinstock, Marci Wilf and Cathy Wilson (the "Defendants") respectfully submit three recent decisions, *In re UBS ERISA Litig.*, No. 08 Civ. 6696 (RJS) (S.D.N.Y. Mar. 24, 2011), *Fulmer v. Klein*, No. 3:09–CV–2354–N, 2011 WL 1108661 (N.D. Tex. Mar. 16, 2011), and *Griffin v. Flagstar Bancorp, Inc.*, No. 10-cv-10610-MKM (E.D. Mich. March 31, 2011), attached hereto as Exhibits "A," "B" and "C" respectively, as supplemental authority in support of the Defendants' Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint (Dkt. No. 52).

In their Memorandum of Law and Reply in support of their Motion to Dismiss, Defendants demonstrate that Plaintiffs' claims for breach of ERISA's duty of prudence should be dismissed because: 1) Advanta's ESOP absolutely requires that the plan's assets be invested in employer stock, and therefore Defendants possessed no fiduciary responsibility with respect to those investments, *see* Defs.' Mem. of Law, at 26-35, Defs.' Reply, at 4-9; and 2) Plaintiffs' claims with respect to Advanta's Savings Plan failed to overcome the "presumption of prudence" adopted by the Third Circuit in *Moench v.*

*Robertson*, 62 F.3d 553 (3d. Cir. 1995), *see* Defs.' Mem. of Law, at 36-44, Defs.' Reply, at 9-15. The decisions in *UBS*, *Fulmer* and *Griffin* strongly support these arguments.

In each of these cases, the court rejected claims such as those asserted by Plaintiffs here, finding that the plaintiffs had failed to plead allegations sufficient to state a claim under the standards imposed by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Moench*, and their progeny. *See UBS*, at 7-12; *Fulmer*, at *5.

In *UBS*, the court held that:

- Because UBS's 401(k) plans "presuppose the existence of" a company stock fund, the presumption of prudence established by the Third Circuit in *Moench* governed the plaintiffs' claims even though the plans did not "explicitly require" that company stock be offered as an investment option; and

- The plaintiffs' complaint failed to overcome the presumption because "it merely alleges, in conclusory fashion, that Defendants had a general awareness of the riskiness of the UBS strategies that ultimately put the Company in a position where it accepted financial assistance from the Swiss government."

*UBS*, at 7-12.

Similarly, the *Fulmer* court held that:

- The defendants "did not have a fiduciary duty to stop offering Idearc stock as an investment option" because the terms of the plan at issue afforded them no discretion to do so; and

- The plaintiffs' claim that the defendants were required to divest the plan of Idearc stock failed because the plaintiffs' allegations, including the fact that Idearc declared bankruptcy, did not "show[] that Defendants had knowledge of *nonpublic information* that would alert them about the imprudence of holding Idearc stock."

*Fulmer*, at *5 (emphasis in original).

The decision in *Fulmer* is particularly notable because the court in that case considered factual circumstances similar to those currently before the Court. The employer at issue in *Fulmer* was Idearc, a spin-off of Verizon's yellow pages business

that, like Advanta, focused on the small business market. *Fulmer*, at *1. And, like Advanta, Idearc's "reliance on local and small businesses exposed them to increased credit risks because those businesses generally have fewer resources and are more likely to fail than big businesses." *Id.* After Idearc was forced to file for bankruptcy protection, plaintiffs sued "various members of Idearc's board of directors and the Plan's benefits and human resources committees." *Id.*

Finally, the court in *Griffin* held that:

- Despite the fact Flagstar Bancorp lost more than 95% of its value during the class period, the plaintiffs' allegations failed to overcome the *Moench* presumption given the "economic maelstrom" that affected the nation during that period; and

- Even if the *Moench* presumption did not apply, the plaintiffs' claims failed to state a claim under *Twombly* and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) since "plan participants had total control over their investment choices."

*Griffin*, at 26-29.

Defendants respectfully submit that the above cases provide further support for the conclusion that Defendants' Motion to Dismiss should be granted.

                                                                      Respectfully submitted,

                                                                       <u>s/ Sarah L. Wyatt</u>
Steven B. Feirson
Michael L. Kichline
J. Ian Downes
Sarah L. Wyatt
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000

Attorneys for All Defendants Than John Moore

David L. Comerford
Jeffrey A. Dailey
Paul T. McGurkin
AKIN GUMP STRAUSS HAUER
& FELD LLP
Two Commerce Square
2001 Market Street, Suite 4100
Philadelphia, PA  19103

Attorneys for Defendant John Moore

Dated:  April 6, 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE ADVANTA CORP. ERISA LITIGATION : Civil Action No. 2:09-04974-CMR

## CERTIFICATE OF SERVICE

I, Sarah L. Wyatt, hereby certify that on April 6, 2011, I filed the foregoing Defendants' Notice of Supplemental Authority In Support of Their Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint with the United States District Court for the Eastern District of Pennsylvania via the Court's Electronic Case Filing (ECF) system and that this document is available thereon for viewing and downloading. I further certify that, as a result of said filing, the aforementioned document was served by the Court's ECF system upon the following:

| | |
|---|---|
| Joseph H. Meltzer<br>Edward W. Ciolko<br>Mark K. Gyandoh<br>Julie Siebert-Johnson<br>BARROWAY TOPAZ KESSLER<br>MELTZER & CHECK, LLP<br>280 King of Prussia Road<br>Radnor, PA 19087<br><br>*Interim Class Counsel* | David L. Comerford<br>Jeffrey A. Dailey<br>Paul T. McGurkin<br>AKIN GUMP STRAUSS HAUER &<br>FELD LLP<br>Two Commerce Square<br>2001 Market Street, Suite 4100<br>Philadelphia, PA 19103<br><br>*Attorneys for John F. Moore* |
| Robert A. Izard<br>IZARD NOBEL LLP<br>29 So. Main Street, Suite 215<br>West Hartford, CT 06107<br><br>*Attorneys for Paula Hiatt* | Evan J. Smith<br>BRODSKY & SMITH, LLC<br>Two Bala Plaza, Suite 602<br>Bala Cynwyd, PA 19004<br><br>*Attorneys for Matthew Ragan* |

| | |
|---|---|
| Michael D. Donovan<br>DONOVAN SEARLES, LLC<br>1845 Walnut Street, Suite 1100<br>Philadelphia, PA 19103<br><br>*Attorneys for Yates & Claflin* | Gregory M. Egleston<br>EGLESTON LAW FIRM<br>360 Furman Street, Suite 443<br>Brooklyn, NY 11201<br><br>*Attorneys for Yates & Claflin* |
| Edwin J. Mills.<br>Michael J. Klein<br>STULL, STULL & BRODY<br>6 East 45th Street<br>New York, NY 10017<br><br>*Attorneys for Yates & Claflin* | |

                                                                                s/ Sarah L. Wyatt
                                                                                 Sarah L. Wyatt