UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE ADVANTA CORP. ERISA LITIG. | ) <br> ) <br> ) CIVIL ACTION NO.: 2:09-cv-04974-CMR <br> ) <br> ) |

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT
PURPOSES, APPROVING FORM AND MANNER OF CLASS NOTICE, AND SETTING
<u>DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT</u>

This *Action* involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"), with respect to the Advanta Corp. Employee Stock Ownership Plan ("ESOP") and the Advanta Corp. Employee Savings Plan ("Savings Plan") (collectively, the "Plan" or "Plans").[1] The terms of the *Settlement* are set out in the fully executed *Settlement Agreement* (the "*Settlement Agreement*").

Pursuant to the *Named Plaintiffs'* Motion for Preliminary Approval filed on August 9, 2013, the *Court* preliminarily considered the *Settlement* to determine, among other things, whether the *Settlement* is sufficient to warrant the issuance of notice to members of the proposed *Settlement Class*. Upon reviewing the *Settlement Agreement* and the matter having come before the *Court* at the September 24, 2013 hearing, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. **Settlement Class** Findings – Solely for the purposes of the *Settlement*, the *Court* preliminarily finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of this *Court* and any other applicable law have been met as to the *Settlement Class* defined below, in that:

    a) The *Court* preliminarily finds, for purposes of settlement only, that, as required by FED. R. CIV. P. 23(a)(1), the *Settlement Class* is ascertainable from records kept with respect to the *Plans* and from other objective criteria, and the members of the *Settlement Class* are so numerous that their joinder before the *Court* would be impracticable.

    b) The *Court* preliminarily finds, for purposes of settlement only, that, as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of fact and/or law common to the *Settlement Class*.

---

[1] All italicized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the *Settlement Agreement*.

1

c) The *Court* preliminarily finds, for purposes of settlement only, that, as required by FED. R. CIV. P. 23(a)(3), the claims of the *Named Plaintiffs* are typical of the claims of the *Settlement Class*.

d) The *Court* preliminarily finds, for purposes of settlement only, that, as required by FED. R. CIV. P. 23(a)(4), the *Named Plaintiffs* will fairly and adequately protect the interests of the *Settlement Class* in that: (i) the interests of the *Named Plaintiffs* and the nature of their alleged claims are consistent with those of the members of the *Settlement Class*; and (ii) there appear to be no conflicts between or among the *Named Plaintiffs* and the *Settlement Class*.

e) The *Court* preliminarily finds, for purposes of settlement only, that, as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the *Settlement Class* would create a risk of: (i) inconsistent or varying adjudications as to individual *Settlement Class* members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this *Action*; and/or (ii) adjudications as to individual *Settlement Class* members that, as a practical matter, would be dispositive of the interest of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests.

f) The *Court* preliminarily finds, for purposes of settlement only, that, as required by FED. R. CIV. P. 23(g), *Class Counsel* is capable of fairly and adequately representing the interests of the *Settlement Class*, in that *Class Counsel*: (i) have done appropriate work identifying or investigating potential claims in the *Action*; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the *Settlement Class*.

2. **Class Certification** – The *Court*, in conducting the settlement approval process required by FED. R. CIV. P. 23, preliminarily certifies solely for purposes of settlement the following class under FED. R. CIV. P. 23(b)(1) (the "*Settlement Class*"):

> All persons, except *Defendants* and their *Immediate Family Members*, who were participants in or beneficiaries of the *Advanta Corp. Employee Stock Ownership Plan* and/or the *Advanta Corp. Employee Savings Plan* at any time between October 31, 2006 and November 8, 2009 (the "*Class Period*") and whose *Plan* accounts included investments in *Advanta* common stock.

Preliminary certification of a preliminary *Settlement Class* pursuant to the terms of the *Settlement Agreement* shall not constitute and does not constitute, and shall not be construed or used as, an admission, concession, or declaration by or against *Defendants* that (except for the purposes of the *Settlement*) this *Action* or any other action is appropriate for class treatment under FED. R. CIV. P. 23, or any similar federal or state class action statute or rule, for litigation purposes.

