# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| ) | |
| ) | |
| IN RE ADVANTA CORP. ERISA LITIG. ) | CIVIL ACTION NO.: 2:09-cv-04974-CMR |
| ) | |
| ) | |

### SETTLEMENT AGREEMENT

This Settlement Agreement ("*Settlement Agreement*") is entered into by (i) the *Named Plaintiffs* in the above-captioned *Action* for themselves and on behalf of the *Settlement Class* and the *Plans*; and (ii) the *Defendants*.

WHEREAS, *Named Plaintiffs* in the above-captioned *Action* assert various *Claims* for relief under *ERISA* against *Defendants*, all of which *Claims* are disputed by *Defendants*; and

WHEREAS, the *Parties* desire to promptly and fully resolve and settle with finality the *Action*;

NOW, THEREFORE, the *Parties*, in consideration of the promises, covenants and agreements herein described, acknowledged by each of them to be fair and reasonable, and intending to be legally bound, do hereby mutually agree as follows:

## 1. DEFINITIONS

As used in this *Settlement Agreement*, italicized and capitalized terms and phrases not otherwise defined have the meanings provided below:

1.1. "*Action*" means *In re Advanta Corp. ERISA Litig.*, Civil Action No. 2:09-cv-04974-CMR (E.D. Pa.) (Consolidated with Civil Action Nos. 2:09-cv-05467-CMR and 2:09-cv-05746-CMR by *Court* Order of June 4, 2010).

1.2. "*Administrative Committee*" or "*Committees*" means the *Savings Plan Committee* and the *ESOP Committee.*

1.3. "*Administrative Committee Defendants*" or "*Committee Defendants*" means the *Administrative Committee* and the *Administrative Committee Members.*

1.4. "*Administrative Committee Members*" or "*Committees Members*" means Philip M. Browne, Paul Jeffers, David Weinstock, Michael Coco, John Moore, Jodi Plavner, Cathy Wilson, and Marci Wilf.

1.5. "*Agreement Execution Date*" means the date on which the final signature of the *Parties* is affixed to this *Settlement Agreement.*

1.6.    "*Advanta*" or "*Company*" means Advanta Corp., each of its *Affiliates*, and each of its predecessors and *Successors-In-Interest*.

1.7.    "*Advanta Stock*" or "*Company Stock*" means the common stock of *Advanta*, including Class A Common Stock of *Advanta* and Class B Common Stock of *Advanta*.

1.8.    "*Affiliate*" means, with respect to a *Person*, any entity that owns or controls, is owned or controlled by, or is under common ownership or control with that *Person*.

1.9.    "*CAFA*" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711-1715.

1.10.    "*CAFA Notice*" means notice of this proposed *Settlement* to the appropriate federal and state officials, as provided by *CAFA*, as appended as Exhibit C to the proposed *Preliminary Approval Order*, attached hereto as Exhibit 1.   The cost and expense associated with providing any *CAFA Notice* shall be borne by *Defendants* and/or *Defendants' Insurer*.

1.11.    "*CAFA Notice Recipients*" has the meaning set forth in Section 2.1.5.1.

1.12.    "*Case Contribution Award(s)*" means the monetary amount awarded by the *Court* to be paid from the *Class Settlement Amount* to each *Named Plaintiff* in recognition of *Named Plaintiffs'* assistance in the prosecution of this *Action*, for which *Class Counsel* may seek an amount not exceeding $5,000 per *Named Plaintiff*. Any such *Case Contribution Award* shall be subject to the approval of the *Court* as stated in Section 11.3 below.

1.13.    "*Claims*" means any and all claims, counterclaims, crossclaims, complaints, charges, demands, actions, causes of action, judgments, debts, expenses, losses, liabilities, forfeitures, damages, promises and obligations, including attorneys' fees, expenses and costs.

1.14.    "*Class Counsel*" means Kessler Topaz Meltzer & Check, LLP.

1.15.    "*Class Notice*" means the form of notice appended as Exhibit A to the proposed *Preliminary Approval Order,* which *Preliminary Approval Order* is attached hereto as Exhibit 1.

1.16.    "*Class Period*" means the period from October 31, 2006 to November 8, 2009, inclusive.

1.17.    "*Class Settlement Amount*" means the sum of four million, five hundred thousand dollars ($4,500,000.00).

1.18.    "*Company Stock Fund*" means the investment funds within the *Plans* that invested primarily in *Company Stock*.

1.19.    "*Complaint*" means the Consolidated Class Action Complaint filed on August 11, 2010 in the *Action* as Document 39.

1.20.  "*Court*" means the United States District Court for the Eastern District of Pennsylvania.

1.21.  "*Defendants*" means the *Director Defendants* and the *Administrative Committee Defendants*.

1.22.  "*Defendants' Insurer*" means AXIS Insurance Company.

1.23.  "*Defendants' Released Claims*," subject to the provisions of Section 3 herein regarding scope of releases, means any and all *Claims* of *Defendants* related to the institution or prosecution of the *Action* or relating to the settlement of any of *Plaintiffs' Released Claims*.

1.24.  "*Defendants' Released Persons*" means the *Named Plaintiffs*, the *Settlement Class*, *Plaintiffs' Counsel* and each of their appointed representatives.

1.25.  "*Director Defendants*" mean: Dennis Alter, Max Botel, Dana Becker Dunn, Ronald Lubner, and William A. Rosoff.

1.26.  "*Effective Date*" means the date upon which the *Final Approval Order and Judgment* becomes *Final*.

1.27.  "*ERISA*" means the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*, as amended.

1.28.  "*Escrow Account*" means an account at a financial institution established for the deposit of any amounts related to the *Settlement* as funded by *Defendants' Insurer* in accordance with Sections 7.1.1 and 7.2.

1.29.  "*ESOP*" means the Advanta Corp. Employee Stock Ownership Plan.

1.30.  "*ESOP Committee*" means the Advanta Corp. Employee Stock Ownership Plan Committee and the individual *Administrative Committee Members*.

1.31.  "*Final*" shall mean, with respect to any judicial ruling or order, a judicial ruling or order that is final for purposes of 28 U.S.C. § 1291, and that: (a) the time has expired to file an appeal, motion for reargument, motion for rehearing, petition for a writ of certiorari or other writ ("*Review Proceeding*") with respect to such judicial ruling or order with no such *Review Proceeding* having been filed; or (b) if a *Review Proceeding* has been filed with respect to such judicial ruling or order, (i) the judicial ruling or order has been affirmed without material modification and with no further right of review, or (ii) such *Review Proceeding* has been denied or dismissed with no further right of review.

1.32.  "*Final Approval Hearing*" shall have the meaning set forth in Section 2.1.1.2.

1.33.  "*Final Approval Order and Judgment*" means an order by the *Court* that approves the fairness, reasonableness, and adequacy of the *Settlement* as stated in Section 2.1.6 and is substantially in the form hereto as Exhibit 2.

1.34.   "*Financial Institution*" has the meaning stated in Section 7.1.1.

1.35.   "*Former ESOP Custodian*" means all former custodians of the ESOP, including but not limited to UBS Financial, the Custodian for the ESOP until it was replaced by Schwab Retirement Plan Services, Inc. on or about October 1, 2008, together with Schwab Retirement Plan Services, Inc.

1.36.   "*Former Plan Recordkeepers*" means all former recordkeepers for the Plans, including but not limited to Carson, Hampson, Ehrlich & Callahan/CHEC Benefits, the Recordkeeper for the *Plans* until it was replaced by Schwab Retirement Plan Services, Inc. on or about October 1, 2008, together with Schwab Retirement Plan Services, Inc.

1.37.   "*Former Savings Plan Trustees*" means all former trustees of the Savings Plan, including but not limited to Wilmington Trust Company, the Trustee of the *Savings Plan* until it was replaced by Schwab Retirement Plan Services, Inc. on or about October 1, 2008, together with Schwab Retirement Plan Services, Inc.

1.38.   "*Immediate Family Members*" mean the parents, children, siblings and spouses of any of the *Defendants*.

1.39.   "*Individual Defendants*" mean the *Director Defendants* and the *Administrative Committee Members*.

1.40.   "*Mediator*" means David Geronemus of JAMS.

1.41.   "*Named Plaintiffs*" or "*Plaintiffs*" mean Matthew A. Ragan, Paula Hiatt, Pamela Yates and Joann Claflin.

1.42.   "*Net Settlement Fund*" means the *Settlement Fund* less the costs for provision of *Class Notice*, *Plan* reinstatement costs, *Settlement* administration costs, taxes, *Court*-approved attorneys' fees and litigation costs, *Case Contribution Awards* for the *Named Plaintiffs*, and/or other costs the *Court* deems payable from the *Settlement Fund*.

1.43.   "*Objection*" has the meaning stated in Section 2.1.5.1.

1.44.   "*Party(ies)*" means *Named Plaintiffs* and *Defendants*.

1.45.   "*Person*" means an individual, partnership, corporation, governmental entity or any other form of entity or organization.

1.46.   "*Plaintiffs' Counsel*" means *Class Counsel*, Izard Nobel LLP and Stull, Stull & Brody.

1.47.   "*Plaintiffs' Released Claims*," subject to the provisions of Section 3 herein regarding scope of releases, mean any and all *Claims* of any nature whatsoever, whether individual, representative, or derivative, known or unknown, suspected or unsuspected, discovered or undiscovered, accrued or unaccrued, by or on behalf of the *Plans*, the *Named Plaintiffs*, and the *Settlement Class*, including their respective heirs, beneficiaries,

4

executors, administrators, *Successors*, and assigns that: (a) were or could have been brought in the *Action* and arise out of the same or substantially similar facts, circumstances, situations, transactions, or occurrences as those alleged in the *Action* during the *Class Period*; (b) were brought or could have been brought based on or related to any investment in *Advanta Stock* by or through the *Plans* during the *Class Period*; or (c) relate to the defense or settlement of the *Action*.

1.48.    "*Plaintiffs' Released Persons*" shall mean solely with respect to the *Released Claims*:

> 1.48.1. *Defendants*, and their heirs, trustees, executors, estates or administrators, attorneys, personal or legal representatives, accountants, auditors, financial or investment advisors;

> 1.48.2. *Advanta*, and its parents, *Affiliates*, subsidiaries, predecessors, *Successors*, *Successors-in-interest*, assigns, and past or present directors, officers, controlling persons, employees, attorneys, counselors, insurers (including *Defendants' Insurer*), reinsurers, financial or investment advisors, consultants, accountants, representatives or agents; and

> 1.48.3. Any and all *Persons* who provided advice, information and/or services to, and/or for the benefit or use of, the *Plans*, *Committees*, or *Committee Members*, including but not limited to the *Former ESOP Custodian*, the *Former ESOP Recordkeeper*, the *Former Savings Plan Trustees*, Portfolio Evaluation Inc., and any other trustees, administrators or fiduciaries of the *Plans*.

1.49.    "*Plan*" or "*Plans*" means the *ESOP* and the *Savings Plan*.

1.50.    "*Plan Administrator*" means Nicholas L. Saakvitne, Esq., principal of Nicholas L. Saakvitne, a Law Corporation.

1.51.    "*Plan of Allocation*" means the Plan of Allocation approved by the *Court* as contemplated by Section 2.1.6.1 and described in Section 8.3.4 and in the form attached as Exhibit 3.

1.52.    "*Preliminary Approval Motion*" has the meaning stated in Section 2.1.1.

1.53.    "*Preliminary Approval Order*" has the meaning stated in Section 2.1.1 and that is substantially in the form attached as Exhibit 1.

1.54.    "*Publication Notice*" means the form of notice appended as Exhibit B to the form of *Preliminary Approval Order*, attached as Exhibit 1.

1.55.    "*Reinstated Plan*" means the reinstated *Plans* for the sole purpose of distributing the *Net Settlement Fund* as contemplated by Section 2.2 and described in the *Plan of Allocation*.

1.56.    "*Released Claims*" means collectively, *Plaintiffs' Released Claims* and *Defendants' Released Claims.*

1.57.    "*Review Proceeding*" has the meaning stated in Section 1.31.

1.58.    "*Savings Plan*" means the *Advanta Corp. Employee Savings Plan.*

1.59.    "*Savings Plan Committee" means* the *Advanta Corp. Employee Savings Plan Administration Committee*, and the individual *Administrative Committee Members.*

1.60.    "*Securities Actions*" means the *Western Pennsylvania Electrical Employees Pension Fund v. Alter, et al.*, No. 2:09-cv-04730-CMR (E.D. Pa.) and *Underland, et al. v. Alter, et al.*, No. 2:10-cv-03621-CMR (E.D. Pa.) pending actions.

1.61.    "*Settlement*" means the settlement to be consummated under this *Settlement Agreement.*

1.62.    "*Settlement Administrator*" means the third-party vendor retained by *Class Counsel* to assist *Class Counsel* and the *Plan Administrator* with all administrative matters related to the *Settlement* as described in Sections 2.1.4, 2.1.5, 7.1.3, 7.1.5, 8.3.4, and 8.3.5.

1.63.    "*Settlement Agreement*" means this *Settlement Agreement*, including any modifications or amendments adopted pursuant to Section 12.5.

1.64.    "*Settlement Class*" means all *Persons* (excluding the *Defendants* and their *Immediate Family Members*) who were participants in or beneficiaries (including alternate payees) of the *Plans* at any time during the *Class Period*, and whose individual *Plan* accounts included investment in the *Company Stock Fund*, or any other investment in *Company Stock* in or through the *Plans*, at any point during the *Class Period*.

1.65.    "*Settlement Class Member*" means a member of the *Settlement Class*.

1.66.    "*Settlement Condition #1*" has the meaning stated in Section 2.1.

1.67.    "*Settlement Condition #2*" has the meaning stated in Section 2.2.

1.68.    "*Settlement Conditions*" has the meaning stated in Sections 2.1 and 2.2.

1.69.    "*Settlement Fund*" means the *Class Settlement Amount* deposited in the *Escrow Account* in accordance with Section 7.1.

1.70.    "*Successors"* or "*Successors-In-Interest*" means a *Party* or *Person's* estate, legal representatives, heirs, successors, or assigns, including successors or assigns that result from corporate mergers or other structural changes, and any other *Person* who can make a legal claim by or through such *Party* or *Person*.

1.71.    "*Terminate*," "*Terminates*," or "*Termination*" has the meaning stated in Section 10.1.

6

1.72.    "*Terminating Party*" has the meaning stated in Section 10.1.

## 2.    CONDITIONS AND OBLIGATIONS RELATING TO THE EFFECTIVENESS OF THE SETTLEMENT

The *Settlement* shall not become effective unless and until the *Settlement Conditions* have been either satisfied or waived in writing by the *Party* entitled to the benefit of the condition or obligation.   Except as otherwise provided in this *Settlement Agreement*, the *Parties* will use reasonable, good-faith, best efforts to cause all *Settlement Conditions* to occur, including supporting the *Settlement* through any *Review Proceeding*.

2.1.    <u>*Settlement Condition #1*</u>: *Final Approval Order and Judgment*.   The *Court* must approve the *Settlement* and certify a *Settlement Class* for settlement purposes, and the *Court*'s approval of the *Settlement* must become *Final*, in accordance with the following steps:

2.1.1.    <u>Motion for Preliminary Approval of *Settlement*</u>:

2.1.1.1.    The *Parties* will, in good faith, use reasonable efforts to enable the *Named Plaintiffs* to file a motion ("*Preliminary Approval Motion*") with the *Court* for the issuance of an order (the "*Preliminary Approval Order*") substantially in the form attached as Exhibit 1 that: (a) preliminarily approves this *Settlement Agreement*; (b) directs the time and manner of the *Class Notice* and *Publication Notice* to be served upon the *Settlement Class*; (c) approves the appointment of Nicholas L. Saakvitne, Esq., as to (i) reinstating the *Plans* solely for purposes of distributing the *Settlement*, and (ii) serve as *Plan Administrator* for the *Reinstated Plan*; (d) finds that the proposed form of *Class Notice* fairly and adequately (i) describes the terms and effect of this *Settlement Agreement*, (ii) provides notice to the *Settlement Class* of the time and place of the *Final Approval Hearing,* and (iii) describes how the recipients of the *Class Notice* may object to the *Settlement*;  (e) finds that the proposed manner of serving the *Class Notice* and *Publication Notice* to the members of the *Settlement Class* is the best notice practicable under the circumstances; and (f) approves the *CAFA Notice* to be issued by *Defendants* to the *CAFA Notice Recipients*

2.1.1.2.    The *Parties* shall, in good faith, take reasonable steps to: (a) secure expeditious entry of the *Preliminary Approval Order* by the *Court*; and (b) seek a date for the *Final Approval Hearing* for the *Court* to decide whether the *Settlement* is fair, reasonable, and adequate pursuant to FED. R. CIV. P. Rule 23 (the "*Final Approval Hearing*").   The *Parties* shall request that the *Preliminary Approval Hearing* be set at least one hundred (100) calendar days from the date the *Preliminary Approval Motion* is filed and at least sixty (60) calendar days following the mailing of the *Class Notice* and publication of the *Publication Notice*.

2.1.2.    <u>Class Certification:</u> In connection with the proceedings on preliminary and final approval of the proposed *Settlement*, *Named Plaintiffs* shall, through *Class*

*Counsel*, seek orders (preliminary and final, respectively) certifying the *Settlement Class* pursuant to FED. R. CIV. P. 23(b)(1). For *Settlement* purposes only, and to effectuate this *Settlement Agreement, Defendants* will not object to such certification of the *Settlement Class* on the terms in this *Settlement Agreement.*

2.1.3.  Entry of *Preliminary Approval Order*: The *Court* shall enter a *Preliminary Approval Order* preliminarily approving the *Settlement* pursuant to FED. R. CIV. P. 23. If the *Court* does not enter the *Preliminary Approval Order* (either initially, or if a *Review Proceeding* has been instituted, then after the conclusion of a *Review Proceeding*, if any), then (a) there shall be no obligation by the *Defendants' Insurer* to pay any portion of the *Class Settlement Amount*, and (b) any *Party* may *Terminate* this *Settlement Agreement* pursuant to Section 10.1.

2.1.4.  Implementation of Notice Plan: Pursuant to the *Preliminary Approval Order* to be entered by the *Court*, *the Settlement Administrator* shall cause the *Class Notice* and *Publication Notice*, substantially in the forms attached as Exhibits A and B, repectively, to the *Preliminary Approval Order*, to be disseminated to the *Settlement Class* within 30 days following entry of the *Preliminary Approval Order*. The *Settlement Administrator* shall cause the *Publication Notice* to be published one time in the Philadelphia Daily News (newspaper published in the Philadelphia, PA region).

2.1.5.  In the event that a *Class Notice* sent by mail is returned as undeliverable, the *Settlement Administrator* shall make reasonable efforts to obtain a valid mailing address within five (5) business days of the date of the return of the *Class Notice*. Following each search that results in a corrected address, the *Settlement Administrator* shall promptly resend the *Class Notice* to the *Settlement Class Member* by first-class mail, postage prepaid. In any event, such efforts must be completed to the extent possible prior to the *Final Approval Hearing* date.

