**FILED**
JAN - 9 2014
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE ADVANTA CORP. ERISA LITIG. ) CIVIL ACTION NO.: 2:09-cv-04974-CMR

## FINAL APPROVAL ORDER AND JUDGMENT

This *Action* came on for hearing on January 8, 2014, to determine the fairness of the proposed settlement (the "*Settlement*") presented to the *Court* on November 27, 2013 and the subject of this *Court's* Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying a Class for Settlement Purposes, Approving Form and Manner of Class Notice, and Setting Date for Hearing on Final Approval of Settlement (Court File No. 161). The issues having been duly heard and a decision having been duly reached,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized and/or italicized terms used in this Final Approval Order and Judgment shall have the same meanings as ascribed to them in the *Settlement Agreement* among *Named Plaintiffs* and *Defendants*.

1. The *Court* has jurisdiction over the subject matter of the *Action* and over all *Parties* to the *Action*, including all members of the *Settlement Class*.

2. For the sole purpose of settling and resolving the *Action*, the *Court* certifies this action as a Class Action under FED. R. CIV. P. 23(a) and 23(b)(1). The *Settlement Class* is defined as:

> All persons, except *Defendants* and their *Immediate Family Members*, who were participants in or beneficiaries of the *Advanta Corp. Employee Stock Ownership Plan* and/or the *Advanta Corp. Employee Savings Plan* at any time between October 31, 2006 and November 8, 2009 (the "*Class*

        *Period*") and whose *Plan* accounts included investments in *Advanta* common stock.

3.    Matthew A. Ragan, Paula Hiatt, Pamela Yates and Joann Claflin (the "*Named Plaintiffs*") are appointed as class representatives and Kessler Topaz Meltzer & Check, LLP is appointed as *Class Counsel* pursuant to FED. R. CIV. P. 23(g).

4.    The *Court* finds for the sole purpose of settling and resolving the *Action* that:

    (a)    The numerosity requirement of FED. R. CIV. P. 23(a)(1) is satisfied because the *Settlement Class* is so numerous that it is impractical to bring all *Settlement Class* members before the *Court* individually.

    (b)    The commonality requirement of FED. R. CIV. P. 23(a)(2) is satisfied because the allegations of the *Settlement Class* present common questions of law or fact, including:

        (i)    Whether the *Defendants* breached fiduciary obligations to the *Plans* and participants by causing the *Plans* to offer the *Company Stock Fund* as an investment option for the *Plans*;

        (ii)    Whether certain *Defendants* breached fiduciary obligations to the *Plans* and their participants by failing to monitor other *Defendants*; and

        (iii)    Whether the alleged breaches of fiduciary duty by the *Defendants* caused the *Plans* and their participants and beneficiaries to suffer losses.

    (c)    The typicality requirement of FED. R. CIV. P. 23(a)(3) is satisfied because the claims of the class representatives arise from the same alleged course of conduct that gives rise to the claims of the *Settlement Class*, and the class representatives' claims are based on the same legal theory as those of the *Settlement Class*. The *Named Plaintiffs* allege that they were *Plan* participants during the *Class Period* with *Plan* accounts that included investments in the

1

*Company Stock Fund*, that the *Plans'* fiduciaries treated their and all other *Plan* participants alike, and that *Plan*-wide relief is necessary and appropriate under *ERISA*. Under these circumstances, for purposes of the *Settlement* only, and subject to the foregoing, the claims asserted by the *Named Plaintiffs* are sufficiently typical of the claims asserted by the *Settlement Class* as a whole to satisfy FED. R. CIV. P. 23(a)(3).

(d) The adequacy requirement of FED. R. CIV. P. 23(a)(4) is satisfied. For the purposes of this *Settlement*, the *Court* finds that the *Named Plaintiffs* have no conflicting interests with absent members of the *Settlement Class* and have adequately prosecuted this *Action*.

(e) The requirements of FED. R. CIV. P. 23(b)(1) are also satisfied. Given the plan-representative nature of *Named Plaintiffs'* breach of fiduciary duty claims, there is a risk that failure to certify the *Settlement Class* would leave future plaintiffs without relief and there is also a risk of inconsistent dispositions that might prejudice the *Defendants*. This case is appropriate for class certification, for the purposes of this *Settlement*, under FED. R. CIV. P. 23(b)(1).