3. **Appointments** – The *Court* preliminarily appoints (a) the *Named Plaintiffs* as the representatives for the *Settlement Class* and (b) *Class Counsel* as counsel for the *Settlement Class*. The *Court* appoints Nicholas L. Saakvitne, Esq., principal of Nicholas L. Saakvitne, a Law Corporation, as *Plan Administrator* to (1) reinstate the *Plans* in order to allow the *Net Settlement Fund* to be distributed through the *Reinstated Plan* and (2) serve as *Plan Administrator* for the *Reinstated Plan*, including for purposes of overseeing the distribution by the *Settlement Administrator* of the *Net Settlement Fund* to *Settlement Class Members* and, to the extent permitted by applicable law, ensuring that the *Reinstated Plan* complies with all the requirements of ERISA and the federal tax code in order that the *Settlement Class Members* may receive their shares of the *Net Settlement Fund* as qualified distributions, if they so desire; and 3) terminate the *Reinstated Plan* immediately following complete distribution of the *Net Settlement Fund*. Further, the *Plan Administrator* shall direct the *Settlement Administrator* to distribute the *Net Settlement Fund* to the

members of the *Settlement Class* in accordance with the *Plan of Allocation*; (2) shall then be exclusively responsible for overseeing the *Settlement Administrator's* distribution of the *Net Settlement Fund* to the *Settlement Class Members* in accordance with the *Plan of Allocation* based on the calculations of the *Settlement Administrator*; and (3) shall be responsible for directing the *Settlement Administrator* to take reasonable steps to properly allocate the *Net Settlement Fund* to the *Plan* accounts of the *Settlement Class Members*. Both the *Plan Administrator* and *Settlement Administrator's* fees and expenses incurred for the administration of this *Settlement* shall be paid from the *Settlement Fund*.

4. **Preliminary Findings Regarding Proposed *Settlement*** – The *Court* preliminarily finds that (a) the proposed *Settlement* resulted from extensive arms'-length negotiations with the assistance of an experienced mediator, (b) the *Settlement Agreement* was executed only after *Class Counsel* had conducted appropriate investigation and discovery regarding the strengths and weaknesses of *Named Plaintiffs'* claims, (c) *Class Counsel* have concluded that the proposed *Settlement* is fair, reasonable, and adequate, and (d) the proposed *Settlement* is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed *Settlement* to the *Settlement Class*. Having considered the essential terms of the *Settlement Agreement* under the recommended standards for preliminary approval of settlements as set forth in relevant jurisprudence, the *Court* finds that those whose claims would be settled, compromised, dismissed, and/or released pursuant to the *Settlement* should be given notice and an opportunity to be heard regarding final approval of the *Settlement* and other matters.

5. ***Final Approval Hearing*** – A hearing is scheduled for **January 8, 2014 at 10:30 a.m.** (the "*Final Approval Hearing*") to determine, among other things:

- Whether the *Settlement* merits final approval as fair, reasonable, and adequate;

4

- Whether the *Action* should be dismissed with prejudice pursuant to the terms of the *Settlement*;

- Whether the notice plan proposed by the *Parties* and preliminarily approved herein, (a) constitutes the best practicable notice, (b) constitutes notice reasonably calculated, under the circumstances, to apprise members of the *Settlement Class* of the pendency of the litigation, their right to object to the *Settlement*, and their right to appear at the *Final Approval Hearing*, (c) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to notice, and (d) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

- Whether *Class Counsel* adequately represented the *Settlement Class* for purposes of entering into and implementing the *Settlement*;

- Whether the proposed *Plan of Allocation* should be approved; and

- Whether the application for attorneys' fees and reimbursement of litigation expenses and *Case Contribution Awards* to the *Named Plaintiffs* are fair and reasonable and should be approved.