2.1.5.1.       Pursuant to *CAFA*, *Defendants* shall prepare and provide a *CAFA Notice* to the Attorney General of the United States and the Attorneys General of those states in which, based on information reasonably available to *Defendants*, it appears that members of the *Settlement Class* reside (the "*CAFA Notice Recipients*") within ten (10) calendar days after the filing of the *Preliminary Approval Motion*. In the event that the *Preliminary Approval Order* provides for any modifications to the *CAFA Notices*, then *Defendants* shall prepare and issue any supplemental or amended *CAFA Notice* as appropriate.

2.1.5.2.       The *Preliminary Approval Motion* shall also request that the *Court* rule that any *Settlement Class Member* or *CAFA Notice Recipient* who wishes to object to this *Settlement* or otherwise to be heard concerning this *Settlement* shall timely inform the *Court* in writing of his, her, or its intent to object to this *Settlement* and/or to appear at the *Final Approval Hearing* by following the procedures in the *Class Notice* as to *Class Members* and the *CAFA Notice* as to *CAFA Notice Recipients* ("*Objection*"). To be considered timely, the *Objection* must be received by the Court and *Parties* no later than 21 calendar days before

the *Final Approval Hearing*. The *Objection* must state any and all objections to this *Settlement* and include any supporting papers and arguments.

2.1.6.  *Final Approval Hearing*:

2.1.6.1.     The *Named Plaintiffs* shall file a motion seeking final approval of the *Settlement* ("*Final Approval Motion*") with the *Court* no later than 31 calendar days before the *Final Approval Hearing* is scheduled.  In the *Final Approval Motion,* the *Named Plaintiffs* will request that the *Court* determine, at or after the *Final Approval Hearing*: (a) whether to enter a *Final Approval Order and Judgment*, substantially in the form attached as Exhibit 2, granting final approval of the *Settlement* and dismissing the *Action* with prejudice; (b) whether the distribution of the *Net Settlement Fund* as provided in the *Plan of Allocation* should be approved or modified; (c) the amount of legal fees and expenses to be awarded to *Class Counsel* as contemplated by Section 11 of this *Settlement Agreement*; and (d) the amount of *Case Contribution Award*, if any, to be awarded to the *Named Plaintiffs*.

2.1.6.2.     The *Final Approval Motion* shall also ask the *Court* to: (a) approve the appointment of Nicholas L. Saakvitne, Esq. to reinstate the *Plans* for purposes of the *Settlement* and to act as *Plan Administrator* for the *Reinstated Plan* for the purposes of implementing the terms of the *Settlement* while maintaining the *Plans'* tax-qualified status and ensuring full ERISA compliance; and (b) permanently enjoin (i) the members of the *Settlement Class* from bringing in any forum any of *Plaintiffs' Released Claims* against any of *Plaintiffs' Released Persons*; and (ii) *Defendants* from bringing in any forum any of *Defendants' Released Claims* against any of *Defendants' Released Persons*.

2.1.6.3.     At the *Final Approval Hearing*, the *Named Plaintiffs* and *Defendants* shall request that the *Court* rule on any *Objections* to the *Settlement* by any *Class Members* or *CAFA Notice Recipient*, and find that the *Settlement* is fair, reasonable and adequate, and enter the *Final Approval Order and Judgment*.

2.1.6.4.     The *Parties* agree to support entry of the *Final Approval Order and Judgment*, including supporting the *Settlement* through any *Review Proceeding*. *Defendants* shall not take any position on the matters described in clauses (b), (c), or (d) of Section 2.1.6.1, so long as disposition of those matters is substantially in accordance with the provisions of Section 8 and Section 11 of this *Settlement Agreement*.  The *Parties* otherwise covenant and agree to reasonably cooperate with one another and to take all actions reasonably necessary to effectuate the *Settlement Agreement* and to obtain a *Final Approval Order and Judgment*.

2.1.6.5.     The *Settlement* in this *Settlement Agreement* is expressly conditioned upon the entry of the *Final Approval Order and Judgment* by the *Court*, and the *Final Approval Order and Judgment* becoming *Final* in accordance with Sections 1.31 and 2.  In the event that the *Court* denies approval to any material term of the *Settlement* unacceptable to the *Parties*, whether

9

initially, or if a *Review Proceeding* has been instituted, then after the conclusion of any *Review Proceeding*, any *Party* may *Terminate* the *Settlement* pursuant to Section 10.1.

2.2.    *Settlement Condition #2*: Reinstatement of the *Plans*. Subject to *Plaintiffs'* right to waive this condition, the *Court's Preliminary Approval Order* must approve the appointment of Nicholas L. Saakvitne, Esq. to: 1) reinstate the *Plans* solely for the purpose of allowing the *Net Settlement Fund* to be distributed through the *Plans*; 2) serve as *Plan Administrator* for purposes of overseeing the distribution of the *Net Settlement Fund* to *Settlement Class Members* and, to the maximum extent permitted by applicable law, ensuring that the *Reinstated Plan* comply with the requirements of ERISA and the Internal Revenue Code in order that the *Settlement Class Members* may receive their shares of the *Net Settlement Fund* as qualified distributions, if they so elect; and 3) terminate the *Reinstated Plan* immediately following complete distribution of the *Net Settlement Fund*. The *Plan Administrator* shall have exclusive authority for administering, managing and controlling the *Reinstated Plan* and *Defendants* and the *Plaintiffs' Released Persons* shall not be deemed to be fiduciaries, administrators or sponsors of the *Reinstated Plan* for any purpose and shall not have any duties or obligations whatsoever with respect to such *Reinstated Plan* or with respect to the portion of the *Settlement Fund* contributed to the *Reinstated Plan*. Costs associated with reinstatement of the *Plans* for purposes of this *Settlement* shall be paid out of the *Settlement Fund*.

## 3.  SCOPE OF RELEASES

3.1.    Upon the *Effective Date*, the *Named Plaintiffs* (or their *Successors*) shall and hereby do conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge, and the *Plans* and the *Settlement Class* shall, by operation of the *Final Approval Order and Judgment*, be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged the *Plaintiffs' Released Persons* from all of *Plaintiffs' Released Claims*.

3.2.    Upon the *Effective Date*, *Defendants* shall conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge *Defendants' Released Persons* from all of *Defendants' Released Claims*.

3.3.    The release and discharge in Sections 3.1 and 3.2 shall not include the release or discharge of any rights or duties of the *Parties* arising out of this *Settlement Agreement*, including the express warranties and covenants contained herein.

3.4.    *Named Plaintiffs*, on their own behalf and on behalf of the *Settlement Class* and the *Plan,* and *Defendants* hereby expressly waive any and all rights and benefits respectively conferred upon them by the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common laws of any other state, territory, or other jurisdiction. Section 1542 reads in pertinent part:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of

10

executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

This express waiver is made with the understanding that *Named Plaintiffs*, on their own behalf and on behalf of the *Settlement Class* and the *Plan*, and *Defendants* may hereafter discover facts other than or different from those that they know or believe to be true with respect to the subject matter of the *Released Claims* with respect to any releasees. Further, *Named Plaintiffs*, on their own behalf and on behalf of the *Settlement Class* and the *Plan*, and *Defendants* acknowledge that the foregoing waiver of the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common law of any other state, territory, or other jurisdiction is a material term of this Settlement Agreement that was bargained for and without which the *Parties* would not have entered into this Settlement Agreement.

3.5     Nothing in this *Settlement* shall release or discharge any *Claim* that has been asserted in the *Securities Actions*; provided, however, that the *Parties* agree that the question of the extent, if any, to which the amount paid in settlement of this matter may constitute an offset or credit against, or a reduction in the gross amount of any claim asserted in the *Securities Actions*, is to be determined in such other actions, and the *Parties* reserve all rights with respect to the position they may take on that question in that action.

## 4.  COVENANTS

4.1.    Covenants Not to Sue:

4.1.1.    From and after the *Effective Date*, *Named Plaintiffs*, on their own behalf and on behalf of the *Settlement Class* and the *Plans*, covenant and agree: (a) not to file any *Claim* (whether individually, derivatively, on behalf of a class, or in any other capacity) released under Section 3 against any of *Plaintiffs' Released Persons*; and (b) that the foregoing covenant and agreement shall be a complete defense to any such *Claims* against any of *Plaintiffs' Released Persons*.  Nothing herein, however, shall preclude any action or claim related to the interpretation or enforcement of this *Settlement Agreement*.

4.1.2.    From and after the *Effective Date*, *Defendants* covenant and agree: (a) not to file any *Claim* released under Section 3 against any of *Defendants' Released Persons*; and (b) that the foregoing covenants and agreements shall be a complete defense to any such *Claims* against any of *Defendants' Released Persons*.  Nothing herein, however, shall preclude any action or claim related to the interpretation or enforcement of this *Settlement Agreement*.

4.2.    Taxation of *Class Settlement Amount*: *Named Plaintiffs* acknowledge on their own behalf, and on behalf of the *Settlement Class*, that none of the *Plaintiffs' Released Persons* has any liability, responsibility and/or obligation for paying any taxes due on funds deposited in the *Settlement Fund*, including those funds that *Class Counsel* receives from the *Class Settlement Amount*, should any be awarded pursuant to Section 11 of this *Settlement Agreement*.  Nothing herein shall constitute an admission or representation that

11

any taxes will or will not be due on the *Class Settlement Amount*. *Named Plaintiffs* and the *Settlement Class* intend that the amounts allocated pursuant to the *Plan of Allocation* will be used to restore claimed losses to the *Plan* on account of the investment in *Advanta Stock* and are intended by *Named Plaintiffs* and the *Settlement Class* to be "restorative payments" within the meaning of Revenue Ruling 2002-45.

## 5. REPRESENTATIONS AND WARRANTIES

5.1. <u>*Named Plaintiffs'* Representations and Warranties:</u>

5.1.1. *Named Plaintiffs* represent and warrant, as of the date hereof and as of the *Effective Date*, that they have not sold, assigned, transferred, hypothecated, pledged or encumbered, in whole or in part, voluntarily or involuntarily, any of *Plaintiffs' Released Claims* against any of *Plaintiffs' Released Persons*.

5.1.2. *Named Plaintiffs*, on their own behalf and on behalf of the *Settlement Class*, represent and warrant, from and after the *Effective Date*, that they and the *Settlement Class* shall have no surviving *Claim* against any of the *Plaintiffs' Released Persons* with respect to the *Plaintiffs' Released Claims*.

5.2. <u>*Parties'* Representations and Warranties:</u> Each of the *Parties*, on his, her, or its behalf only, represents and warrants, severally and not jointly, to each of the other *Parties*:

5.2.1. That he, she, or it is voluntarily entering into this *Settlement Agreement* as a result of arms'-length negotiations among his, her or its counsel, with the assistance of the *Mediator*; that in executing this *Settlement Agreement* he, she, or it is relying solely upon his, her or its own judgment, belief and knowledge, and the advice and recommendations of his, her, or its own independently selected counsel, concerning the nature, extent and duration of his, her, or its rights and *Claims* hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as expressly provided herein, he, she, or it has not been influenced to any extent whatsoever in entering into this *Settlement Agreement* by any representations, warranties, or statements, or omissions pertaining to any of the foregoing matters by any *Party* or by any *Person* representing any *Party*.

5.2.2. That he, she, or it assumes the risk of mistake as to facts or law.

5.2.3. That he, she, or it has carefully read the contents of this *Settlement Agreement*, and that he, she, or it has freely entered into this *Settlement Agreement*.

5.2.4. That he, she, or it has made such investigation of the facts pertaining to the *Settlement*, this *Settlement Agreement*, and all of the matters pertaining thereto, as he, she, or it deems necessary.

5.3. <u>Signatories' Representations and Warranties:</u> Each individual executing this *Settlement Agreement* on behalf of any other *Person* or the *Settlement Class* does hereby personally represent and warrant to the other *Parties* that he or she has the authority to

execute this *Settlement Agreement* on behalf of, and fully bind, each principal whom such individual represents or purports to represent.

## 6.  NO ADMISSION OF LIABILITY

6.1.  No Decision on the Merits: Each of the *Parties* understands and agrees that: (a) this *Settlement Agreement* embodies a compromise settlement of disputed claims for the purpose of avoiding the costs, disruptions, and uncertainties associated with further litigation; (b) nothing in this *Settlement Agreement*, including the furnishing of consideration for this *Settlement*, shall be deemed to constitute any finding of fiduciary status under *ERISA* or wrongdoing by any of the *Defendants*, or give rise to any inference of fiduciary status under *ERISA* or wrongdoing or admission of wrongdoing or liability in the *Action* or any other proceeding; and (c) this *Settlement Agreement* and the payments made hereunder do not constitute a ruling on the merits, an admission as to any issue of fact or principle at law, or an admission of any liability or wrongdoing of any kind, and no *Party* shall assert or suggest otherwise.  *Defendants* specifically and expressly deny any liability or wrongdoing of any kind.

6.2.  Reliance on FRE 408: This *Settlement Agreement* has been executed in reliance upon the provisions of Federal Rule of Evidence 408 and all similar state rules precluding the introduction of evidence of settlement negotiations or agreements and neither the fact nor the terms of this *Settlement Agreement* shall be offered or received in evidence, or otherwise introduced in any action or proceeding, for any purpose, except (a) in an action or proceeding seeking to enforce or interpret the terms of this *Settlement Agreement* or arising out of or relating to the *Preliminary Approval Order* or the *Final Approval Order and Judgment*, or (b) in an action or proceeding where the releases or covenants not to sue provided pursuant to Sections 3 and 4 of this *Settlement Agreement* may serve as a bar to recovery.

## 7.  THE SETTLEMENT FUND AND DEPOSITS INTO THE SETTLEMENT FUND

7.1.  The *Settlement Fund*:

7.1.1.  No later than five (5) business days after the entry of the *Preliminary Approval Order*, *Class Counsel* shall: (a) establish at a federally insured financial institution (the "*Financial Institution*") an account (the "*Escrow Account*") for the purpose of holding the *Class Settlement Amount* to be deposited into the account (the "*Settlement Fund*") by *Defendants' Insurer*; and (b) provide notice to *Defendants* and *Defendants' Insurer* pursuant to Section 7.2 of the information needed to deposit the *Class Settlement Amount* into the *Settlement Fund*. The *Escrow Account* shall be governed by an escrow agreement.  The monies in the *Settlement Fund* shall be considered a common fund created as a result of the *Action*.

7.1.2.  The *Settlement Fund* shall include and retain interest and income earned thereon, for the benefit of the *Settlement Class*, and shall be invested only in United States Treasury securities and/or securities of United States agencies backed by the

full faith and credit of the United States Treasury with a maturity period not to exceed thirty (30) days, repurchase agreements collateralized by such securities, and mutual funds or money market accounts, provided that such funds or accounts invest exclusively in the foregoing securities.

7.1.3.  The *Settlement Administrator* shall structure and manage the *Settlement Fund* to qualify as a "Qualified Settlement Fund" under Section 468B of the Internal Revenue Code and Treasury regulations promulgated thereunder.  It is intended that the *Settlement Fund* be structured and administered to ensure, to the maximum degree possible, that the portion of the *Settlement Fund* that is contributed to the *Reinstated Plan* pursuant to the *Plan of Allocation* will qualify for the favorable tax treatment available for tax-qualified plans and trusts under Sections 401(a) and 501(a) of the Internal Revenue Code.  The *Parties* shall not take a position in any filing or before any tax authority inconsistent with such treatment, provided that nothing in this Section shall require any *Party* to withhold or refuse to produce any information from any taxing authority in response to a properly directed request from such authority. The *Final Approval Motion* shall request that the Court's *Final Approval Order* provide that once the *Net Settlement Fund* is transferred to the *Reinstated Plan*, the *Net Settlement Fund* shall be considered "plan assets" of the *Reinstated Plan* within the meaning of *ERISA*.

7.1.4.  All taxes on the income of the *Settlement Fund* and tax-related expenses incurred in connection with the taxation of the *Settlement Fund* shall be paid out of the *Settlement Fund*.  Reasonable fees and expenses incurred for or by any third-party vendor appointed by *Class Counsel* for calculation, allocation, and distribution pursuant to the *Plan of Allocation* shall also be paid from the *Settlement Fund*.

7.1.5.  *Class Counsel* shall have signature authority over the *Settlement Fund* prior to the allocation of the *Net Settlement Fund* to the *Reinstated Plan*, and shall, after providing reasonable advance written notice to *Defendants*, direct the *Financial Institution* to pay from the *Settlement Fund* all reasonable costs of administering the *Settlement Fund* without further order of the *Court*, which expenses may include: (a) reasonable expenses associated with the preparation and filing of all tax reports and tax returns required to be filed by the *Settlement Fund*; (b) payment of any taxes owed by the *Settlement Fund*; and (c) fees charged and expenses incurred by the *Financial Institution*, the *Plan Administrator* or the *Settlement Administrator* associated with the reinstatement of the *Plans*, administration of the *Settlement*, or the allocation or distribution of the *Net Settlement Fund* pursuant to the *Plan of Allocation*.

7.1.6.  Prior to the allocation of the *Net Settlement Fund* to the *Reinstated Plan*, *Class Counsel* shall instruct the *Financial Institution* to set aside appropriate reserves from the *Settlement Fund* for taxes and for the purpose of satisfying future or contingent expenses or obligations, including expenses of *Settlement Fund* administration, before any disbursement is made as provided in Section 8 of this

*Settlement Agreement*. *Defendants* shall take no position, directly or indirectly, with respect to such matters.

7.1.7.   Except as provided in Sections 7, 8 and 11 of the *Settlement Agreement*, no monies shall be paid to *Class Counsel*, *Named Plaintiffs*, the *Settlement Class*, or the *Plan* from the *Settlement Fund*.

7.1.8.   The *Parties* acknowledge and agree that *Defendants* and *Defendants' Insurers* shall have no authority, control, or liability in connection with the design, management, administration, investment, maintenance, or control of the *Settlement Fund*, for any expenses the *Settlement Fund* may incur, or for any taxes that may be payable by the *Settlement Fund* or any direct or indirect distributee therefrom.

7.2.    Funding of the Class Settlement Amount: Within twenty (20) days following entry of the *Preliminary Approval Order* by the *Court*, *Defendants' Insurer* shall transmit to the *Financial Institution* a check in the amount of the *Class Settlement Amount* for deposit into the *Settlement Fund*, provided that Class Counsel has provided Defendants' Insurer all information, including but not limited to the identity and address of the payee, a taxpayer identification number, and a copy of a signed escrow agreement, reasonably necessary to fund the *Class Settlement Amount*.  In the event that the *Court* does not finally approve the *Settlement*, whether initially or, if a *Review Proceeding* has been instituted, then after conclusion of a *Review Proceeding*, if any, or the *Final Approval Order and Judgment* is reversed through a *Review Proceeding*, then the *Class Settlement Amount*, including any interest, less any administrative costs already incurred, shall be returned pursuant to Sections 9.2.1.