(f) The *Court* has also considered each of the elements required by FED. R. CIV. P. 23(g) in order to ensure that *Class Counsel* will fairly and adequately represent the interests of the *Settlement Class*. *Class Counsel* has done the work necessary to identify and investigate potential claims in the *Action*, to investigate the allegations made in the *Complaint*, including interviewing witnesses, reviewing publicly available information, reviewing documents and materials uncovered in their investigation, consulting with experts, and representing the *Settlement Class's* interests during the litigation. *Class Counsel* has substantial experience in handling class actions and claims of the type asserted in this *Action*. *Class*

*Counsel* has also demonstrated extensive knowledge of the applicable law. The *Court* concludes that *Class Counsel* has fairly and adequately represented the interests of the *Settlement Class*.

    (g)  The *Settlement Class* has received proper and adequate notice of the *Settlement Agreement*, the *Final Approval Hearing*, *Class Counsel's* application for attorneys' fees and expenses and for a *Case Contribution Award* to the *Named Plaintiffs*, and the *Plan of Allocation*, such notice having been given in accordance with the *Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying a Class for Settlement Purposes, Approving Form and Manner of Class Notice, and Setting Date for Hearing on Final Approval of Settlement* (Court File No. 161). Such notice included individual notice to all members of the *Settlement Class* who could be identified through reasonable efforts, through publication in the Philadelphia Daily News, as well as notice through a dedicated website, and provided valid, due, and sufficient notice of these proceedings and of the matters set forth in this Order, and included sufficient information regarding the procedure for the making of objections. Such notice fully satisfied the requirements of FED. R. CIV. P. 23 and the requirements of due process.

  5.  The Court hereby approves the *Settlement Agreement* and orders that the *Settlement Agreement* shall be consummated and implemented in accordance with its terms and conditions.

  6.  Pursuant to FED. R. CIV. P. 23(e), the Court finds that the *Settlement* embodied in the *Settlement Agreement* is a fair, reasonable, and adequate settlement and compromise of the claims asserted in this *Action*. Specifically, the *Court* finds that:

    (a)  The *Settlement* was negotiated vigorously and at arms'-length by counsel for the *Defendants*, on the one hand, and the *Named Plaintiffs* and *Class Counsel* on behalf of the *Settlement Class*, on the other hand;

(b) This *Action* settled after *Defendants* had answered the operative complaint in this matter (Court File No. 94-106) and substantial discovery had been conducted;

(c) The *Settlement* was reached with the assistance of an experienced *Mediator*, who was thoroughly familiar with this litigation;

(d) *Named Plaintiffs* and *Defendants* had sufficient information to evaluate the settlement value of the *Action*;

(e) If the *Settlement* had not been achieved, the *Parties* faced the expense, risk, and uncertainty of extended litigation;

(f) The amount of the *Settlement* – four million, five hundred thousand dollars ($4,500,000.00) – is fair, reasonable, and adequate;

(g) At all times, the *Named Plaintiffs* have acted independently of *Defendants* and in the interest of the *Settlement Class*;

(h) The form and manner of the notice provided by *Defendants* pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1711, *et seq.* ("CAFA"), are in compliance with CAFA.

(i) The *Court* has duly considered and rejected any *Objections* to the *Settlement* that were filed.

7. The *Plan of Allocation* is fair and reasonable. The *Net Settlement Fund* shall be distributed in accordance with the *Plan of Allocation* and the *Settlement Agreement*.