6.  **Class Notice** –*Named Plaintiffs* have presented to the *Court* a proposed form of *Class Notice*, appended hereto as Exhibit A. The *Court* finds that such form fairly and adequately: (a) describes the terms and effects of the *Settlement Agreement*, the *Settlement*, and the *Plan of Allocation*; (b) notifies the *Settlement Class* that *Class Counsel* will seek attorneys' fees and reimbursement of litigation expenses from the *Settlement Fund*, and for a *Case Contribution Award* of up to $5,000.00 for each of the *Named Plaintiffs* for their services in such capacity; (c) gives notice to the *Settlement Class* of the time and place of the *Final Approval Hearing*; and (d)

describes how the recipients of the *Class Notice* may object to any of the relief requested. The *Named Plaintiffs* have proposed the following manner of communicating the notice to members of the *Settlement Class*, and the *Court* finds that such proposed manner is the best notice practicable under the circumstances. Accordingly, the *Court* directs that *Class Counsel* shall:

- By no later than **November 1, 2013**, cause the *Class Notice*, with such non-substantive modifications thereto as may be agreed upon by the *Parties*, to be provided by first-class mail, postage prepaid, to the last known address of each member of the *Settlement Class* who can be identified by reasonable effort.

- By no later than **November 1, 2013**, cause the *Class Notice* to be published on the website identified in the *Class Notice*, www.AdvantaERISAsettlement.com, which will also host and make available copies of all *Settlement*-related documents, including the *Settlement Agreement*.

- By no later than **November 1, 2013**, cause the *Publication Notice* (attached hereto as Exhibit B) to be published in the Philadelphia Daily News one time.

7. **CAFA Notice** – The form of notice ("*CAFA Notice*") and notice procedures proposed by *Defendants* pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711, *et seq.* ("*CAFA*") comply with the requirements of *CAFA* and are hereby approved. The Court has been advised that *Defendants* mailed the *CAFA Notice* (attached hereto as Exhibit C) prior to the September 24, 2013 hearing.

8. **Petition for Attorneys' Fees and Costs and Case Contribution Awards** – Any petition by *Class Counsel* for attorneys' fees, litigation costs and *Case Contribution Awards* to the *Named Plaintiffs*, and all briefs in support thereof, shall be filed no later than **December 6, 2013**.

9. **Briefs in Support of Final Approval of the Settlement** – Briefs and other documents in support of final approval of the *Settlement* shall be filed no later than **December 6, 2013.**

10. **Objections to *Settlement*** – Any member of the *Settlement Class* or authorized recipient of the *CAFA Notice* may file an *Objection* to the fairness, reasonableness, or adequacy of the *Settlement*, to any term of the *Settlement Agreement*, to the *Plan of Allocation*, to the proposed award of attorneys' fees and expenses, or to the request for a *Case Contribution Award* for the *Named Plaintiffs*. An objector must file with the *Court* a statement of his, her, or its *Objection(s)*, specifying the reason(s), if any, for each such *Objection* made, including any legal support and/or evidence that the objector wishes to bring to the *Court's* attention or introduce in support of the *Objection(s)*. Any objector who files an *Objection* to the *Settlement* must also mail copies of the *Objection* and any supporting law and/or evidence to *Class Counsel* and to counsel for the *Defendants*. The address for filing *Objections* with the *Court* and serving objections on counsel are as follows:

*For Filing*:

Clerk of the Court
United States District Court
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street, Suite 12614
Philadelphia, Pennsylvania 19106-1797
Re: *In re Advanta Corp. ERISA Litig.*, Civil Action No.: 2:09-cv-04974-CMR

*To Class Counsel:*

**KESSLER TOPAZ MELTZER & CHECK, LLP**
280 King of Prussia Road

7

Mark K. Gyandoh
Email: mgyandoh@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*To Defendants' Counsel:*

**DECHERT LLP**
Steven B. Feirson
Email: steven.feirson@dechert.com
Michael L. Kichline
Email: michael.kichline@dechert.com
J. Ian Downes
Email: ian.downes@dechert.com
Alexander R. Bilus
Email: sandy.bilus@dechert.com
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