7.3.    Sole Monetary Contribution: The *Class Settlement Amount* shall be the full and sole monetary obligation of *Defendants* and *Defendants' Insurer* in connection with the *Settlement*, and under this *Settlement Agreement Defendants' Insurer* shall pay the *Class Settlement Amount* into the *Settlement Fund*.  No other fees or amounts are payable by *Defendants* or *Defendants' Insurer* pursuant to this *Settlement Agreement* at any time.  The *Class Settlement Amount* specifically covers any *Claims* for any reasonable costs or expenses associated with or related to the *Class Notice*.  Except as otherwise specified in this *Settlement Agreement*, *Named Plaintiffs,* the *Settlement Class,* and *Class Counsel* shall bear their own costs and expenses (including attorneys' fees) in connection with the *Settlement*, the negotiation and documentation of this *Settlement Agreement*, and securing all necessary court orders and approvals with respect to the same.  Without limiting the intended scope of this paragraph, *Defendants* and *Defendants' Insurer* shall have no liability, responsibility, and/or obligation to pay any taxes, fees, charges, costs and/or expenses arising out of and/or related to the reinstatement of the *Plans* or the investment of monies in the *Settlement Fund*, and the *Parties* agree that such expenses are satisfied (or are to be satisfied) by payment of, or from, the *Class Settlement Amount.*

## 8.    PAYMENTS FROM THE SETTLEMENT FUND

8.1.    *Parties'* Expenses: Except as otherwise provided for herein, *Defendants* and their counsel shall not charge any fees or expenses to the *Settlement Fund*.  All other costs not

provided for herein that the *Named Plaintiffs* or the *Settlement Class* incur relating to the *Settlement* shall be borne by *Named Plaintiffs* or by the *Settlement Fund* upon *Court* approval.

8.2.   Expenses for *Class Notice*: *Class Counsel* shall direct the *Financial Institution* in writing to disburse from the *Settlement Fund* the payment of reasonable costs associated with the *Class Notice*.

8.3.   Disbursements from the *Settlement Fund*: *Class Counsel* shall direct the *Financial Institution* to disburse money from the *Settlement Fund* as follows:

8.3.1.   For any *Case Contribution Award*, as provided in Section 11.3.

8.3.2.   For taxes and expenses of the *Settlement Fund*, as provided in Section 7.1.4.

8.3.3.   For costs associated with reinstatement of the *Plans* in connection with distribution of the *Net Settlement Fund*, as provided in Section 2.2.

8.3.4.   *Class Counsel* shall propose to the *Court* a *Plan of Allocation*, in substantial conformity to the one attached as Exhibit 3, which shall provide for the calculation, allocation, and distribution of the *Net Settlement Fund*.  Such *Plan of Allocation* shall provide the method by which the specific dollar amount to be allocated by the *Plan Administrator* to the *Reinstated Plan* account of each member of the *Settlement Class* will be calculated.  The *Plan of Allocation* proposed by *Class Counsel* shall be sufficiently specific to allow the *Settlement Administrator*, at the direction of the *Plan Administrator*, to perform the calculations called for in the *Plan of Allocation*.  The *Settlement Administrator* shall be exclusively responsible and liable for calculating the amounts payable to the members of the *Settlement Class* pursuant to the *Plan of Allocation*, except to the extent any liability or claims related to the calculation of amounts payable arise from inaccurate or incomplete data as provided by the *Former Savings Plan Trustees, the Former Plan Recordkeepers, or the Former ESOP Custodians*.

8.3.5.   The data reasonably necessary to perform calculations pursuant to the *Plan of Allocation* shall be requested from the *Former Savings Plan Trustees, the Former ESOP Custodians and the Former Plan Recordkeepers*, as appropriate, in accordance with Section 9.1.  If the *Former Savings Plan Trustees, the Former ESOP Custodians, or the Former Plan Recordkeepers* do not provide the information requested, the *Parties* will work together to subpoena such information.  In the event that the *Parties* are ordered by the Court to provide payment(s) to the *Former Savings Plan Trustees, the Former ESOP Custodians, or the Former Plan Recordkeepers* in connection with producing the data requested pursuant to this Section, or all of the *Parties* agree to provide such payment(s), such payment(s) shall be made from the *Settlement Fund*.  As soon as reasonably practicable after the *Effective Date*, *Class Counsel* shall direct the *Financial Institution* to disburse the *Net Settlement Fund* to the *Reinstated Plan*.  The *Plan Administrator* shall distribute the *Net Settlement Fund* received by the *Plan* to

members of the *Settlement Class* pursuant to the *Plan of Allocation*. The *Plan Administrator* shall then be exclusively responsible for overseeing the distribution of the *Net Settlement Fund* to the members of the *Settlement Class* in accordance with the *Plan of Allocation* based on the calculations of the *Settlement Administrator*. Neither *Defendants* nor *Plaintiffs' Counsel* shall have any responsibility or liability for the *Settlement Administrator's* calculations or the distribution of the *Net Settlement Fund* to the members of the *Settlement Class*. Further, the *Plan Administrator* shall be responsible for properly allocating the *Net Settlement Fund* to the *Plan* accounts of the *Settlement Class Members*. *Defendants*, to the extent they were participants or beneficiaries of the *Plans* at any time during the *Class Period*, will be excluded from the *Settlement Class* and the *Plan of Allocation*.

8.3.6.   For attorneys' fees and expenses, as described in Section 11.1.

8.3.7.   The *Case Contribution Award*, *Plan of Allocation*, and award of attorneys' fees and expenses as described in Section 11.1 and 11.3 are matters separate and apart from the *Settlement* between the *Parties*, and no decision by the *Court* or any other court concerning the *Case Contribution Award*, *Plan of Allocation*, or award of attorneys' fees and expenses shall affect the validity of the *Settlement Agreement*, the releases or covenants granted herein, or the finality of the *Settlement*.

9.   **PROVISION OF PARTICIPANT DATA TO SETTLEMENT ADMINISTRATOR**

9.1.   *Plan* data from *Former Savings Plan Trustees*, *Former ESOP Custodians*, and *Former Plan Recordkeepers*: The *Parties* shall use reasonable efforts to obtain from, as appropriate, the *Former Savings Plan Trustees, the Former ESOP Custodians*, and *the Former Plan Recordkeepers* in electronic format, within ten (10) days following the entry of the *Preliminary Approval Order*, the names and last known addresses of the *Settlement Class.* The *Parties* shall further use reasonable efforts to obtain, no later than fifteen (15) days prior to the *Final Approval Hearing,* such accessible data in the *Former Savings Plan Trustees, the Former ESOP Custodians*, and *the Former Plan Recordkeepers'* custody or control necessary to implement, enforce, or determine the administrability of the *Plan of Allocation* described in Sections 8.3.4 and 8.3.5. The *Parties* will request that the *Former Savings Plan Trustees, the Former ESOP Custodians*, and *the Former Plan Recordkeepers* confirm the accuracy of such information or data provided.

10.   **TERMINATION OF THE SETTLEMENT AGREEMENT**

10.1.   *Termination*: A *Party* may *Terminate* this *Settlement* as set forth in this Section 10, and the *Settlement Agreement* shall thereupon become null and void ("*Terminate*" or "*Termination*"), if any of the *Settlement Conditions* are not satisfied, unless the *Parties* mutually agree otherwise or the *Party* entitled to the benefit of the unsatisfied *Settlement Condition* waives that *Settlement Condition*. A *Party* seeking to *Terminate* the *Settlement Agreement* (the "*Terminating Party*") must give notice of its intent to *Terminate* this *Settlement* to the other *Parties* in writing within fifteen (15) business days following the

event giving rise to *Termination*. Within thirty (30) business days after such notice is given by the *Terminating Party*, the *Parties* may mutually agree to modify this *Settlement Agreement*. If the *Parties* do not mutually agree to modify this *Settlement Agreement* within thirty (30) business days after a *Terminating Party* gives notice of *Termination* to the other *Parties*, then the *Termination* shall become effective and the provisions of Section 10.2 will apply. If the *Settlement Agreement* is *Terminated,* the *Settlement* shall be null and void, except the provisions in Sections 10.2.1, 10.2.2, and 10.2.3 (and any other Section expressly incorporated therein) of the *Settlement Agreement* shall survive any such *Termination*. Notwithstanding anything in this Section 10.1, the *Parties* agree not to oppose any *Review Proceeding* by either *Plaintiffs* or *Defendants* of the *Court's* decision(s) (if any) to not finally approve the *Settlement*, including *Class Counsel's* request for an award of attorneys' fees, litigation costs, and *Case Contribution Awards* for the *Named Plaintiffs*, unless the *Party* seeking such *Review Proceedings* is asserting a position or positions in the *Review Proceedings* that is/are inconsistent with this *Settlement Agreement*.

10.2.    Consequences of *Termination* of the *Settlement Agreement*: If the *Settlement Agreement* is *Terminated* and rendered null and void for any reason specified in Section 10.1, the following shall occur:

> 10.2.1. Within fifteen (15) business days following the *Termination* of the *Settlement Agreement*, *Class Counsel* shall return to *Defendants' Insurer* the amount contributed to the *Settlement Fund*, with all interest and income earned, except that neither *Class Counsel* nor any other *Person* shall have an obligation to reimburse to the *Settlement Fund* for the reasonable costs of the *Class Notice*, or other reasonable costs and expenses of the *Settlement Fund* charged to the *Settlement Fund* under Section 7.1.5 of the *Settlement Agreement*.

> 10.2.2. The *Action* shall for all purposes with respect to the *Parties* revert to its status as of the day immediately before the *Agreement Execution Date*.

> 10.2.3. The provisions in this *Settlement Agreement* concerning the *Class* definition, *Class Period*, or class certification under FED. R. CIV. P. 23 shall not be used as evidence or argument to support class certification of *Plaintiffs'* claims in the *Action*, and *Defendants* will retain all rights to oppose class certification, including certification of a class identical to that provided for in this *Settlement Agreement*.

> 10.2.4. Neither the fact nor the terms of this *Settlement Agreement* shall be offered or received in evidence in this *Action* or any action or proceeding for any purpose, except in an action or proceeding arising under, or to give effect to a provision of, this *Settlement Agreement*. The understandings and agreements contained in Sections 6.1 and 6.2 shall survive any termination of this *Settlement Agreement*.

10.3.    *Named Plaintiffs* and *Class Counsel* shall not have the right to *Terminate* this *Settlement Agreement* solely on the basis that the *Court* or any court presiding over a *Review Proceeding* modifies, reverses, or refuses to enter any order related to *Class*

*Counsels'* fee petition or the *Named Plaintiffs' Case Contribution Awards*, or shares thereof, as provided in Section 11.

**11.   ATTORNEYS' FEES AND EXPENSES**

11.1.   <u>Motion for Attorneys' Fees and Expenses</u>: *Class Counsel* may move the *Court* for an award of attorneys' fees and for reimbursement of expenses to be paid from the *Settlement Fund*, including fees incurred in securing all necessary court orders and approvals with respect to the *Settlement Agreement*. *Defendants* will not take any position on any fee motion submitted by *Class Counsel*, provided that *Class Counsel* does not move for an award of attorneys' fees in excess of one third (33 1/3%) of the *Settlement Fund*, and *Defendants* will not take any position on any motion for reimbursement of expenses reasonably incurred in prosecuting the *Action*. *Defendants* will not take any position on any appeal or petition by *Plaintiffs* if the *Court* does not approve *Class Counsel's* request for an award of attorneys' fees and litigation costs requested in conformity with this Section 11.1.

11.2.   <u>Disbursement of Attorneys' Fees and Expenses</u>: *Class Counsel* may direct payment of any *Court*-approved award of fees and expenses from the *Settlement Fund* at any time after entry of the *Final Approval Order and Judgment* by the Court and (if separate) an order approving *Class Counsel's* petition for fees and expenses.

11.2.1.   In the event that *Class Counsel* seeks to have any *Court*-approved attorneys' fees and expenses paid before the *Effective Date*, the *Financial Institution* shall not disburse such attorneys' fees and expenses unless *Class Counsel* provides a letter of credit satisfactory to *Defendants' Insurer*. In the further event that the *Settlement* fails to become *Final* or for any reason *Terminates* despite the good faith efforts of the *Parties*, *Class Counsel* shall redeposit into the *Settlement Fund* the attorneys' fees and expenses originally paid out of the *Settlement Fund*, plus interest accrued thereon for the period from payment from the *Settlement Fund* to *Class Counsel* at a rate equal to the compounded rate of interest earned by the *Settlement Fund* during the same period. Such a repayment will be due within thirty (30) calendar days of the event that caused the *Settlement* to fail to become *Final* or to *Terminate*.

11.2.2.   In the event that, before the *Effective Date*, the *Settlement* is set aside or the award of attorneys' fees and expenses is set aside or modified, *Class Counsel* shall promptly redeposit into the *Settlement Fund* all attorneys' fees and expenses paid out that have been set aside or modified, plus interest accrued on such fees and expenses for the period from payment from the *Settlement Fund* to *Class Counsel* at a rate equal to the rate of interest earned by the *Settlement Fund* during the same period.

11.3.   <u>Motion for *Named Plaintiffs' Case Contribution Awards*</u>: *Class Counsel* may move the *Court* for a *Case Contribution Award*, which shall not exceed $5,000.00 per *Named Plaintiff*, payable to the *Named Plaintiffs* solely from the *Settlement Fund*. *Defendants* will not take any position on any motion for a *Case Contribution Award* if made in conformity with this Section 11.3. If *Plaintiffs* appeal the *Court's* decision not to approve *Plaintiffs'*

19

request for a *Case Contribution Award* requested in conformity with this Section 11.3, *Defendants* will not take any position on such appeal or petition.

11.4.    Disbursement of *Named Plaintiffs' Case Contribution Award*: After the *Effective Date*, *Class Counsel* may instruct the *Financial Institution* in writing to disburse payment to the *Named Plaintiffs* in the amount awarded by the *Court* (or as modified, as necessary, following any appeal) as a *Case Contribution Award* from the *Settlement Fund*.

11.5.    Post-Award Expenses: *Class Counsel* may make a supplemental motion to the *Court* for an award of reasonable expenses with respect to post-*Settlement* proceedings and administration, and any such award shall be payable only from the *Settlement Fund* and not by any *Defendant* or *Defendants' Insurer*.

## 12.    MISCELLANEOUS PROVISIONS

12.1.    Advice of Counsel: In entering into this *Settlement Agreement*, each *Party* represents and warrants that it has relied upon the advice of its attorneys, that it has completely read the terms of this *Settlement*, and that the terms of this *Settlement* have been explained to it by its attorneys.  Each *Party* further represents and warrants that it fully understands and voluntarily accepts the terms of the *Settlement*.

12.2.    Authority: Each *Person* executing this *Settlement Agreement* represents and warrants that he or she has the full authority to do so.  Each *Party* further represents and warrants that it has not assigned or transferred to any person any *Claim* released in this *Settlement Agreement*, in whole or in part.

12.3.    Governing Law: This *Settlement Agreement* shall be governed by the laws of the United States of America, to the extent applicable, and otherwise in accordance with the internal laws (as opposed to the conflicts of law provisions) of the Commonwealth of Pennsylvania related to contracts made and to be performed in Pennsylvania.

12.4.    Severability: In the event that any court with original or appellate jurisdiction over this *Action* issues a *Final* determination that any portion of Section 3 of this *Settlement Agreement* is not enforceable, the *Parties* may (but shall not be required to) jointly agree in writing to modify Section 3 to conform with such determination.  With the sole exception stated in the preceding sentence, the provisions of this *Settlement Agreement* are not severable.

12.5.    Amendment: Before entry of the *Final Approval Order and Judgment*, the *Settlement Agreement* may be modified or amended only by written agreement signed by or on behalf of all *Parties* with notice to be given to the *Court* of the agreed modification or amendment.  Following entry of the *Final Approval Order and Judgment*, the *Settlement Agreement* may be modified or amended only by written agreement signed by or on behalf of all *Parties*, and approved by the *Court*.

12.6.    Waiver: The provisions of this *Settlement Agreement* may be waived only by an instrument in writing executed by the waiving party.  The waiver by any of the *Parties* of any breach of this *Settlement Agreement* shall not be deemed to be or construed as a waiver

of any other breach, whether prior, subsequent, or contemporaneous, of this *Settlement Agreement*.

12.7.   Construction: None of the *Parties* shall be considered to be the drafter of this *Settlement Agreement* or any provision for the purpose of any statute, caselaw, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter.   Rather, for the purposes of construing or interpreting this *Settlement Agreement*, the *Parties* agree that the *Settlement Agreement* is to be deemed to have been drafted equally by all *Parties* and shall not be construed for or against any of the *Parties*.

12.8.   Principles of Interpretation: The following principles of interpretation apply to this *Settlement Agreement*.

12.8.1. Headings: The headings of this *Settlement Agreement* are for reference purposes only and do not affect in any way the meaning or interpretation of this *Settlement Agreement*.

12.8.2. Singular and Plural: Definitions apply to the singular and plural forms of each defined term.

12.8.3. Gender: Definitions apply to the masculine, feminine, and neuter genders of each defined term.

12.8.4. References to a *Person*: References to a *Person* are also to the *Person's Successors-in-Interest*.

12.8.5. Terms of Inclusion: Whenever the words "include," "includes," or "including" are used in this *Settlement Agreement*, they shall not be limiting but rather shall be deemed to be followed by the words "but not limited to."

12.9.   Dispute Resolution: Disputes over the construction or interpretation of the *Settlement* shall be decided by the *Court*, unless otherwise agreed by the *Parties*.

12.10.   Further Assurances: Each of the *Parties* agrees, without further consideration and as part of effectuating the *Settlement*, that they will in good faith execute and deliver such other documents and take such other actions as may be reasonably necessary to consummate and effectuate the subject matter and purpose of this *Settlement Agreement*.

12.11.   Notices: Any notice, demand, or other communication under this *Settlement Agreement* (other than the *Class Notice* or *Publication Notice*, or other notices given at the direction of the *Court*) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail (postage prepaid) or delivered by reputable express overnight courier, with a copy by email.

IF TO *NAMED PLAINTIFFS* OR THE *SETTLEMENT CLASS*:

**KESSLER TOPAZ MELTZER & CHECK, LLP**

280 King of Prussia Road
Mark K. Gyandoh
Email: mgyandoh@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

IF TO *DEFENDANTS:*

**DECHERT LLP**
Steven B. Feirson
Email:
steven.feirson@dechert.com
Michael L. Kichline
Email:
michael.kichline@dechert.com
J. Ian Downes
Email: ian.downes@dechert.com
Alexander R. Bilus
Email: sandy.bilus@dechert.com
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Tel: 215-994-4000
Fax: 215-994-2222

**AKIN GUMP STRAUSS HAUER & FELD LLP**
David L. Comerford
Email:
dcomerford@akingump.com
James L. Griffith, Jr.
Email: jgriffith@akingump.com
Jeffery A. Dailey
Email: jdailey@akingump.com
Paul T. McGurkin, Jr.
Email:
pmcgurkin@akingump.com
Two Commerce Square
2001 Market Street, Suite 4100
Philadelphia, PA 19103
Tel: 215-965-1200
Fax: 215-965-1210

**AJAMIE LLP**
Thomas R. Ajamie
Wallace A. Showman
John S. "Jack" Edwards, Jr.
Pennzoil Place - South Tower
711 Louisiana, Suite 2150
Houston, TX 77002
Phone: 713-860-1600
Fax: 713-860-1699

**LAW OFFICE OF DAVID W. ENGSTROM**
David W. Engstrom
4000 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: 215-375-7700
Fax: 215-375-7882

12.12.  Entire Agreement: This *Settlement Agreement* contains the entire agreement among the *Parties* related to this *Settlement*.   This *Settlement Agreement* supersedes any settlement terms or settlement agreements related to the *Parties* that were previously agreed upon orally or in writing by any of the *Parties*.