8. The *Court* appoints Nicholas L. Saakvitne, Esq. as *Plan Administrator* to (1) reinstate the *Plans* in order to allow the *Net Settlement Fund* to be distributed through

the *Reinstated Plan*; (2) serve as *Plan Administrator* for the *Reinstated Plan*, including for purposes of overseeing the distribution by the *Settlement Administrator* of the *Net Settlement Fund* to *Settlement Class Members* and, to the extent permitted by law, ensuring that the *Reinstated Plan* complies with all the requirements of ERISA and the federal tax code in order that the *Settlement Class Members* may receive their shares of the *Net Settlement Fund* as qualified distributions, if they so desire; and 3) *Terminate* the *Reinstated Plan* immediately following complete distribution of the *Net Settlement Fund*. Further, the *Plan Administrator*: (1) shall direct the *Settlement Administrator* to distribute the *Net Settlement Fund* to *Settlement Class Members* in accordance with the *Plan of Allocation*; (2) shall then be exclusively responsible for overseeing the *Settlement Administrator's* distribution of the *Net Settlement Fund* to the *Settlement Class Members* in accordance with the *Plan of Allocation* based on the calculations of the *Settlement Administrator*; and (3) shall be responsible for directing the *Settlement Administrator* to take reasonable steps to properly allocate the *Net Settlement Fund* to the *Plan* accounts of the *Settlement Class Members*. Both the *Settlement Administrator's* and the *Plan Administrator's* fees and expenses incurred for the administration of this *Settlement* shall be paid from the *Settlement Fund*.

    9. Any court order regarding *Class Counsel's* motion for an award of attorneys' fees, reimbursement of litigation expenses, and *Case Contribution Awards* for *Named Plaintiffs* shall in no way disturb or affect this *Final Approval Order and Judgment*. Reversal or modification on appeal of any order concerning *Class Counsel's* motion for an award of attorneys' fees, reimbursement of litigation expenses, and *Case Contribution Awards* for *Named Plaintiffs* shall not affect the finality of this *Final*

*Approval Order and Judgment* and shall not constitute grounds for cancellation or termination of the *Settlement*.

10. The *Court* holds that the *Escrow Account* established to hold the *Settlement Fund* is approved in order that it may be a Qualified Settlement Fund ("QSF") for federal tax purposes pursuant to Treas. Reg. § 1.468B-1.

11. The *Action* is hereby dismissed with prejudice, each party to bear his, her, or its own costs, except as expressly provided herein.

12. Upon the *Effective Date*, the following claims are released by operation of this Order and *Final Judgment*, as set forth in Sections 3 and 4 of the *Settlement Agreement*:

(a) <u>Named Plaintiffs, the *Settlement Class*, and the *Plans'* Releases</u>: Upon the *Effective Date*, the *Named Plaintiffs* (or their Successors) shall and hereby do conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge, and the *Plans* and the *Settlement Class* shall, by operation of the *Final Approval Order and Judgment*, be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged the *Plaintiffs' Released Persons* from all of *Plaintiffs' Released Claims*.

(b) <u>Defendants' Releases</u>: Upon the *Effective Date*, *Defendants* shall conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge *Defendants' Released Persons* from all of *Defendants' Released Claims*.

(c) <u>Scope of Releases:</u> The release and discharge set forth in Sections 12(a) and 12(b) shall not include the release or discharge of any rights or duties of the *Parties*

arising out of this *Settlement Agreement*, including the express warranties and covenants contained herein.

13. The *Court* retains exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the *Settlement Agreement* or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the *Class Notice*, this *Final Approval Order and Judgment*, or the *Settlement Agreement* or the termination of the *Settlement Agreement*. The *Court* also retains exclusive jurisdiction and will rule by separate Order with respect to all applications for awards of attorneys' fees, reimbursement of litigation expenses and payment of *Case Contribution Awards* to *Named Plaintiffs*, submitted pursuant to the *Settlement Agreement*.

14. The *Court* recognizes that *Defendants* have denied and continue to deny any and all liability with respect to the *Claims* of *Named Plaintiffs* and the *Settlement Class*. Neither the *Settlement Agreement*, this *Final Approval Order and Judgment*, any act performed or document executed in furtherance of the *Settlement*, nor the fact of the *Settlement* shall be used or construed as an admission, concession, or declaration of the *Defendants*, or any other person, of fiduciary status, fault, omission, mistake, or liability, nor shall be offered as evidence of any liability in this *Action* or any other proceeding.

SO ORDERED this 9th day of January, 2014.

*[signature]*
HON. CYNTHIA M. RUFE
UNITED STATES DISTRICT JUDGE