**AKIN GUMP STRAUSS HAUER & FELD LLP**
David L. Comerford
Email: dcomerford@akingump.com
James L. Griffith, Jr.
Email: jgriffith@akingump.com
Jeffery A. Dailey
Email: jdailey@akingump.com
Paul T. McGurkin, Jr.
Email: pmcgurkin@akingump.com
Two Commerce Square
2001 Market Street, Suite 4100
Philadelphia, PA 19103

**AJAMIE LLP**
Thomas R. Ajamie
Email: tajamie@ajamie.com
Wallace A. Showman
Email: wshowman@ajamie.com
John S. Edwards
Email: jedwards@ajamie.com
Pennzoil Place – South Tower
711 Louisiana, Suite 2150
Houston, TX 77002

**LAW OFFICE OF DAVID W. ENGSTROM**
David W. Engstrom
4000 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103

Any objector or his, her, or its counsel (if any and retained at the objector's expense) must file the *Objection* and supporting materials with the *Court* no later than **December 6, 2013,** and any objector must serve copies of the *Objection* (together with any supporting materials) on counsel listed above so that such *Objection* is received no later than **December 13, 2013.** Service on counsel may be effected by email, but service on the Court must be by electronic case filing (ECF) or first class mail. If an objector hires an attorney to represent him, her, or it for the purposes of making an objection pursuant to this paragraph, the attorney must file the notice of appearance with the *Court* no later than **December 6, 2013,** and also serve the notice of appearance on counsel listed above so that it is received no later than the date it is filed with the *Court*. Any objector who does not timely submit a written *Objection* complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection

8

to the *Settlement*, and any untimely *Objection* shall be barred. Any responses to *Objections* shall be filed with *Court* and served on opposing counsel no later than **December 31, 2013.** There shall be no reply briefs.

11. Any additional briefs the *Parties* may wish to file in support of the *Settlement* shall be filed no later than **December 31, 2013**.

12. **Appearance at *Final Approval Hearing*** – Any objector who files and serves a timely, written *Objection* in accordance with paragraph 10 above may also appear at the *Final Approval Hearing* either in person or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the *Final Approval Hearing* must file a notice of intention to appear (and, if applicable, the name, address, and telephone number of the objector's attorney) with the *Court* by no later than **December 16, 2013.** Any objector who does not timely submit a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the *Final Approval Hearing*, except for good cause shown.

13. **Notice Expenses** – The expenses of printing, mailing, and publishing all notices required hereby shall be paid from the *Settlement Fund*.

14. **Service of Papers** – *Defendants'* counsel and *Class Counsel* shall promptly furnish each other with copies of any and all *Objections* to the *Settlement* that come into their possession.

15. ***Termination of Settlement*** – If the *Settlement Terminates* in accordance with the terms of the *Settlement Agreement*, this Order shall become null and void, *ab initio*, and shall be without prejudice to the rights of the *Parties*, all of whom shall revert to their positions as of the day immediately before the *Agreement Execution Date*.

16. **Use of Order** – This Order is not admissible as evidence for any purpose against *Defendants* in any pending or future litigation. This Order shall not be construed or used as an

admission, concession, or declaration by or against *Defendants* of any finding of fiduciary status, fault, wrongdoing, breach, or liability. This Order shall not be construed or used as an admission, concession, or declaration by or against *Named Plaintiffs* or the *Settlement Class* that their claims lack merit, or that the relief requested in the *Action* is inappropriate, improper, or unavailable. This Order shall not be construed or used as an admission, concession, declaration, or waiver by any *Party* of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by *Defendants* to class certification, in the event that the *Settlement Agreement Terminates*. Moreover, the *Settlement Agreement* and any proceedings taken pursuant to the *Settlement Agreement* are for settlement purposes only. Neither the fact of, nor any provision contained in the *Settlement Agreement* or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

17. **Jurisdiction** – The *Court* hereby retains jurisdiction for purposes of implementing the *Settlement*, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the *Settlement* as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

18. **Continuance of *Final Approval Hearing*** – The *Court* reserves the right to continue the *Final Approval Hearing* without further written notice.

SO ORDERED this 9th day of October 2013.

HON. CYNTHIA M. RUFE
UNITED STATES DISTRICT JUDGE