12.13.  Counterparts: This *Settlement Agreement*, and any amendments thereto, and waivers of conditions, may be executed by exchange of executed signature pages by facsimile or Portable Document Format ("PDF") as an electronic mail attachment, and any signature transmitted by facsimile or PDF via electronic mail for the purpose of executing this *Settlement Agreement* shall be deemed an original signature for purposes of this *Settlement Agreement*.   This *Settlement Agreement* may be executed in several counterparts, each of which shall be deemed to be an original, and all of which, taken together, shall constitute one and the same instrument.

12.14.  Binding Effect: This *Settlement Agreement* binds and inures to the benefit of the *Parties*, their assigns, heirs, administrators, executors, and *Successors*.

12.15.  Agreement Execution Date: The date on which the final signature is affixed below shall be the *Agreement Execution Date*.

12.16.  No Benefits to Non-Parties: Except as otherwise expressly stated herein, this *Settlement Agreement* is not intended to confer any benefits upon any *Person*.

12.17.  Deadlines Falling on Weekends or Holidays: To the extent that any deadline in this *Settlement Agreement* falls on a Saturday, Sunday, or legal holiday, that deadline shall be continued until the following business day.

IN WITNESS WHEREOF, the *Parties* have executed this *Settlement Agreement* on the dates set forth below.

**FOR *NAMED PLAINTIFFS* AND ON BEHALF OF THE *SETTLEMENT CLASS*:**

Dated:  8-8-13

By:
**KESSLER TOPAZ**
  **MELTZER & CHECK, LLP**
Edward W. Ciolko
Donna Siegel Moffa
Mark K. Gyandoh
Julie Siebert-Johnson
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706

*Class Counsel for Named Plaintiffs*
*and the Settlement Class*

DRAFT
Privileged and Confidential
Subject to FRE 408

**FOR *DEFENDANTS*:**

Dated: _____    By: _____
                                       Dennis Alter

Dated: _____    By: _____
                                       Max Botel

Dated: _____    By: _____
                                       Dana Becker Dunn

Dated: _____    By: _____
                                       Ronald Lubner

Dated: _____    By: _____
                                       William A. Rosoff

Dated: _____    By: _____
                                       Philip M. Browne

Dated: _____    By: _____
                                       Paul Jeffers

Dated: _____    By: _____
                                       Michael Coco

Dated: _____    By: _____
                                       Jodi Plavner

Dated: _____    By: _____
                                       Cathy Wilson

Dated: _____    By: _____
                                       Marci Wilf

DRAFT
Privileged and Confidential
Subject to FRE 408

**FOR *DEFENDANTS*:**

Dated: _____     By: _____
                                          Dennis Alter

Dated: _August 7, 2013_               By: _M g Botel_
                                          Max Botel

Dated: _____     By: _____
                                          Dana Becker Dunn

Dated: _____     By: _____
                                          Ronald Lubner

Dated: _____     By: _____
                                          William A. Rosoff

Dated: _____     By: _____
                                          Philip M. Browne

Dated: _____     By: _____
                                          Paul Jeffers

Dated: _____     By: _____
                                          Michael Coco

Dated: _____     By: _____
                                          Jodi Plavner

Dated: _____     By: _____
                                          Cathy Wilson

Dated: _____     By: _____
                                          Marci Wilf

25

Privileged and Confidential
Subject to FRE 408

**FOR *DEFENDANTS*:**

Dated: _____     By: _____
                                    Dennis Alter

Dated: _____     By: _____
                                    Max Botel

Dated: *Aug 5, 2013*             By: _____
                                    Dana Becker Dunn

Dated: _____     By: _____
                                    Ronald Lubner

Dated: _____     By: _____
                                    William A. Rosoff

Dated: _____     By: _____
                                    Philip M. Browne

Dated: _____     By: _____
                                    Paul Jeffers

Dated: _____     By: _____
                                    Michael Coco

Dated: _____     By: _____
                                    Jodi Plavner

Dated: _____     By: _____
                                    Cathy Wilson

DRAFT
Privileged and Confidential
Subject to FRE 408

**FOR *DEFENDANTS*:**

Dated: _____        By: _____
                                         Dennis Alter

Dated: _____        By: _____
                                         Max Botel

Dated: _____        By: _____
                                         Dana Becker Dunn

Dated: _____        By: _____
                                         Ronald Lubner

Dated: _____        By: _____
                                         William A. Rosoff

Dated: _____        By: _____
                                         Philip M. Browne

Dated: _____        By: _____
                                         Paul Jeffers

Dated: _____        By: _____
                                         Michael Coco

Dated: _____        By: _____
                                         Jodi Plavner

Dated: _____        By: _____
                                         Cathy Wilson

Dated: _____        By: _____
                                         Marci Wilf

24

DRAFT
Privileged and Confidential
Subject to FRE 408

**FOR *DEFENDANTS*:**

Dated: _____         By: _____
                                      Dennis Alter

Dated: _____         By: _____
                                      Max Botel

Dated: _____         By: _____
                                      Dana Becker Dunn

Dated: _____         By: _____
                                      Ronald Lubner

Dated: _8/5/13_____          By: _____
                                      William A. Rosoff

Dated: _____         By: _____
                                      Philip M. Browne

Dated: _____         By: _____
                                      Paul Jeffers

Dated: _____         By: _____
                                      Michael Coco

Dated: _____         By: _____
                                      Jodi Plavner

Dated: _____         By: _____
                                      Cathy Wilson

Dated: _____         By: _____
                                      Marci Wilf

24

DRAFT
Privileged and Confidential
Subject to FRE 408

**FOR *DEFENDANTS*:**

Dated: _____        By: _____
                                             Dennis Alter

Dated: _____        By: _____
                                             Max Botel

Dated: _____        By: _____
                                             Dana Becker Dunn

Dated: _____        By: _____
                                             Ronald Lubner

Dated: _____        By: _____
                                             William A. Rosoff

Dated: _____        By: _____
                                             Philip M. Browne

Dated: _____        By: _____
                                             Paul Jeffers

Dated: _____        By: _____
                                             Michael Coco

Dated: _____        By: _____
                                             Jodi Plavner

Dated: _____        By: _____
                                             Cathy Wilson

Dated: _____        By: _____
                                             Marci Wilf

24

**FOR *DEFENDANTS*:**

Dated: _____          By: _____
                                      Dennis Alter

Dated: _____          By: _____
                                      Max Botel

Dated: _____          By: _____
                                      Dana Becker Dunn

Dated: _____          By: _____
                                      Ronald Lubner

Dated: _____          By: _____
                                      William A. Rosoff

Dated: _____          By: _____
                                      Philip M. Browne

Dated: *8/9/13*                   By: *Paul Jeffers*
                                      Paul Jeffers

Dated: _____          By: _____
                                      Michael Coco

Dated: _____          By: _____
                                      Jodi Plavner

Dated: _____          By: _____
                                      Cathy Wilson

Dated: _____          By: _____
                                      Marci Wilf

24

DRAFT
Privileged and Confidential
Subject to FRE 408

**FOR *DEFENDANTS*:**

Dated: _____     By: _____
                                        Dennis Alter

Dated: _____     By: _____
                                        Max Botel

Dated: _____     By: _____
                                        Dana Becker Dunn

Dated: _____     By: _____
                                        Ronald Lubner

Dated: _____     By: _____
                                        William A. Rosoff

Dated: _____     By: _____
                                        Philip M. Browne

Dated: _____     By: _____
                                        Paul Jeffers

Dated: ___*8- 7- 13*_____     By: ___*Michael Coco*_____
                                        Michael Coco

Dated: _____     By: _____
                                        Jodi Plavner

Dated: _____     By: _____
                                        Cathy Wilson

Dated: _____     By: _____
                                        Marci Wilf

24

**FOR *DEFENDANTS*:**

Dated: _____     By: _____
                                  Dennis Alter

Dated: _____     By: _____
                                  Max Botel

Dated: _____     By: _____
                                  Dana Becker Dunn

Dated: _____     By: _____
                                  Ronald Lubner

Dated: _____     By: _____
                                  William A. Rosoff

Dated: _____     By: _____
                                  Philip M. Browne

Dated: _____     By: _____
                                  Paul Jeffers

Dated: _____     By: _____
                                  Michael Coco

Dated: _____     By: _____
                                  Jodi Playner

Dated: _____     By: _____
                                  Cathy Wilson

Dated: _____     By: _____
                                  Marci Wilf

24

**FOR *DEFENDANTS*:**

Dated: _____      By: _____
                                                  Dennis Alter

Dated: _____      By: _____
                                                  Max Botel

Dated: _____      By: _____
                                                  Dana Becker Dunn

Dated: _____      By: _____
                                                  Ronald Lubner

Dated: _____      By: _____
                                                  William A. Rosoff

Dated: _____      By: _____
                                                  Philip M. Browne

Dated: _____      By: _____
                                                  Paul Jeffers

Dated: _____      By: _____
                                                  Michael Coco

Dated: _____      By: _____
                                                  Jodi Plavner

Dated: ___3/9/13___      By: ___*Cathy Wilson*___
                                                  Cathy Wilson

Dated: _____      By: _____
                                                  Marci Wilf

DRAFT
Privileged and Confidential
Subject to FRE 408

**FOR *DEFENDANTS*:**

Dated: _____     By: _____
                                          Dennis Alter

Dated: _____     By: _____
                                          Max Botel

Dated: _____     By: _____
                                          Dana Becker Dunn

Dated: _____     By: _____
                                          Ronald Lubner

Dated: _____     By: _____
                                          William A. Rosoff

Dated: _____     By: _____
                                          Philip M. Browne

Dated: _____     By: _____
                                          Paul Jeffers

Dated: _____     By: _____
                                          Michael Coco

Dated: _____     By: _____
                                          Jodi Plavner

Dated: _____     By: _____
                                          Cathy Wilson

Dated: ___8/5/13_____     By: _Marci M. Wilf_____
                                          Marci Wilf

24

Dated: _8.12.13_____     By: _____

John Moore

Dated: _____     By: _____

David B. Weinstock

Dated: _____     By: _____
                                          John Moore

Dated: ___8/11/13___             By: _David B. Weinstock_
                                          David B. Weinstock

# EXHIBITS

Exhibit 1:    *Preliminary Approval Order*
              Exhibit A to *Preliminary Approval Order: Class Notice*
              Exhibit B to *Preliminary Approval Order: Publication Notice*
              Exhibit C to *Preliminary Approval Order: CAFA Notice*

Exhibit 2:    *Final Approval Order and Judgment*

Exhibit 3:    *Plan of Allocation*

# EXHIBIT 1

Preliminary Approval Order

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| _____ ) | |
| ) | |
| IN RE ADVANTA CORP. ERISA LITIG. ) | CIVIL ACTION NO.: 2:09-cv-04974-CMR |
| ) | |
| _____ ) | |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT
PURPOSES, APPROVING FORM AND MANNER OF CLASS NOTICE, AND SETTING
DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

This *Action* involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"), with respect to the Advanta Corp. Employee Stock Ownership Plan ("ESOP") and the Advanta Corp. Employee Savings Plan ("Savings Plan") (collectively, the "Plan" or "Plans").[1] The terms of the *Settlement* are set out in the *Settlement Agreement* fully executed as of _____ __, 2013 (the "*Settlement Agreement*"), by counsel on behalf of the *Plaintiffs and Defendants.*

Pursuant to the *Named Plaintiffs'* Motion for Preliminary Approval filed on August 9, 2013, the *Court* preliminarily considered the *Settlement* to determine, among other things, whether the *Settlement* is sufficient to warrant the issuance of notice to members of the proposed *Settlement Class*. Upon reviewing the *Settlement Agreement* and the matter having come before the *Court* at the _____ __, 2013 hearing, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1.     ***Settlement Class* Findings** – Solely for the purposes of the *Settlement*, the *Court* preliminarily finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of this *Court* and any other applicable law have been met as to the *Settlement Class* defined below, in that:

a)     The *Court* preliminarily finds, for purposes of settlement only, that, as required by FED. R. CIV. P. 23(a)(1), the *Settlement Class* is ascertainable from records kept with respect to the *Plans* and from other objective criteria, and the members of the *Settlement Class* are so numerous that their joinder before the *Court* would be impracticable.

---

[1]     All italicized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the *Settlement Agreement*.

1

b)       The *Court* preliminarily finds, for purposes of settlement only, that, as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of fact and/or law common to the *Settlement Class*.

c)       The *Court* preliminarily finds, for purposes of settlement only, that, as required by FED. R. CIV. P. 23(a)(3), the claims of the *Named Plaintiffs* are typical of the claims of the *Settlement Class*.

d)       The *Court* preliminarily finds, for purposes of settlement only, that, as required by FED. R. CIV. P. 23(a)(4), the *Named Plaintiffs* will fairly and adequately protect the interests of the *Settlement Class* in that: (i) the interests of the *Named Plaintiffs* and the nature of their alleged claims are consistent with those of the members of the *Settlement Class*; and (ii) there appear to be no conflicts between or among the *Named Plaintiffs* and the *Settlement Class*.

e)       The *Court* preliminarily finds, for purposes of settlement only, that, as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the *Settlement Class* would create a risk of: (i) inconsistent or varying adjudications as to individual *Settlement Class* members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this *Action*; and/or (ii) adjudications as to individual *Settlement Class* members that, as a practical matter, would be dispositive of the interest of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests.

f)       The *Court* preliminarily finds, for purposes of settlement only, that, as required by FED. R. CIV. P. 23(g), *Class Counsel* is capable of fairly and adequately representing the interests of the *Settlement Class*, in that *Class Counsel*: (i) have done appropriate work

identifying or investigating potential claims in the *Action*; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the *Settlement Class*.

2.    **Class Certification** – The *Court*, in conducting the settlement approval process required by FED. R. CIV. P. 23, preliminarily certifies solely for purposes of settlement the following class under FED. R. CIV. P. 23(b)(1) (the "*Settlement Class*"):

> All persons, except *Defendants* and their *Immediate Family Members*, who were participants in or beneficiaries of the *Advanta Corp. Employee Stock Ownership Plan* and/or the *Advanta Corp. Employee Savings Plan* at any time between October 31, 2006 and November 8, 2009 (the "*Class Period*") and whose *Plan* accounts included investments in *Advanta* common stock.

Preliminary certification of a preliminary *Settlement Class* pursuant to the terms of the *Settlement Agreement* shall not constitute and does not constitute, and shall not be construed or used as, an admission, concession, or declaration by or against *Defendants* that (except for the purposes of the *Settlement*) this *Action* or any other action is appropriate for class treatment under FED. R. CIV. P. 23, or any similar federal or state class action statute or rule, for litigation purposes.

3.    **Appointments** – The *Court* preliminarily appoints (a) the *Named Plaintiffs* as the representatives for the *Settlement Class* and (b) *Class Counsel* as counsel for the *Settlement Class*. The *Court* appoints Nicholas L. Saakvitne, Esq., principal of Nicholas L. Saakvitne, a Law Corporation, as *Plan Administrator* to (1) reinstate the *Plans* in order to allow the *Net Settlement Fund* to be distributed through the *Reinstated Plan* and (2) serve as *Plan Administrator* for the *Reinstated Plan*, including for purposes of overseeing the distribution by the *Settlement Administrator* of the *Net Settlement Fund* to *Settlement Class Members* and, to the extent permitted by applicable law, ensuring that the *Reinstated Plan* complies with all the requirements of ERISA and the federal tax code in order that the *Settlement Class Members* may receive their shares of the *Net Settlement Fund* as qualified distributions, if they so desire; and 3) terminate the *Reinstated*

3

*Plan* immediately following complete distribution of the *Net Settlement Fund*.  Further, the *Plan Administrator* shall direct the *Settlement Administrator* to distribute the *Net Settlement Fund* to the members of the *Settlement Class* in accordance with the *Plan of Allocation*; (2) shall then be exclusively responsible for overseeing the *Settlement Administrator*'s distribution of the *Net Settlement Fund* to the *Settlement Class Members* in accordance with the *Plan of Allocation* based on the calculations of the *Settlement Administrator*; and (3) shall be responsible for directing the *Settlement Administrator* to take reasonable steps to properly allocate the *Net Settlement Fund* to the *Plan* accounts of the *Settlement Class Members*.  Both the *Plan Administrator* and *Settlement Administrator's* fees and expenses incurred for the administration of this *Settlement* shall be paid from the *Settlement Fund.*

     4.    **Preliminary Findings Regarding Proposed *Settlement*** – The *Court* preliminarily finds that (a) the proposed *Settlement* resulted from extensive arms'-length negotiations with the assistance of an experienced mediator, (b) the *Settlement Agreement* was executed only after *Class Counsel* had conducted appropriate investigation and discovery regarding the strengths and weaknesses of *Named Plaintiffs'* claims, (c) *Class Counsel* have concluded that the proposed *Settlement* is fair, reasonable, and adequate, and (d) the proposed *Settlement* is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed *Settlement* to the *Settlement Class*.  Having considered the essential terms of the *Settlement Agreement* under the recommended standards for preliminary approval of settlements as set forth in relevant jurisprudence, the *Court* finds that those whose claims would be settled, compromised, dismissed, and/or released pursuant to the *Settlement* should be given notice and an opportunity to be heard regarding final approval of the *Settlement* and other matters.

5. ***Final Approval Hearing*** – A hearing is scheduled for _____ __, 2013 at _:__ _.m. (the "*Final Approval Hearing*") to determine, among other things:

- Whether the *Settlement* merits final approval as fair, reasonable, and adequate;

- Whether the *Action* should be dismissed with prejudice pursuant to the terms of the *Settlement*;

- Whether the notice plan proposed by the *Parties* and preliminarily approved herein, (a) constitutes the best practicable notice, (b) constitutes notice reasonably calculated, under the circumstances, to apprise members of the *Settlement Class* of the pendency of the litigation, their right to object to the *Settlement*, and their right to appear at the *Final Approval Hearing*, (c) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to notice, and (d) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

- Whether *Class Counsel* adequately represented the *Settlement Class* for purposes of entering into and implementing the *Settlement*;

- Whether the proposed *Plan of Allocation* should be approved; and

- Whether the application for attorneys' fees and reimbursement of litigation expenses and *Case Contribution Awards* to the *Named Plaintiffs* are fair and reasonable and should be approved.

6. ***Class Notice*** –*Named Plaintiffs* have presented to the *Court* a proposed form of *Class Notice*, appended hereto as Exhibit A.  The *Court* finds that such form fairly and adequately: (a) describes the terms and effects of the *Settlement Agreement*, the *Settlement*, and the *Plan of Allocation*; (b) notifies the *Settlement Class* that *Class Counsel* will seek attorneys' fees and

reimbursement of litigation expenses from the *Settlement Fund*, and for a *Case Contribution Award* of up to $5,000.00 for each of the *Named Plaintiffs* for their services in such capacity; (c) gives notice to the *Settlement Class* of the time and place of the *Final Approval Hearing*; and (d) describes how the recipients of the *Class Notice* may object to any of the relief requested.  The *Named Plaintiffs* have proposed the following manner of communicating the notice to members of the *Settlement Class*, and the *Court* finds that such proposed manner is the best notice practicable under the circumstances.  Accordingly, the *Court* directs that *Class Counsel* shall:

- By no later than _____ __, 2013, cause the *Class Notice*, with such non-substantive modifications thereto as may be agreed upon by the *Parties*, to be provided by first-class mail, postage prepaid, to the last known address of each member of the *Settlement Class* who can be identified by reasonable effort.

- By no later than _____ __, 2013, cause the *Class Notice* to be published on the website identified in the *Class Notice*, www.AdvantaERISAsettlement.com, which will also host and make available copies of all *Settlement*-related documents, including the *Settlement Agreement*.

- By no later than _____, 2013, cause the *Publication Notice* (attached hereto as Exhibit B) to be published in the Philadelphia Daily News one time.

7.      **CAFA Notice** – The form of notice ("*CAFA Notice*") and notice procedures proposed by *Defendants* pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711, *et seq.* ("*CAFA*") comply with the requirements of *CAFA* and are hereby approved.  *Defendants* shall mail the *CAFA Notice* (attached hereto as Exhibit C) no later than August __, 2013.

8. **Petition for Attorneys' Fees and Costs and Case Contribution Awards** – Any petition by *Class Counsel* for attorneys' fees, litigation costs and *Case Contribution Awards* to the *Named Plaintiffs*, and all briefs in support thereof, shall be filed no later than _____ __, 2013.

9. **Briefs in Support of Final Approval of the Settlement** – Briefs and other documents in support of final approval of the *Settlement* shall be filed no later than _____ __, 2013.

10. **Objections to *Settlement*** – Any member of the *Settlement Class* or authorized recipient of the *CAFA Notice* may file an *Objection* to the fairness, reasonableness, or adequacy of the *Settlement*, to any term of the *Settlement Agreement*, to the *Plan of Allocation*, to the proposed award of attorneys' fees and expenses, or to the request for a *Case Contribution Award* for the *Named Plaintiffs*.  An objector must file with the *Court* a statement of his, her, or its *Objection(s),* specifying the reason(s), if any, for each such *Objection* made, including any legal support and/or evidence that the objector wishes to bring to the *Court's* attention or introduce in support of the *Objection(s).*  Any objector who files an *Objection* to the *Settlement* must also mail copies of the *Objection* and any supporting law and/or evidence to *Class Counsel* and to counsel for the *Defendants*.  The address for filing *Objections* with the *Court* and serving objections on counsel are as follows:

> **For Filing:**
>
> Clerk of the Court
> United States District Court
> Eastern District of Pennsylvania
> James A. Byrne U.S. Courthouse
> 601 Market Street, Suite 12614
> Philadelphia, Pennsylvania 19106-1797
> Re: *In re Advanta Corp. ERISA Litig.*, Civil Action No.: 2:09-cv-04974-CMR
>
> **To Class Counsel:**

7

**KESSLER TOPAZ MELTZER & CHECK, LLP**
280 King of Prussia Road
Mark K. Gyandoh
Email: mgyandoh@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

***To Defendants' Counsel:***

**DECHERT LLP**
Steven B. Feirson
Email:
steven.feirson@dechert.com
Michael L. Kichline
Email:
michael.kichline@dechert.com
J. Ian Downes
Email: ian.downes@dechert.com
Alexander R. Bilus
Email: sandy.bilus@dechert.com
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

**AKIN GUMP STRAUSS HAUER & FELD LLP**
David L. Comerford
Email:
dcomerford@akingump.com
James L. Griffith, Jr.
Email: jgriffith@akingump.com
Jeffery A. Dailey
Email: jdailey@akingump.com
Paul T. McGurkin, Jr.
Email:
pmcgurkin@akingump.com
Two Commerce Square
2001 Market Street, Suite 4100
Philadelphia, PA 19103

**AJAMIE LLP**
Thomas R. Ajamie
Email: tajamie@ajamie.com
Wallace A. Showman
Email:
wshowman@ajamie.com
John S. Edwards
Email: jedwards@ajamie.com
Pennzoil Place – South Tower
711 Louisiana, Suite 2150
Houston, TX 77002

**LAW OFFICE OF DAVID W. ENGSTROM**
David W. Engstrom
4000 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103

Any objector or his, her, or its counsel (if any and retained at the objector's expense) must file the *Objection* and supporting materials with the *Court* no later than _____ __, 2013, and any objector must serve copies of the *Objection* (together with any supporting materials) on counsel listed above so that such *Objection* is received no later than _____ __, 2013. Service on counsel may be effected by email, but service on the Court must be by first class mail. If an objector hires an attorney to represent him, her, or it for the purposes of making an objection pursuant to this paragraph, the attorney must file the notice of appearance with the *Court* no later than _____ __, 2013 and also serve the notice of appearance on counsel listed above so that it is received no later than the date it is filed with the *Court*. Any objector who does not timely submit a written *Objection* complying with the terms of this paragraph shall be deemed to have waived,

and shall be foreclosed from raising, any objection to the *Settlement*, and any untimely *Objection* shall be barred. Any responses to *Objections* shall be filed with *Court* and served on opposing counsel no later than _____. There shall be no reply briefs.

11.     Any additional briefs the *Parties* may wish to file in support of the *Settlement* shall be filed no later than _____.

12.     **Appearance at *Final Approval Hearing*** – Any objector who files and serves a timely, written *Objection* in accordance with paragraph 10 above may also appear at the *Final Approval Hearing* either in person or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the *Final Approval Hearing* must file a notice of intention to appear (and, if applicable, the name, address, and telephone number of the objector's attorney) with the *Court* by no later than _____ __, 2013. Any objector who does not timely submit a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the *Final Approval Hearing*, except for good cause shown.

13.     **Notice Expenses** – The expenses of printing, mailing, and publishing all notices required hereby shall be paid from the *Settlement Fund*.

14.     **Service of Papers** – *Defendants'* counsel and *Class Counsel* shall promptly furnish each other with copies of any and all *Objections* to the *Settlement* that come into their possession.

15.     ***Termination of Settlement*** – If the *Settlement Terminates* in accordance with the terms of the *Settlement Agreement*, this Order shall become null and void, *ab initio*, and shall be without prejudice to the rights of the *Parties*, all of whom shall revert to their positions as of the day immediately before the *Agreement Execution Date*.

16.     **Use of Order** – This Order is not admissible as evidence for any purpose against *Defendants* in any pending or future litigation. This Order shall not be construed or used as an

9

admission, concession, or declaration by or against *Defendants* of any finding of fiduciary status, fault, wrongdoing, breach, or liability.  This Order shall not be construed or used as an admission, concession, or declaration by or against *Named Plaintiffs* or the *Settlement Class* that their claims lack merit, or that the relief requested in the *Action* is inappropriate, improper, or unavailable.  This Order shall not be construed or used as an admission, concession, declaration, or waiver by any *Party* of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by *Defendants* to class certification, in the event that the *Settlement Agreement Terminates*.  Moreover, the *Settlement Agreement* and any proceedings taken pursuant to the *Settlement Agreement* are for settlement purposes only.  Neither the fact of, nor any provision contained in the *Settlement Agreement* or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

17.     **Jurisdiction** – The *Court* hereby retains jurisdiction for purposes of implementing the *Settlement*, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the *Settlement* as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

18.     **Continuance of *Final Approval Hearing*** – The *Court* reserves the right to continue the *Final Approval Hearing* without further written notice.

SO ORDERED this _____ day of _____, 2013.

_____
HON. CYNTHIA M. RUFE
UNITED STATES DISTRICT JUDGE

# EXHIBIT A
## to the Preliminary Approval Order

*Class Notice*

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| _____ ) | |
| ) | |
| IN RE ADVANTA CORP. ERISA LITIG. ) | CIVIL ACTION NO.: 2:09-cv-04974-CMR |
| ) | |
| _____ ) | |

# NOTICE OF CLASS ACTION SETTLEMENT

YOUR LEGAL RIGHTS MIGHT BE AFFECTED IF YOU ARE A MEMBER OF THE FOLLOWING CLASS:

**All Persons (excluding the Defendants and their Immediate Family Members) who were participants in or beneficiaries (including alternate payees) of the Advanta Corp. Employee Stock Ownership Plan and/or the Advanta Corp. Employee Saving Plan (the "Plan" or "Plans") at any time between October 31, 2006 and November 8, 2009 (the "Class Period"), and whose individual Plan accounts included investment in Advanta company stock at any point during the Class Period.**

**PLEASE READ THIS NOTICE CAREFULLY. A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER. YOU HAVE NOT BEEN SUED.**

Judge Cynthia M. Rufe of the United States District Court for the Eastern District of Pennsylvania (the "Court") has preliminarily approved a proposed settlement (the "Settlement") of a class action lawsuit brought under the Employee Retirement Income Security Act of 1974, *et seq*., as amended ("ERISA"). The Settlement will provide for payments to the Plans, which will be reinstated solely for purposes of settlement to preserve the tax advantages associated with tax qualified retirement plans, and for allocation of those payments to members of the Settlement Class who hold portions of their Plan accounts invested in Advanta Corp ("Advanta") stock. The Settlement is summarized below.

The Court has scheduled a hearing (the "Final Approval Hearing") to consider the motion of Matthew A. Ragan, Paula Hiatt, Pamela Yates and Joann Claflin (the "Named Plaintiffs") for final approval of the Settlement and Class Counsel's application for attorneys' fees, reimbursement of litigation costs and for Case Contribution Awards to the Named Plaintiffs. The Final Approval Hearing before U.S. District Judge Cynthia M. Rufe has been scheduled for _____ __, 2013 at __:__ _.m., in the United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Suite 12614, Philadelphia, Pennsylvania 19106-1797. Any objections to the Settlement or the application for attorneys' fees and expenses and for Case Contribution Awards to the Named Plaintiffs must be served in writing on Class Counsel and on Defendants' attorneys, as identified on Page 7 of this Notice of Class Action Settlement ("Class Notice"). The procedure for objecting is described below.

This Class Notice contains summary information with respect to the Settlement. The terms and conditions of the Settlement are set forth in a Settlement Agreement ("Settlement Agreement"). Capitalized terms used in this Class Notice but not defined in this Class Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement, and additional information with respect to this lawsuit (the "Action") and the Settlement, is available at an Internet site dedicated to the Settlement, www.AdvantaERISAsettlement.com.

PLEASE READ THIS CLASS NOTICE CAREFULLY AND COMPLETELY. IF YOU ARE A MEMBER OF THE CLASS TO WHOM THIS NOTICE IS ADDRESSED, THE SETTLEMENT WILL AFFECT YOUR RIGHTS. YOU ARE NOT BEING SUED IN THIS MATTER. YOU DO NOT HAVE TO APPEAR IN COURT, AND YOU DO NOT HAVE TO HIRE AN ATTORNEY IN THIS CASE. IF YOU ARE IN FAVOR OF THE SETTLEMENT, YOU NEED NOT DO ANYTHING. IF YOU DISAPPROVE, YOU MAY OBJECT TO THE SETTLEMENT BY FOLLOWING THE PROCEDURES DESCRIBED BELOW.

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT | |
|---|---|
| **NO ACTION IS NECESSARY TO RECEIVE PAYMENT, BUT YOU MUST COMPLETE AN ELECTION FORM TO CHOOSE THE TYPE OF PAYMENT.** | If the Settlement is approved by the Court and you are a Settlement Class Member, you will not need to do anything to receive a payment, if any. If you are a Settlement Class Member, any share of the Net Settlement Fund to which you are entitled will be deposited into an account in the Plans, which will be reinstated for purposes of distributing the Settlement. If the Court approves the Plans' reinstatement for purposes of the Settlement distribution, you will have an opportunity to elect whether to roll your individual recovery into a qualified retirement plan or individual retirement account (IRA) OR to receive a check for your share of the Settlement, which will be taxed according to the Internal Revenue Code. If you do not make an election within the time limits provided, then your share of the Settlement will automatically be rolled over into an IRA or other qualified retirement plan. |
| | You will give up any rights you may have to sue any of the Plaintiffs' Released Persons for any of the Plaintiffs' Released Claims you may have against them, whether on your own behalf or on behalf of the Plans. |

**Questions? CALL 1-866-905-8103 TOLL FREE, OR VISIT www.AdvantaERISAsettlement.com.**
**Do not call the Court with your questions.**
**Page 1 of 8**

| | |
|---|---|
| **YOU MAY OBJECT TO THE SETTLEMENT BY _____, 2013.** | If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and counsel about why you object to the Settlement. |
| **YOU MAY ATTEND THE FINAL APPROVAL HEARING TO BE HELD ON_____, 2013.** | If you submit a written objection to the Settlement to the Court and counsel before the Court-approved deadline, you may (but do not have to) attend the Final Approval Hearing about the Settlement and present your objections to the Court. You may attend the Final Approval Hearing even if you do not file a written objection, but you will only be allowed to speak at the Final Approval Hearing if you file a written objection in advance of the Final Approval Hearing AND you file a Notice of Intention To Appear, as described in the answer to Question 16 in this Class Notice. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Class Notice.
- The Court still has to decide whether to approve the Settlement. Payments will be made only if the Court approves the Settlement and that approval is upheld in the event of any appeal.

Further information regarding this Action and this Class Notice may be obtained by contacting the following Class Counsel:

Mark K. Gyandoh
KESSLER TOPAZ MELTZER
& CHECK, LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610-667-7706
Facsimile: 610-667-7056

Class Counsel has established a toll-free phone number to receive your comments and questions: 1-866-905-8103. You may also send an email to AdvantaERISAsettlement@ktmc.com. You should contact Class Counsel with any questions regarding this Settlement, not the Court.

| **WHAT THIS NOTICE CONTAINS** |
|---|

SUMMARY OF SETTLEMENT .................................................................................................................... 3

BASIC INFORMATION ............................................................................................................................... 3

1. WHY DID I GET THIS NOTICE PACKAGE? ....................................................................................... 3
2. WHAT IS THE ACTION ABOUT? .................................................................................................... 3
3. WHY IS THIS CASE A CLASS ACTION? ............................................................................................ 4
4. WHY IS THERE A SETTLEMENT? ................................................................................................... 5
5. HOW DO I KNOW WHETHER I AM PART OF THE SETTLEMENT? ...................................................... 5

THE SETTLEMENT BENEFITS—WHAT YOU GET .......................................................................................... 5

6. WHAT DOES THE SETTLEMENT PROVIDE? ..................................................................................... 5
7. HOW MUCH WILL MY PAYMENT BE? ........................................................................................... 6
8. HOW MAY I RECEIVE A PAYMENT? .............................................................................................. 6
9. WHEN WILL I GET MY PAYMENT? ................................................................................................ 6
10. CAN I GET OUT OF THE SETTLEMENT? .......................................................................................... 7

THE LAWYERS REPRESENTING YOU ........................................................................................................... 7

11. DO I HAVE A LAWYER IN THE CASE? ............................................................................................. 7
12. HOW WILL THE LAWYERS BE PAID? ............................................................................................. 7
13. HOW DO I TELL THE COURT IF I DO NOT LIKE THE SETTLEMENT? .................................................... 7

THE FINAL APPROVAL HEARING ............................................................................................................... 8

14. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? ............... 8
15. DO I HAVE TO COME TO THE HEARING? ....................................................................................... 8
16. MAY I SPEAK AT THE HEARING? .................................................................................................. 8

IF YOU DO NOTHING ................................................................................................................................ 8

17. WHAT HAPPENS IF I DO NOTHING AT ALL? .................................................................................. 8

GETTING MORE INFORMATION ................................................................................................................. 8

18. ARE THERE MORE DETAILS ABOUT THE SETTLEMENT? ................................................................. 8

**Questions? CALL 1-866-905-8103 TOLL FREE, OR VISIT www.AdvantaERISAsettlement.com.**
**Do not call the Court with your questions.**
**Page 2 of 8**

## SUMMARY OF SETTLEMENT

This Action is a consolidated proposed class action in which the Named Plaintiffs allege that the Defendants breached fiduciary duties owed to the participants in and beneficiaries of the Plans under ERISA arising from the Plans' investments in the Company Stock Fund during the relevant time period. Copies of the Complaint and other documents filed in the Action are available at www.AdvantaERISAsettlement.com or from Class Counsel.

A Settlement Fund consisting of four million five hundred thousand dollars ($4,500,000) in cash is being established in the Action. The net amount in the Settlement Fund, including interest, and after payment of any taxes, expenses, approved attorneys' fees and costs and payment of Case Contribution Awards to the Named Plaintiffs, will be paid to the Plans and be allocated to Settlement Class Members according to a Plan of Allocation to be approved by the Court.

### STATEMENT OF POTENTIAL OUTCOME OF THE ACTION

Defendants strongly dispute all claims asserted in the Action. Further, the Named Plaintiffs would face an uncertain outcome if the Action were to continue. Continued litigation could result in a judgment greater or less than the Settlement ($4.5 million) or in no recovery at all.

The Named Plaintiffs and the Defendants disagree on liability and do not agree on the amount that would be recoverable even if the Named Plaintiffs prevailed at trial. The Defendants deny all claims and contentions by the Plaintiffs and deny any wrongdoing with respect to the Plans. The Defendants deny that they are liable to the Settlement Class and that the Settlement Class or the Plans have suffered any damages for which the Defendants could be held legally responsible. Nevertheless, having considered the uncertainty and expense inherent in any litigation, particularly in a complex case such as this, the Named Plaintiffs and Defendants have concluded that it is desirable that the Action be fully and finally settled on the terms and conditions set forth in the Settlement Agreement.

### STATEMENT OF ATTORNEYS' FEES AND COSTS SOUGHT IN THE ACTION

Class Counsel will apply to the Court for an order awarding attorneys' fees not in excess of one third (33 1/3%) of the Class Settlement Amount, plus reimbursement of their litigation expenses. Any amount awarded will be paid from the Settlement Fund. Defendants will take no position on this application and have no responsibility for payment of such fees and expenses.

### WHAT WILL THE NAMED PLAINTIFFS GET?

The Named Plaintiffs will share in the allocation of the Net Settlement Fund in the same manner as other Settlement Class Members. In addition, the Named Plaintiffs will ask the Court to award them up to $5,000 each as a Case Contribution Award for their representation of the Settlement Class. Any such awards will be paid solely from the Settlement Fund.

## BASIC INFORMATION

| 1. | WHY DID I GET THIS NOTICE PACKAGE? |
|----|-----------------------------------|

You or someone in your family may have been a participant in or beneficiary of the Plans whose Plan account included investments in Advanta Stock during **the Class Period, October 31, 2006 to November 8, 2009**.

The Court directed that this Class Notice be sent to you because if you fall within the definition of the Settlement Class you have a right to know about the Settlement and the options available to you regarding the Settlement before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Fund will be paid to the Plans, which will be reinstated for purposes of distributing the Settlement, and then allocated among Settlement Class Members according to a Court-approved Plan of Allocation. This Class Notice describes the Action, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of this case is the United States District Court for the Eastern District of Pennsylvania. The persons who sued are called the "Named Plaintiffs," and the people they sued are called "Defendants." The Named Plaintiffs are Matthew A. Ragan, Paula Hiatt, Pamela Yates and Joann Claflin. The Defendants are Dennis Alter, Max Botel, Dana Becker Dunn, Ronald Lubner, William A. Rosoff, Philip M. Browne, Paul Jeffers, Michael Coco, Jodi Plavner, Cathy Wilson, Marci Wilf, John Moore, and David B. Weinstock. While Advanta was originally named as a defendant in this Action, because the Company filed for bankruptcy under the protection of Chapter 11 of the U.S. Bankruptcy Code on November 8, 2009, the Company is no longer a defendant in this Action. The consolidated Action is known as *In re Advanta Corp. ERISA Litig.*, Civil Action No.: 2:09-cv-04974-CMR (E.D. Pa.).

| 2. | WHAT IS THE ACTION ABOUT? |
|----|---------------------------|

Named Plaintiffs claim that, under ERISA, the Defendants owed fiduciary duties of loyalty, care, and prudence to the Plans and that they violated those duties in connection with the Plans' investments in Advanta Stock.

Named Plaintiffs allege that Defendants allowed the imprudent investment of the Plans' assets in Advanta Stock throughout the Class Period despite the fact that they knew or should have known that such investment was imprudent because, as explained in detail below and among other things: (a) the Company's assets contained large amounts of impaired credit card receivables for which Advanta had not accrued losses; (b) Advanta's customer default rate would be substantially higher than the industry average by 2009 due to the Company's failure to verify its customers' ability to pay; (c) due to Advanta's practice of issuing credit cards to small business owners without verifying income, the Company's credit receivables were excessively risky; (d) customers were leaving and would continue to leave the

**Questions? CALL 1-866-905-8103 TOLL FREE, OR VISIT** www.AdvantaERISAsettlement.com.
**Do not call the Court with your questions.**
**Page 3 of 8**

Company due to, among other things, Advanta's drastic increase of interest rates and its manipulation of the cash reward program; and (e) the Company's portfolio would have large charges to reflect impairments, due to Advanta's failure to correctly account for its delinquent customers and credit trends. The Named Plaintiffs allege that as a consequence of the above, Advanta's Stock price plummeted and the Company filed for bankruptcy. The Named Plaintiffs allege that as a result, the Plans and the participants incurred significant losses due to the substantial investments in Advanta Stock.

## THE DEFENSES IN THE ACTION

Defendants deny all of the allegations and claims made in this Action, including that allowing the Plans to hold Advanta Stock was imprudent or that they have any liability to the Plans or their participants or beneficiaries. If the Action were to continue, the Defendants would raise numerous defenses to liability, including the following:

- Defendants did not engage in any of the allegedly improper conduct charged in the Complaint;

- The Savings Plan was designed for the benefit of its participants and offered a wide array of funds in which a participant could invest and a participant could reallocate his or her entire account balance on a daily basis;

- Advanta at all times fairly and accurately reported on its financial performance and prospects and on the higher risk inherent in an investment in Advanta Stock;

- Defendants were not fiduciaries of the Plans, or if they were fiduciaries, their fiduciary duties did not extend to the matters at issue in the Action;

- The Plans required that Advanta Stock be offered as an investment option, and Defendants had no legal duty to override this requirement;

- To the extent that they were fiduciaries as to the matters at issue in the Action, Defendants fully and prudently discharged all of their fiduciary duties under ERISA, and Named Plaintiffs will not be able to overcome a strong legal presumption to the contrary; and

- Even if they failed to discharge any duty under ERISA, any such breach of fiduciary duty did not cause the Plans or its participants to suffer any loss.

## THE ACTION HAS BEEN AGGRESSIVELY LITIGATED

Class Counsel has extensively investigated the allegations in the Action. Class Counsel obtained and reviewed a substantial volume of documents, including Plan-governing documents and materials, communications with Plan participants, Securities and Exchange Commission filings, press releases, public statements, news articles and other publications, and other documents regarding the matters that the Named Plaintiffs allege made Advanta Stock an imprudent Plan investment. Class Counsel also received documents from Defendants that were useful in evaluating their claims.

This Action was litigated by the Named Plaintiffs and Class Counsel for approximately three and one half years before the Parties agreed on settlement terms. On October 29, 2009, Named Plaintiff Ragan filed his class action complaint against Advanta and certain Advanta directors, officers and employees alleging various claims under ERISA relating to the Plans' investment in Advanta Stock (*Ragan v. Advanta Corp, et al.* Case 2:09-cv-04974-CMR). Shortly thereafter, the other Named Plaintiffs filed similar ERISA actions against virtually identical defendants. On June 4, 2010, the Court consolidated the cases. On November 8, 2009, Advanta filed a Chapter 11 petition for bankruptcy in the United States Bankruptcy Court for the District of Delaware, Case No. 09-13931 (KJC), and on June 04, 2010 the Court stayed the case with respect to Advanta and other corporate defendants.

On March 24, 2011, the Court appointed Kessler Topaz Meltzer & Check, LLP (then known as Barroway Topaz Kessler Meltzer & Check, LLP) as Interim Class Counsel for Plaintiffs in the consolidated matter. On August 11, 2010, Named Plaintiffs filed their Consolidated Class Action Complaint, which did not name Advanta as a defendant because it had filed for bankruptcy protection. Shortly thereafter, on October 27, 2010, Defendants filed a motion to dismiss the Action in its entirety. After it was fully briefed, the Court granted Defendants' motion to dismiss in part and denied it in part. Defendants then answered the Complaint, denying its allegations, on December 21, 2011. After Defendants amended their answers on March 16, 2012, Plaintiffs moved to strike certain of Defendants' affirmative defenses on April 23, 2012. On May 22, 2012, the Action was stayed so that the Parties could explore mediation, which eventually led to the Settlement.

## SETTLEMENT DISCUSSIONS

The proposed Settlement is the product of hard-fought, lengthy negotiations between Class Counsel and the Defendants' counsel. Throughout the negotiations, Class Counsel was advised by various consultants and experts, including individuals with expertise in ERISA fiduciary liability issues and damages in cases involving ERISA fiduciary liability.

| 3. | WHY IS THIS CASE A CLASS ACTION? |
|---|---|

In a class action, one or more plaintiffs, called "class representatives" or "named plaintiffs," sue on behalf of people who have similar claims. All of these people who have similar claims collectively make up the "class" and are referred to individually as "class

**Questions?  CALL 1-866-905-8103 TOLL FREE, OR VISIT** www.AdvantaERISAsettlement.com.
**Do not call the Court with your questions.**
**Page 4 of 8**

members." One case resolves the issues for all class members together. Because the purported wrongful conduct alleged in this Action affected a large group of people—participants in the Plans during the relevant time period—in a similar way, the Named Plaintiffs filed this case as a proposed class action.

## 4. WHY IS THERE A SETTLEMENT?

As in any litigation, each of the Parties faced an uncertain outcome. On the one hand, continuation of the case against the Defendants could result in a judgment greater than this Settlement. On the other hand, continuing the case could result in no recovery at all for the Named Plaintiffs and the Settlement Class or in a recovery that is less than the amount of the Settlement. Based on these factors, the Named Plaintiffs and Class Counsel have concluded that the proposed Settlement is in the best interests of all Settlement Class Members.

## 5. HOW DO I KNOW WHETHER I AM PART OF THE SETTLEMENT?

You are a Settlement Class Member if you fall within the definition of the Settlement Class preliminarily approved by Judge Cynthia M. Rufe:

> All persons, except Defendants and their Immediate Family Members, who were participants in or beneficiaries of the Advanta Corp. Employee Stock Ownership Plan and/or the Advanta Corp. Employee Savings Plan at any time between October 31, 2006 and November 8, 2009 (the "Class Period") and whose Plan accounts included investments in Advanta common stock.

If you are a member of the Settlement Class, the amount of money you will receive, if any, will depend upon the Plan of Allocation, described below.

### THE SETTLEMENT BENEFITS—WHAT YOU GET

## 6. WHAT DOES THE SETTLEMENT PROVIDE?

A Settlement Fund consisting of four million five hundred thousand U.S. dollars ($4,500,000) is being established in the Action. The net amount in the Settlement Fund, including interest, and after payment of, or establishment of reserves for, any taxes and Court-approved costs, fees, and expenses, including fees and expenses of Class Counsel, Plan reinstatement costs, Settlement administration costs, and any Court-approved Case Contribution Awards to be paid to the Named Plaintiffs ("Net Settlement Fund"), will be paid to the Plans, and after payment of expenses incurred in calculating, satisfying, and administering the allocation, the remaining amount will be allocated to the Reinstated Plan accounts of Settlement Class Members according to a Plan of Allocation to be approved by the Court.

The now-terminated Plans will be reinstated strictly for the purpose of distributing the Settlement and accounts will be created for all Settlement Class Members who are entitled to a Settlement payment. The tasks associated with reinstating the Plans will be performed by Nicholas L. Saakvitne, Esq., principal of Nicholas L. Saakvitne, a Law Corporation. (an experienced pension attorney and professional trustee with experience in administering terminated plans) ("Plan Administrator"), including overseeing the distribution of the Net Settlement Fund to Settlement Class Members. The Plan Administrator will be paid out of the Settlement Fund. Following the distribution of the Net Settlement Fund and completion of the other tasks ordered by the Court, the Reinstated Plan will be terminated by the Plan Administrator.

If the Settlement is approved by the Court, all Settlement Class Members and anyone claiming through them shall be deemed to fully release the Plaintiffs' Released Persons from Plaintiffs' Released Claims. The Plaintiffs' Released Persons are broadly defined and include, among others, Advanta and its parents, Affiliates, subsidiaries, predecessors, Successors, Successors-in-interest, assigns, and past or present directors, officers, controlling persons, attorneys, counselors insurers, reinsurers, financial or investment advisors, consultants, accountants, representatives or agents, as well as each of the Defendants and their heirs, trustees, executors, estates or administrators, attorneys, personal or legal representatives, accountants, auditors, financial or investment advisors. The Plaintiffs' Released Claims include any and all Claims of any nature whatsoever, whether individual, representative, or derivative, known or unknown, suspected or unsuspected, discovered or undiscovered, accrued or unaccrued, by or on behalf of the Plans, the Named Plaintiffs, and the Settlement Class, including respective heirs, beneficiaries, executors, administrators, Successors, and assigns that: (a) were or could have been brought in the Action and arise out of the same or substantially similar facts, circumstances, situations, transactions, or occurrences as those alleged in the Action during the Class Period; (b) were brought or could have been brought based on or related to the investment in Advanta Stock by or through the Plans during the Class Period; or (c) relate to the defense or settlement of the Action. This means, among other things, that Settlement Class Members will not have the right, whether on their own behalves or on behalf of the Plans, to sue the Plaintiffs' Released Persons for anything related to the investment of Plans' assets in Advanta Stock or related to the defense or settlement of the Action.

The above description of the proposed Settlement is only a summary. The complete terms, including the definitions of the Plaintiffs' Released Persons and Plaintiffs' Released Claims, are set forth in the Settlement Agreement (including its exhibits), which may be obtained at a dedicated Settlement Internet site, www.AdvantaERISAsettlement.com or by contacting Class Counsel listed on Page 2 above.

**Questions? CALL 1-866-905-8103 TOLL FREE, OR VISIT** www.AdvantaERISAsettlement.com.
**Do not call the Court with your questions.**
Page 5 of 8

| 7. HOW MUCH WILL MY PAYMENT BE? |
|---|

Your share (if any) of the Settlement Fund, net of the fees and expenses described above, will depend on your alleged loss, compared to other Settlement Class Members' alleged losses, related to Plan investments in Advanta Stock at any time during the period from October 31, 2006 to November 8, 2009. Each Settlement Class Member's share will be calculated by a third-party settlement administrator designated by Class Counsel ("Settlement Administrator") under the direction and supervision of the Plan Administrator according to a Court-approved Plan of Allocation. Because the Settlement proceeds are less than the total losses alleged by the Settlement Class, each Settlement Class Member's recovery will be less than his or her alleged loss. You are not responsible for calculating the amount you may be entitled to receive under the Settlement.

In general, your proportionate share of the Settlement will be calculated as follows:

- Each Settlement Class Member's "Net Loss" will be calculated. For each Settlement Class Member, his or her Net Loss will be equal to (a) the dollar value, if any, of his or her Plan account balance invested in Advanta Stock on the first day of the Class Period, October 31, 2006, plus (b) the dollar value, if any, of all acquisitions of Advanta Stock in his or her Plan account during the Class Period, as of the time of the purchase(s), minus (c) the dollar value, if any, of all dispositions in Advanta Stock in his or her Plan account during the Class Period, as of the time of the sale(s), minus (d) the dollar value, if any, of the balance in Advanta Stock remaining in his or her Plan account on the last day of the Class Period, November 8, 2009.

- All Net Losses of the Settlement Class Members will be aggregated to yield the total loss of the Plans over the Class Period, and each Settlement Class Member's percentage of that total loss will be calculated.

- Applying that percentage to the Net Settlement Fund (described above), the Settlement Administrator will calculate each Settlement Class Member's share of those proceeds on a preliminary basis.

- All Settlement Class Members whose preliminary share is more than zero dollars ($0) but less than or equal to five dollars ($5) will be deemed to have a final share equal to zero dollars ($0) and will not receive a Settlement distribution. Settlement Class Members whose preliminary share is more than five dollars ($5) but less than or equal to nine dollars and ninety-nine cents ($9.99) will be deemed to have a final share equal to nine dollars and ninety-nine cents ($9.99). The Settlement Administrator will then recalculate the loss percentage of those Settlement Class Members whose preliminary share was greater than $9.99, so as to arrive at each such Settlement Class Member's final share.

**Do not worry if you do not have records that show your Plan activity.** If you are entitled to a share of the Settlement Fund, your share of the Settlement will be determined based on the Plans' records for your account. If you have questions regarding the allocation of the Settlement proceeds, please contact Class Counsel listed on Page 2 above.

| 8. HOW MAY I RECEIVE A PAYMENT? |
|---|

You do not need to file a claim. If you are a Settlement Class Member entitled to a share of the Net Settlement Fund, you will be given an account with the Reinstated Plan and your share will be deposited in your Plan account. The Settlement Administrator will send you distribution election paperwork so that you can elect to (1) roll over your share of the Settlement into an individual retirement account ("IRA") or other qualified retirement plan or (2) receive a check for your share of the Settlement that will be taxed according to the Internal Revenue Code.

| 9. WHEN WILL I GET MY PAYMENT? |
|---|

The Settlement cannot be completed unless and until several events occur, including the Court's approval of the Settlement, that approval becoming Final and no longer subject to appeals to any court and reinstatement of the Plans. The Net Settlement Fund will be paid to the Reinstated Plan and allocated to the accounts of Settlement Class Members pursuant to the Plan of Allocation within 30 days following the reinstatement of the Plans (assuming Final approval has been obtained for the Settlement, including exhaustion of any appeals). If the Final Approval Order and Judgment is appealed, resolution of that appeal may take several years. The Settlement Fund, however, will be invested in insured, interest-bearing securities, and the interest income will be included in the amount paid to the Reinstated Plan and allocated to Settlement Class Members.

**There will be no payments if the Settlement Agreement is terminated.**

The Settlement Agreement may be terminated for several reasons, including if (1) the Court does not approve, or materially modifies, the Settlement Agreement or (2) the Court approves the Settlement Agreement but the approval is reversed or materially modified by an appellate court. If the Settlement Agreement is terminated, the Action will proceed as if the Settlement Agreement had not been entered into by the Parties.

**Questions? CALL 1-866-905-8103 TOLL FREE, OR VISIT** www.AdvantaERISAsettlement.com.
**Do not call the Court with your questions.**
**Page 6 of 8**

## 10.  CAN I GET OUT OF THE SETTLEMENT?

**You do not have the right to exclude yourself from the Settlement**.  The Settlement Agreement provides for certification of the Settlement Class as a non-opt-out class action under Federal Rule of Civil Procedure 23(b)(1), and the Court has preliminarily determined that the requirements of that rule have been satisfied.  Thus, it is not possible for any Settlement Class Members to exclude themselves from the Settlement.  As a Settlement Class Member, you will be bound by any judgments or orders that are entered in the Action for all claims that were or could have been asserted in the Action or are otherwise released under the Settlement.

Although you cannot opt out of the Settlement, you can object to the Settlement and ask the Court not to approve it.  For more information on how to object to the Settlement, see the answer to Question 13 below.

### THE LAWYERS REPRESENTING YOU

## 11.  DO I HAVE A LAWYER IN THE CASE?

The Court has preliminarily appointed the law firm of Kessler Topaz Meltzer & Check, LLP (formerly known as Barroway Topaz Kessler Meltzer & Check, LLP) as Class Counsel for the Plaintiffs in the Action.  You will not be charged directly by these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

## 12.  HOW WILL THE LAWYERS BE PAID?

Class Counsel will file a motion for the award of attorneys' fees of not more than one third (33 1/3 %) of the Settlement Fund, plus reimbursement of expenses incurred in connection with the prosecution of the Action.  This motion will be considered at the Final Approval Hearing described below.  Defendants will not take any position on that matter before the Court.

### OBJECTING TO THE ATTORNEYS' FEES

By following the procedures described in the answer to Question 13, you can tell the Court that you do not agree with the fees and expenses the attorneys intend to seek and ask the Court to deny their motion or limit the award.

## 13.  HOW DO I TELL THE COURT IF I DO NOT LIKE THE SETTLEMENT?

If you are a Settlement Class Member, you can object to the Settlement if you do not like any part of it.  You can give reasons why you think the Court should not approve it.  To object, you must send a letter or other writing saying that you object to the Settlement in *In re Advanta Corp. ERISA Litig.*, Civil Action No.: 2:09-cv-04974-CMR (E.D. Pa.).  Be sure to include your name, address, telephone number, signature, and a full explanation of all the reasons why you object to the Settlement.  **Your written objection must be received by the following counsel no later than _____ __, 2013.**

*Class Counsel:*

**KESSLER TOPAZ MELTZER & CHECK, LLP**
280 King of Prussia Road
Mark K. Gyandoh
mgyandoh@ktmc.com
280 King of Prussia Road
Radnor, PA 19087

*Defendants' Counsel::*

**DECHERT LLP**
Steven B. Feirson
Email: steven.feirson@dechert.com
Michael L. Kichline
Email: michael.kichline@dechert.com
J. Ian Downes
Email: ian.downes@dechert.com
Alexander R. Bilus
Email: sandy.bilus@dechert.com
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

**AKIN GUMP STRAUSS HAUER & FELD LLP**
David L. Comerford
dcomerford@akingump.com
James L. Griffith, Jr.
jgriffith@akingump.com
Jeffery A. Dailey
jdailey@akingump.com
Paul T. McGurkin, Jr.
pmcgurkin@akingump.com
Two Commerce Square
2001 Market Street
Suite 4100
Philadelphia, PA 19103

**AJAMIE LLP**
Thomas R. Ajamie
Wallace A. Showman
John S. "Jack" Edwards, Jr**.**
jedwards@ajamie.com
Pennzoil Place - South Tower
711 Louisiana, Suite 2150
Houston, TX 77002

**LAW OFFICE OF DAVID W. ENGSTROM**
David W. Engstrom
dwe@wengstromlaw.com
4000 Two Commerce Square
2001 Market Street
Philadelphia, PA  19103

**Questions?  CALL 1-866-905-8103 TOLL FREE, OR VISIT** www.AdvantaERISAsettlement.com.
**Do not call the Court with your questions.**
**Page 7 of 8**

**You must also file your objection with the Clerk of the Court of the United States District Court for the Eastern District of Pennsylvania by sending it via first class mail.**  The mailing address is:

> Clerk of the Court
> United States District Court
> Eastern District of Pennsylvania
> James A. Byrne U.S. Courthouse
> 601 Market Street, Suite 12614
> Philadelphia, Pennsylvania 19106-1797

The objection must refer prominently to Re: *In re Advanta Corp. ERISA Litig.*, Civil Action No.: 2:09-cv-04974-CMR.  **Your objection must be received  no later than _____ __, 2013**.

## THE FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement as fair, reasonable, and adequate (the "Final Approval Hearing").  You may attend the Final Approval Hearing, and you may ask to speak, but you do not have to attend.

### 14.  WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold the Final Approval Hearing at __:_0 _.m. on _____ __, 2013, at the United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106-1797,  in the courtroom then occupied by United States District Judge Cynthia M. Rufe.  **The Court may adjourn or relocate the Final Approval Hearing without further notice to the Settlement Class, so if you wish to attend, you should confirm the location, date and time of the Final Approval Hearing with Class Counsel before doing so.**  At that hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court will also rule on the motions for attorneys' fees and reimbursement of expenses and for Case Contribution Awards for the Named Plaintiffs.  The Parties do not know how long these decisions will take or whether appeals will be taken.

### 15.  DO I HAVE TO COME TO THE HEARING?

No, but you are welcome to come at your own expense.  If you file an objection, you do not have to come to the Final Approval Hearing to talk about it.  As long as your written objection was received timely, it will be before the Court when the Court considers whether to approve the Settlement.  You also may pay your own lawyer to attend the Final Approval Hearing, but such attendance is also not necessary.

### 16.  MAY I SPEAK AT THE HEARING?

If you submit a written objection to the Settlement to the Court and counsel before the Court-approved deadline, you may (but do not have to) attend the Final Approval Hearing and present your objections to the Court.  You may attend the Final Approval Hearing even if you do not file a written objection, but you will only be allowed to speak at the Final Approval Hearing if you file a written objection in advance of the Final Approval Hearing AND you file a Notice of Intention To Appear, as described in this paragraph, or if the Court otherwise allows you to speak.  To do so, you must send a letter or other paper called a "Notice of Intention To Appear at Final Approval Hearing in *In re Advanta Corp. ERISA Litig.*, Civil Action No.: 2:09-cv-04974-CMR."  Be sure to include your name, address, telephone number, and your signature.  Your Notice of Intention To Appear must be received by the attorneys listed in the answer to Question 13 above, no later than _____ __, 2013, and must be filed with the Clerk of the Court at the address listed in the answer to Question 13.

## IF YOU DO NOTHING

### 17.  WHAT HAPPENS IF I DO NOTHING AT ALL?

If you do nothing and you are a Settlement Class Member, you will participate in the Settlement of the Action as described above in this Class Notice.

## GETTING MORE INFORMATION

### 18.  ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?

Yes.  This Class Notice summarizes the proposed Settlement.  The complete terms are set forth in the Settlement Agreement.  You may obtain a copy of the Settlement Agreement by making a written request to Class Counsel listed on Page 2 above.  Copies may also be obtained at a dedicated Settlement website, www.AdvantaERISAsettlement.com, by calling the toll-free number, 1-866-905-8103, or by sending an email to AdvantaERISAsettlement@ktmc.com.  You are encouraged to read the complete Settlement Agreement.

DATED: _____, 2013

**Questions?  CALL 1-866-905-8103 TOLL FREE, OR VISIT www.AdvantaERISAsettlement.com.**
**Do not call the Court with your questions.**
**Page 8 of 8**

# EXHIBIT B
## to the Preliminary Approval Order

*Publication Notice*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

```
_____  )
                                 )
                                 )
IN RE ADVANTA CORP. ERISA LITIG. )   CIVIL ACTION NO.: 2:09-cv-04974-CMR
                                 )
_____  )
```

### NOTICE BY PUBLICATION OF PROPOSED
### CLASS ACTION SETTLEMENT AND FINAL APPROVAL HEARING

**TO:** **ALL PERSONS (EXCLUDING DEFENDANTS AND THEIR IMMEDIATE FAMILY MEMBERS) WHO WERE PARTICIPANTS IN OR BENEFICIARIES (INCLUDING ALTERNATE PAYEES) OF THE ADVANTA CORP. EMPLOYEE STOCK OWNERSHIP PLAN AND/OR THE ADVANTA CORP. EMPLOYEE SAVINGS PLAN AT ANY TIME BETWEEN OCTOBER 31, 2006 AND NOVEMBER 8, 2009 (THE "CLASS PERIOD") AND WHOSE INDIVIDUAL PLAN ACCOUNTS INCLUDED INVESTMENT IN ADVANTA COMPANY STOCK AT ANY POINT DURING THE CLASS PERIOD.**

**PLEASE READ THIS NOTICE CAREFULLY. A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION. YOU ARE NOT BEING SUED.**

A Settlement has been preliminarily approved by a federal court in a class action lawsuit against certain individuals, including former officers and directors of Advanta Corp. ("Advanta" or the "Company"), alleging breaches of fiduciary duties under the Employee Retirement Income Security Act of 1974, *et seq.*, as amended ("ERISA"). The lawsuit is referred to herein as the "Action." This Settlement will provide for a cash payment of $4,500,000 (four million five hundred thousand U.S. dollars) to the Plans, minus Court-approved attorneys' fees and expenses, costs of administering the Settlement, and Case Contribution Awards to the Named Plaintiffs. The Settlement will be allocated to Plan participants who were invested in Advanta Stock during the Class Period pursuant to a Court-approved Plan of Allocation. The United States District Court for the Eastern District of Pennsylvania authorized this Notice. A final approval hearing (the "Final Approval Hearing") will be held at the United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Suite 12614, Philadelphia, Pennsylvania 19106-1797, or such other courtroom as the Court may designate,

on _____, 2013, at ____ _.m., before the Honorable Cynthia M. Rufe, United States District Court Judge to determine, among other things (as set forth in the Parties' proposed Final Approval Order and Judgment): (1) whether the proposed $4.5 million Settlement should be granted final approval; (2) whether the proposed Plan of Allocation is fair, reasonable, and adequate; (3) whether Class Counsel's request for an award of attorneys' fees, reimbursement of litigation expenses and for a Case Contribution Award to the Named Plaintiffs relating to their representation of the Settlement Class should be approved; and (4) whether the Action and the claims of the members of the Settlement Class against Defendants should be dismissed on the merits with prejudice, finding that there is no just reason for delay of enforcement or appeal of the Order as set forth in the Settlement Agreement (the "Settlement Agreement") filed with the Court.

If you are a member of the Settlement Class as defined above, your rights may be affected by the proposed Settlement and release of Parties and claims, as set forth in the Settlement Agreement. The Defendants and their Immediate Family Members are excluded from the Settlement.

**You do not have the right to exclude yourself from the Settlement in this case, but you do have the right to object by writing to the Court.** Any objection to the Settlement, must be filed with the clerk of the Court **no later than _____, 2013** and served upon each of the following law firms so that the objection is received no later than _____, at the addresses listed below:

| | | |
|---|---|---|
| **CLERK**<br>Clerk of the Court<br>United States District Court<br>Eastern District of Pennsylvania<br>James A. Byrne U.S. Courthouse<br>601 Market Street, Suite 12614<br>Philadelphia, Pennsylvania 19106-1797 | **CLASS COUNSEL**<br><br>**KESSLER TOPAZ MELTZER &**<br>**CHECK, LLP**<br>280 King of Prussia Road<br>Mark K. Gyandoh<br>mgyandoh@ktmc.com<br>280 King of Prussia Road<br>Radnor, PA 19087<br>Telephone: (610) 667-7706<br>Facsimile: (610) 667-7056 | |

| **DEFENDANTS' COUNSEL** | **DEFENDANTS' COUNSEL** | **DEFENDANTS' COUNSEL** |
|---|---|---|
| **DECHERT LLP**<br>Steven B. Feirson<br>Email: steven.feirson@dechert.com<br>Michael L. Kichline<br>Email: michael.kichline@dechert.com<br>J. Ian Downes<br>Email: ian.downes@dechert.com<br>Alexander R. Bilus<br>Email: sandy.bilus@dechert.com<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19104 | **AKIN GUMP STRAUSS HAUER &<br>FELD LLP**<br>David L. Comerford<br>dcomerford@akingump.com<br>James L. Griffith, Jr.<br>jgriffith@akingump.com<br>Jeffery A. Dailey<br>jdailey@akingump.com<br>Paul T. McGurkin, Jr.<br>pmcgurkin@akingump.com<br>Two Commerce Square<br>2001 Market Street<br>Suite 4100<br>Philadelphia, PA 19103 | **LAW OFFICE OF DAVID W.<br>ENGSTROM**<br>David W. Engstrom<br>dwe@wengstromlaw.com<br>4000 Two Commerce Square<br>2001 Market Street<br>Philadelphia, PA  19103 |

If the Settlement is approved by the Court and you are a member of the Settlement Class, you will receive any Settlement payment you are entitled to receive under the Settlement Agreement without having to file a claim.

If you are a member of the Settlement Class and have not yet received the Class Notice, or if you want more information regarding anything in this Publication Notice, you may obtain such information by visiting www.AdvantaERISAsettlement.com, calling toll-free 866-905-8103, by writing to Class Counsel listed above or sending an email to AdvantaERISAsettlement@ktmc.com.

**DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, THE COMPANY, OR DEFENDANTS REGARDING THIS NOTICE.  THEY WILL NOT BE ABLE TO ANSWER YOUR QUESTIONS.**

DATED: _____, 2013              By Order of the United States District Court, Eastern District of Pennsylvania

# EXHIBIT C
## to the Preliminary Approval Order

*CAFA Notice*



Cira Centre
2929 Arch Street
Philadelphia, PA  19104-2808
+1  215  994  4000  Main
+1  215  994  2222  Fax
www.dechert.com

**J. IAN DOWNES**

ian.downes@dechert.com
+1 215 994 2346  Direct
+1 215 655 2346  Fax

August ___, 2013

**VIA FEDERAL EXPRESS**

The Honorable Eric H. Holder, Jr.
United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC  20580

Re:  Notice under Class Action Fairness Act of 2005 of Proposed Settlement in *In re Advanta Corp. ERISA Litigation*, No. 2:09-CV-04974-CMR (U.S.D.C. - E.D.Pa.).

Dear Attorney General Holder:

The named defendants (collectively "Defendants") in the above-captioned action hereby provide this Notice of a Proposed Class Action Settlement ("Notice") in the above-referenced action pursuant to the Class Action Fairness Act of 2005 ("CAFA").

In accordance with their obligations under CAFA, Defendants enclose the following:

**(1)    A Copy of the Complaint, any materials filed with the Complaint, and any Amended Complaints.**

Enclosed on CD as Exhibits 1a through 1e are copies of the Consolidated Class Action Complaint filed in this action, as well as the various complaints filed prior to the consolidation of the individual actions filed by the individual named plaintiffs. Copies of the Complaints can also be found online via PACER, the United States District Court for the Eastern District of Pennsylvania CM/ECF system, and/or the website www.advantaerisasettlement.com.

**(2)    Notice of any scheduled judicial hearing in the class action.**

The Court has scheduled a final approval and fairness hearing on the settlement for [date and time] Eastern Time before the Honorable U.S. District Judge Cynthia M. Rufe at the United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, Courtroom ___, 601 Market Street, Philadelphia, PA 19106-



August ___, 2013
Page 2

1797. A copy of the Preliminary Approval Order scheduling the hearing is enclosed on CD as Exhibit 2.

**(3)    Any proposed or final notification to class members.**

The Notice of the Class Action Settlement and Fairness Hearing ("Class Notice") is enclosed on CD as Exhibit 3. The Class Notice informs members of the Class that they do not have the right to exclude themselves from the Settlement. To that end, the Class Notice states in part:

> **You do not have the right to exclude yourself from the Settlement.** The Settlement Agreement provides for certification of the Settlement Class as a non-opt-out class action under Federal Rule of Civil Procedure 23(b)(1), and the Court has preliminarily determined that the requirements of that rule have been satisfied. Thus, it is not possible for any Settlement Class Members to exclude themselves from the Settlement. As a Settlement Class Member, you will be bound by any judgments or orders that are entered in the Action for all claims that were or could have been asserted in the Action or are otherwise released under the Settlement.
>
> Although you cannot opt out of the Settlement, you can object to the Settlement and ask the Court not to approve it. For more information on how to object to the Settlement, see the answer to Question 13 below.

**(4)    Any proposed or final class action settlement.**

The Settlement Agreement (with exhibits) enclosed on CD as Exhibit 4.

**(5)    Any settlement or other agreement contemporaneously made between class counsel and counsel for the Defendants.**

No other settlements or agreements have been made between class counsel and counsel for the Defendants.

**(6)    A final judgment or notice of dismissal.**



Final Judgment has not yet been entered. Upon entry, a copy of the Final Judgment can be found on-line via PACER, the United States District Court for the Eastern District of Pennsylvania CM/ECF system, and/or the website www.advantaerisasettlement.com.

**(7)    Names of class members who reside in each state and the estimated proportionate share of the claims of each state's members to the entire settlement.**

A list of the names of the class members who it is believed reside in each state is included as Exhibit 5 on the enclosed CD.  Based on the information reasonably available to Defendants at the current time, it is estimated that the proportionate share of the settlement proceeds that will be distributed to the class members in each state, in comparison to the total amount to be distributed to the entire class is as follows:

**State**          **Proportionate Share**

Please note that the official distribution calculations will be performed and the distribution directed by the Settlement Administrator.

**(8)    Any written judicial opinion relating to the materials described in (3) through (6).**

As noted above, the Preliminary Approval Order, issued on August __, 2013, is enclosed on CD as Exhibit 2.

CAFA does not require you to comment on the settlement. If you wish to do so, however, pursuant to the Preliminary Approval Order, your objection must be submitted to the Court in writing no later than [date].



If you have questions about this notice, the lawsuit, or the enclosed materials, please contact me.

Sincerely,


J. Ian Downes

/Enclosures

JID/nk

# EXHIBIT 2

## Final Judgment

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| | ) |
| | ) |
| IN RE ADVANTA CORP. ERISA LITIG. | ) CIVIL ACTION NO.: 2:09-cv-04974-CMR |
| | ) |
| | ) |

## FINAL APPROVAL ORDER AND JUDGMENT

This *Action* came on for hearing on _____ __, 2013 to determine the fairness of the proposed settlement (the "*Settlement*") presented to the *Court* on _____ __, 2013 and the subject of this *Court's* Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying a Class for Settlement Purposes, Approving Form and Manner of Class Notice, and Setting Date for Hearing on Final Approval of Settlement (Court File No. __). The issues having been duly heard and a decision having been duly reached,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized and/or italicized terms used in this Final Approval Order and Judgment shall have the same meanings as ascribed to them in the *Settlement Agreement* among *Named Plaintiffs* and *Defendants*.

1.    The *Court* has jurisdiction over the subject matter of the *Action* and over all *Parties* to the *Action*, including all members of the *Settlement Class*.

2.    For the sole purpose of settling and resolving the *Action*, the *Court* certifies this action as a Class Action under FED. R. CIV. P. 23(a) and 23(b)(1). The *Settlement Class* is defined as:

> All persons, except *Defendants* and their *Immediate Family Members*, who were participants in or beneficiaries of the *Advanta Corp. Employee Stock Ownership Plan* and/or the *Advanta Corp. Employee Savings Plan* at any time between October 31, 2006 and November 8, 2009 (the "*Class*

*Period*") and whose *Plan* accounts included investments in *Advanta* common stock.

3.      Matthew A. Ragan, Paula Hiatt, Pamela Yates and Joann Claflin (the "*Named Plaintiffs*") are appointed as class representatives and Kessler Topaz Meltzer & Check, LLP is appointed as *Class Counsel* pursuant to FED. R. CIV. P. 23(g).

4.      The *Court* finds for the sole purpose of settling and resolving the *Action* that:

(a)      The numerosity requirement of FED. R. CIV. P. 23(a)(1) is satisfied because the *Settlement Class* is so numerous that it is impractical to bring all *Settlement Class* members before the *Court* individually.

(b)      The commonality requirement of FED. R. CIV. P. 23(a)(2) is satisfied because the allegations of the *Settlement Class* present common questions of law or fact, including:

(i)      Whether the *Defendants* breached fiduciary obligations to the *Plans* and participants by causing the *Plans* to offer the *Company Stock Fund* as an investment option for the *Plans*;

(ii)      Whether certain *Defendants* breached fiduciary obligations to the *Plans* and their participants by failing to monitor other *Defendants*; and

(iii)      Whether the alleged breaches of fiduciary duty by the *Defendants* caused the *Plans* and their participants and beneficiaries to suffer losses.

(c)      The typicality requirement of FED. R. CIV. P. 23(a)(3) is satisfied because the claims of the class representatives arise from the same alleged course of conduct that gives rise to the claims of the *Settlement Class*, and the class representatives' claims are based on the same legal theory as those of the *Settlement Class*. The *Named Plaintiffs* allege that they were *Plan* participants during the *Class Period* with *Plan* accounts that included investments in the

*Company Stock Fund*, that the *Plans'* fiduciaries treated their and all other *Plan* participants alike, and that *Plan*-wide relief is necessary and appropriate under *ERISA*.  Under these circumstances, for purposes of the *Settlement* only, and subject to the foregoing, the claims asserted by the *Named Plaintiffs* are sufficiently typical of the claims asserted by the *Settlement Class* as a whole to satisfy FED. R. CIV. P. 23(a)(3).

(d)     The adequacy requirement of FED. R. CIV. P. 23(a)(4) is satisfied.  For the purposes of this *Settlement*, the *Court* finds that the *Named Plaintiffs* have no conflicting interests with absent members of the *Settlement Class* and have adequately prosecuted this *Action*.

(e)     The requirements of FED. R. CIV. P. 23(b)(1) are also satisfied.  Given the plan-representative nature of *Named Plaintiffs'* breach of fiduciary duty claims, there is a risk that failure to certify the *Settlement Class* would leave future plaintiffs without relief and there is also a risk of inconsistent dispositions that might prejudice the *Defendants*.  This case is appropriate for class certification, for the purposes of this *Settlement,* under FED. R. CIV. P. 23(b)(1).

(f)     The *Court* has also considered each of the elements required by FED. R. CIV. P. 23(g) in order to ensure that *Class Counsel* will fairly and adequately represent the interests of the *Settlement Class*.  *Class Counsel* has done the work necessary to identify and investigate potential claims in the *Action*, to investigate the allegations made in the *Complaint*, including interviewing witnesses, reviewing publicly available information, reviewing documents and materials uncovered in their investigation, consulting with experts, and representing the *Settlement Class's* interests during the litigation.  *Class Counsel* has substantial experience in handling class actions and claims of the type asserted in this *Action*.  *Class*

*Counsel* has also demonstrated extensive knowledge of the applicable law.  The *Court* concludes that *Class Counsel* has fairly and adequately represented the interests of the *Settlement Class*.

(g)     The *Settlement Class* has received proper and adequate notice of the *Settlement Agreement*, the *Final Approval Hearing*, *Class Counsel's* application for attorneys' fees and expenses and for a *Case Contribution Award* to the *Named Plaintiffs*, and the *Plan of Allocation*, such notice having been given in accordance with the *Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying a Class for Settlement Purposes, Approving Form and Manner of Class Notice, and Setting Date for Hearing on Final Approval of Settlement* (Court File No. ___).  Such notice included individual notice to all members of the *Settlement Class* who could be identified through reasonable efforts, through publication in the Philadelphia Daily News, as well as notice through a dedicated website, and provided valid, due, and sufficient notice of these proceedings and of the matters set forth in this Order, and included sufficient information regarding the procedure for the making of objections.  Such notice fully satisfied the requirements of FED. R. CIV. P. 23 and the requirements of due process.

5.     The Court hereby approves the *Settlement Agreement* and orders that the *Settlement Agreement* shall be consummated and implemented in accordance with its terms and conditions.

6.     Pursuant to FED. R. CIV. P. 23(e), the Court finds that the *Settlement* embodied in the *Settlement Agreement* is a fair, reasonable, and adequate settlement and compromise of the claims asserted in this *Action*.  Specifically, the *Court* finds that:

(a)     The *Settlement* was negotiated vigorously and at arms'-length by counsel for the *Defendants,* on the one hand, and the *Named Plaintiffs* and *Class Counsel* on behalf of the *Settlement Class*, on the other hand;

(b)     This *Action* settled after *Defendants* had answered the operative complaint in this matter (Court File No. 94-106) and substantial discovery had been conducted;

(c)     The *Settlement* was reached with the assistance of an experienced *Mediator*, who was thoroughly familiar with this litigation;

(d)     *Named Plaintiffs* and *Defendants* had sufficient information to evaluate the settlement value of the *Action*;

(e)     If the *Settlement* had not been achieved, the *Parties* faced the expense, risk, and uncertainty of extended litigation;

(f)     The amount of the *Settlement* – four million, five hundred thousand dollars ($4,500,000.00) – is fair, reasonable, and adequate;

(g)     At all times, the *Named Plaintiffs* have acted independently of *Defendants* and in the interest of the *Settlement Class*;

(h)     The form and manner of the notice provided by *Defendants* pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1711, *et seq.* ("CAFA"), are in compliance with CAFA.

(i)     The *Court* has duly considered and rejected any *Objections* to the *Settlement* that were filed.

7.     The *Plan of Allocation* is fair and reasonable. The *Net Settlement Fund* shall be distributed in accordance with the *Plan of Allocation* and the *Settlement Agreement*.

8.     The *Court* appoints Nicholas L. Saakvitne, Esq. as *Plan Administrator* to (1) reinstate the *Plans* in order to allow the *Net Settlement Fund* to be distributed through

the *Reinstated Plan*;  (2) serve as *Plan Administrator* for the *Reinstated Plan*, including for purposes of overseeing the distribution by the *Settlement Administrator* of the *Net Settlement Fund* to *Settlement Class Members* and, to the extent permitted by law, ensuring that the *Reinstated Plan* complies with all the requirements of ERISA and the federal tax code in order that the *Settlement Class Members* may receive their shares of the *Net Settlement Fund* as qualified distributions, if they so desire; and 3) *Terminate* the *Reinstated Plan* immediately following complete distribution of the *Net Settlement Fund*. Further, the *Plan Administrator*: (1) shall direct the *Settlement Administrator* to distribute the *Net Settlement Fund* to *Settlement Class Members* in accordance with the *Plan of Allocation*; (2) shall then be exclusively responsible for overseeing the *Settlement Administrator'*s distribution of the *Net Settlement Fund* to the *Settlement Class Members* in accordance with the *Plan of Allocation* based on the calculations of the *Settlement Administrator*; and (3) shall be responsible for directing the *Settlement Administrator* to take reasonable steps to properly allocate the *Net Settlement Fund* to the *Plan* accounts of the *Settlement Class Members*.  Both the *Settlement Administrator's* and the *Plan Administrator's* fees and expenses incurred for the administration of this *Settlement* shall be paid from the *Settlement Fund*.

9.     Any court order regarding *Class Counsel's* motion for an award of attorneys' fees, reimbursement of litigation expenses, and *Case Contribution Awards* for *Named Plaintiffs* shall in no way disturb or affect this *Final Approval Order and Judgment*.  Reversal or modification on appeal of any order concerning *Class Counsel's* motion for an award of attorneys' fees, reimbursement of litigation expenses, and *Case Contribution Awards* for *Named Plaintiffs* shall not affect the finality of this *Final*

*Approval Order and Judgment* and shall not constitute grounds for cancellation or termination of the *Settlement*.

10.     The *Court* holds that the *Escrow Account* established to hold the *Settlement Fund* is approved in order that it may be a Qualified Settlement Fund ("QSF") for federal tax purposes pursuant to Treas. Reg. § 1.468B-1.

11.     The *Action* is hereby dismissed with prejudice, each party to bear his, her, or its own costs, except as expressly provided herein.

12.     Upon the *Effective Date*, the following claims are released by operation of this Order and *Final Judgment*, as set forth in Sections 3 and 4 of the *Settlement Agreement*:

(a)     <u>*Named Plaintiffs*, the *Settlement Class*, and the *Plans'* Releases:</u> Upon the *Effective Date*, the *Named Plaintiffs* (or their Successors) shall and hereby do conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge, and the *Plans* and the *Settlement Class* shall, by operation of the *Final Approval Order and Judgment*, be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged the *Plaintiffs' Released Persons* from all of *Plaintiffs' Released Claims*.

(b)     <u>*Defendants' Releases*:</u> Upon the *Effective Date*, *Defendants* shall conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge *Defendants' Released Persons* from all of *Defendants' Released Claims*.

(c)     <u>Scope of Releases:</u> The release and discharge set forth in Sections 12(a) and 12(b) shall not include the release or discharge of any rights or duties of the *Parties*

arising out of this *Settlement Agreement*, including the express warranties and covenants contained herein.

13.     The *Court* retains exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the *Settlement Agreement* or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the *Class Notice*, this *Final Approval Order and Judgment*, or the *Settlement Agreement* or the termination of the *Settlement Agreement*.  The *Court* also retains exclusive jurisdiction and will rule by separate Order with respect to all applications for awards of attorneys' fees, reimbursement of litigation expenses and payment of *Case Contribution Awards* to *Named Plaintiffs*, submitted pursuant to the *Settlement Agreement*.

14.     In the event that the *Settlement Agreement* is terminated in accordance with its terms, this *Final Approval Order and Judgment* shall be rendered null and void, *ab initio,* and shall be vacated *nunc pro tunc*, and this *Action* shall for all purposes with respect to the *Parties* revert to its status as of the day immediately before the *Agreement Execution Date*.  The *Parties* shall be afforded a reasonable opportunity to negotiate a new case management schedule.

15.     The *Court* recognizes that *Defendants* have denied and continue to deny any and all liability with respect to the *Claims* of *Named Plaintiffs* and the *Settlement Class*.  Neither the *Settlement Agreement*, this *Final Approval Order and Judgment*, any act performed or document executed in furtherance of the *Settlement*, nor the fact of the *Settlement* shall be used or construed as an admission, concession, or declaration of the

7

*Defendants*, or any other person, of fiduciary status, fault, omission, mistake, or liability, nor shall be offered as evidence of any liability in this *Action* or any other proceeding.

SO ORDERED this _____ day of _____, 2013.

 

 

_____

HON. CYNTHIA M. RUFE
UNITED STATES DISTRICT JUDGE

# EXHIBIT 3

Plan of Allocation

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| | ) |
| | ) |
| IN RE ADVANTA CORP. ERISA LITIG. | ) CIVIL ACTION NO.: 2:09-cv-04974-CMR |
| | ) |
| | ) |

## PLAN OF ALLOCATION

**1. Definitions**

Except as indicated in this *Plan of Allocation*, the capitalized and italicized terms used herein shall have the meaning ascribed to them in the *Settlement Agreement* in the above-captioned *Action* fully executed as of _____ __, 2013 (the "*Settlement Agreement*").

**2. Calculation of Allocation**

A. Prior to disbursement of the *Net Settlement Fund* to the *Reinstated Plan*, the *Parties* shall contact the *Former Savings Plan Trustees*, the *Former ESOP Recordkeepers* and the *Former ESOP Custodians*, as necessary, to request the data necessary to allow the *Settlement Administrator* to determine the amount to be distributed to each *Settlement Class Member* in accordance with this *Plan of Allocation* as provided in Section 9.1 of the *Settlement Agreement*.

B. For each *Settlement Class Member*, the *Settlement Administrator* shall determine the approximate net loss ("*Net Loss*") as follows: *Net Loss* = A + B − C − D, where, for each *Settlement Class Member's* individual *Plan* account prior to the *Plans'* termination:

      1. A = the dollar value, if any, of the balance invested in *Advanta Stock* in the *Plans* on the first day of the *Class Period*;

      2. B = the dollar value, if any, of all acquisitions of *Advanta Stock* in the *Plans* during the *Class Period* as of the time of purchase(s);

      3. C = the dollar value, if any, of all dispositions of *Advanta Stock* in the *Plans* during the *Class Period* as of the time of the sale(s); and

4. D = the dollar value, if any, of *Advanta Stock* remaining in the *Plans* on the last day of the *Class Period* as of the time of market close.

In the event that a *Settlement Class Member's* account was transferred, in whole or in part, to a beneficiary (including an alternate payee) in accordance with the terms of the *Plans* during the *Class Period*, the *Settlement Class Member* and the transferee beneficiary shall be treated as a single *Settlement Class Member* for the purpose of determining a *Net Loss*. The *Net Loss* shall then be allocated between the *Settlement Class Member* and beneficiary according to the proportion of the *Net Loss* attributable to the holdings of the *Settlement Class Member* and of the beneficiary.

C. The *Net Losses* of the *Settlement Class Members* as calculated in Section 2.B above will be totaled to yield the loss of the *Plan* as a whole over the *Class Period* (the "*Plans' Loss*").

D. The *Settlement Administrator* shall calculate each *Settlement Class Member's* "*Preliminary Fractional Share*" of the *Plans' Loss* by dividing each *Settlement Class Member's Net Loss* by the *Plans' Loss*.

E. The *Settlement Administrator* shall then calculate for each *Settlement Class Member* his or her "*Preliminary Dollar Recovery*" by multiplying the *Settlement Class Member's* "*Preliminary Fractional Share*" by the *Net Settlement Fund*.

F. The *Settlement Administrator* shall identify all *Settlement Class Members* whose *Preliminary Dollar Recovery* is greater than zero dollars ($0.00) but less than or equal to a minimum amount of five dollars ($5.00). All such *Settlement Class Members* shall be identified as the "*Non-Recipients*" and will not receive an allocation from the *Net Settlement Fund*. The *Preliminary Dollar Recovery* otherwise allocable to the *Non-Recipients* shall be reallocated among the other *Settlement Class Members* proportionately in accordance with their *Net Losses*.

2

G.  The *Settlement Administrator* shall then identify all *Settlement Class Members* whose *Preliminary Dollar Recovery* is greater than five dollars ($5.00) but less than or equal to nine dollars and ninety-nine cents ($9.99).  All such *Settlement Class Members* shall receive an allocation of nine dollars and ninety-nine cents ($9.99) (the "*Minimum Amount*").

H.  The *Settlement Administrator* shall then recalculate the *Preliminary Fractional Shares* and the *Preliminary Dollar Recoveries* so as to arrive at the "*Final Fractional Share*" and the "*Final Dollar Recovery*" for each remaining *Settlement Class Member*.  The sum of the *Minimum Amounts* plus the *Final Dollar Recoveries* must equal the *Net Settlement Fund*.

I.  To the extent that detailed data is not available to determine the account balances of *Settlement Class Members* at the beginning or end of the *Class Period,* the foregoing calculations may be performed using data as of the nearest date for which data is available after the beginning or end of the applicable event, unless such different amount was actually distributed, in which case the actual distribution amount shall be used.

**3.  Distribution of the Allocated Amounts**

A.  Within thirty (30) business days after the *Settlement* becomes *Final* as described in Sections 1.31 and 2 of the *Settlement Agreement*, then under the direction of *Plan Administrato*r, Nicholas L. Saakvitne, Esq., new *Plan* documents will be drafted and the *Plans* will be reinstated for the purpose of distributing the *Net Settlement Fund*.[1]  The *Plan Administrator* will ensure that the *Reinstated Plan* complies with all the requirements of ERISA and the federal tax code in order, to the maximum extent permitted by applicable law, that the *Settlement Class Members* may receive their allocations of the *Net Settlement Fund* as qualified distributions, if they so desire.

---

[1] The *Plan Administrator* may, at his sole discretion, reinstate the *Plans* as a combined *Plan* if doing so will benefit the *Settlement Class*.

B.      Within thirty (30) business days following the reinstatement of the *Plans* as described in Section 3.A above, the *Net Settlement Fund* shall be transferred to the *Reinstated Plan* for allocation to the *Settlement Class Members*.  Under the direction and supervision of the *Plan Administrator,* the *Settlement Administrator* will calculate each *Settlement Class Member's* recovery under the *Settlement* consistent with the formula set forth in Section 2.B. above.

C.      Within thirty (30) business days following the transfer of the *Net Settlement Fund* to the *Reinstated Plan* as described in Section 3.B above, the *Settlement Administrator* will, under the direction of the *Plan Administrator*, send to each *Settlement Class Member* eligible to receive a *Settlement* distribution, via Certified U.S. Mail, an "*Election Form*" directing the *Settlement Class Member* to choose whether he or she wishes to (i) roll over his or her *Final Dollar Recovery* into an individual retirement account ("IRA") or other qualified retirement plan, or (ii) receive a check for his or her *Final Dollar Recovery* that will be taxed according to the Internal Revenue Code.  *Settlement Class Members* will have 60 days following receipt to return their executed *Election Forms* to the *Settlement Administrator*.  Any *Settlement Class Member* who fails to return an executed *Election Form* to the *Settlement Administrator* within 60 days following receipt will be deemed to have elected that his or her *Final Dollar Recovery* be rolled over into an IRA or other qualified retirement plan established for them by the *Plan Administrator* at an appropriate financial institution.

D.      Following the mailing of the *Election Forms* to the *Settlement Class Members* as described in Section 3.C above, the *Settlement Administrator* shall issue payment of each *Settlement Class Member's Final Dollar Recovery* in accordance with his or her election pursuant to Paragraph 3.C. above in a rolling production of no more than three batches as necessary to keep up with *Settlement Class Member* responses.

E.      If any *Settlement Class Member* with a *Final Dollar Recovery* cannot be located despite reasonable efforts, such *Settlement Class Member's Final Dollar Recovery* shall be administered in accordance with the procedures of the *Reinstated Plan* regarding participants who cannot be located.  If any *Settlement Class Member* with a *Final Dollar Recovery* is deceased, such *Settlement Class Member's Final Dollar Recovery* shall be administered in accordance with the procedures of the *Reinstated Plan* regarding deceased participants.  If a Qualified Domestic Relations Order ("QDRO") is in effect which applies to a *Settlement Class Member* receiving a *Settlement* distribution, the procedures of the *Reinstated Plan* regarding QDROs shall apply.  Notwithstanding the foregoing, if the amount of a *Settlement Class Member's Final Dollar Recovery* remains unclaimed after one year from distribution of the initial payments pursuant to this *Plan of Allocation*, the *Settlement Administrator* shall at the direction of *Class Counsel*, determine the aggregate value, if any, of undeliverable, unclaimed, and/or forfeited distributions under this *Plan of Allocation*, and *Class Counsel* shall, within sixty (60) days thereafter, make a motion to the Court for approval for final distribution of any such amount.  Such a proposal would include a redistribution to *Settlement Class Members* if economically practicable or a *cy pres* distribution approved by the Court.

**4.      Qualifications**

A.      Depending on the manner in which the data is kept and the ease with which it can be manipulated, it may be appropriate to simplify some of the features of these calculations. Such simplifications are acceptable as long as the two basic features of the distribution of the *Net Settlement Fund* are preserved:  (1) that each *Settlement Class Member* receives a proportionate share of the *Net Settlement Fund* based approximately on the decline in the value of *Advanta Stock* held in the *Settlement Class Member's* individual *Plan* account over the *Class Period* in

comparison with the decline in value of *Advanta Stock* held by all other *Settlement Class Members* in their individual *Plan* accounts over the *Class Period*; and (2) provided that the *Plaintiffs* do not agree to waive reinstatement of the *Plans* for purposes of allocating the *Net Settlement Fund* pursuant to Section 2.2 of the *Settlement Agreement*, so that each *Settlement Class Member's Settlement* allocation is, to the maximum extent permitted by applicable law, distributed as a *Plan* distribution or roll over to another tax-qualified retirement account (if he or she so elects) so as to realize any potential tax advantage of investment in the *Plans*. Any such changes will be presented to the *Court* for approval pursuant to Section 5 below.

**5.     Continuing Jurisdiction**

A.     The *Court* will retain jurisdiction over the *Plan of Allocation* to the extent necessary to ensure that it is fully and fairly implemented.


SO ORDERED this _____ day of _____, 2013.


_____
HON. CYNTHIA M. RUFE
UNITED STATES DISTRICT JUDGE